UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In Re: | Case No. 3:15-md-2626-J-20JRK |
|---|---|
| DISPOSABLE CONTACT LENS ANTITRUST | Judge Harvey E. Schlesinger |
| THIS DOCUMENT RELATES TO: All Actions | |

## CASE MANAGEMENT ORDER NO. 1

The actions listed on the attached Schedule A were either filed in or transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to (i) the JPML Transfer Order entered on June 10, 2015 (ECF No. 1), MDL No. 2626; and (ii) the Conditional Transfer Order from the JPML entered on June 23, 2015 (ECF No. 9) (together, "JPML Orders"). The Court held an Initial Status Conference on July 14, 2015. In order to promote judicial economy and avoid duplication, this Court sets the following procedures for the consolidation and/or coordination of the Actions (as defined below).

**NOW, THEREFORE, THE COURT ORDERS as follows:**

1. This Order shall govern the practice and procedure with respect to those actions (a) transferred to this Court by the JPML Orders; (b) all actions that arise out of or relate to the litigation's subject matter that were previously filed in or transferred to this Court; and (c) any "tag along" actions later filed in, removed to, or transferred to this Court (collectively, "Actions").

2. The 54 class actions listed in the attached Schedule A are consolidated for pretrial purposes and shall herein be referred to as the "Class Actions." Any "tag along" class actions

1

later removed to or transferred to this Court or directly filed in the Middle District of Florida will automatically be consolidated with the Class Actions without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the Class Actions should be consolidated for trial or that a class should be certified.

3. The Class Actions and the civil action captioned *Costco Wholesale Corp. v. Johnson & Johnson Vision Care, Inc.* ("*Costco* Action"), which the JPML also transferred to this Court, shall be coordinated, but not consolidated for pretrial purposes. Any other, subsequently filed actions that are not class actions shall be coordinated, but not consolidated, for pretrial purposes.

4. A Master Docket ("Master Docket"), 3:15-md-2626-J-20JRK, is hereby established for this proceeding. Documents that apply to all Actions shall be filed in the Master Docket with the words "This Document Relates to All Actions" in the caption. Documents that apply to fewer than all Actions shall be filed in the Master Docket with the words "This Document Relates to [insert individual actions]."

5. An original of this Order shall be filed by the Clerk in the Master Docket.

6. Every pleading filed in connection with an In re Disposable Contact Lens Antitrust Litigation action shall bear the following caption:

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| In Re:<br><br>DISPOSABLE CONTACT LENS ANTITRUST LITIGATION | Case No. 3:15-md-2626-J-20JRK<br><br>Judge Harvey E. Schlesinger |
|---|---|
| THIS DOCUMENT RELATES TO: | |

The filing party will indicate whether the filed pleading relates to all actions or to a particular action or actions, and will so indicate on the caption.

7. The requirements of Local Rules 2.01(a) and 2.02(a) are waived as to any attorney appearing in these Actions who is admitted to practice before any United States Court, and who pays the application fee.

8. When a case that arises out of or relates to the same subject matter of the Actions is filed in this Court or transferred to this Court from another court, the Clerk of this Court shall (a) mail, fax or send via electronic mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and (b) make the appropriate entry in the Master Docket.

9. Filing of documents via the Court's ECF system shall be deemed to satisfy the service requirement as to all parties whose counsel receive ECF notices electronically. All attorneys of record must register for ECF and must file an appearance through the ECF system. No service is required on any party not registered for ECF.

10. Except as otherwise ordered by the Court, the Actions shall proceed as Track Three Cases in accordance with Local Rule 3.05(c)(3). The case management techniques recommended in the current edition of the Manual for Complex Litigation shall be considered by the parties to the extent relevant to the Actions.

11. Plaintiffs' applications for the appointment in the Class Actions of Interim Lead Counsel for the Class and/or any applicable Subclass(es) as appropriate, Trial Counsel, and Liaison Counsel, shall be filed **by noon (EST) July 30, 2015**. Each memorandum in support of any application shall not exceed twenty (20) pages, and contain a resume for the applicant(s).

12. The deadline for filing a motion for class certification in the Class Actions under

Local Rule 4.04 shall be extended pending a scheduling order to be entered by the Court.

13. The parties to the *Costco* action (Costco and Johnson & Johnson Vision Care, Inc.) request oral argument on the motion to dismiss in the *Costco* action. The Court grants oral argument on the motion to dismiss in the *Costco* Action, and it will be held on **Wednesday, September 9, 2015 at 9:30 am.**

14. Until the parties reach an agreement on a preservation plan, as described in paragraph 17 below, all parties and their counsel are reminded of their duty to preserve evidence that may be relevant to the Actions. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all evidence. If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of potentially discoverable materials, that party must halt such practices or take appropriate steps to preserve its information.

15. Within 45 days[1] of the Court's entry of an Order in the Class Actions appointing Interim Lead Counsel for the Class and for any applicable Subclass(es) as appropriate, Liaison Counsel, and Trial Counsel, Plaintiffs in the Class Actions shall file a Consolidated Class Action Complaint—the Court does not anticipate this being filed before October 1, 2015.

16. Within thirty (30) days of the filing of the Consolidated Class Action Complaint in the Class Action, Defendants shall answer, file motions, or otherwise file responsive pleadings. In the event Defendants ABB Optical Group, Alcon Laboratories, Inc., Bausch & Lomb Incorporated, CooperVision, Inc., and/or Johnson & Johnson Vision Care, Inc. (including parent corporations or subsidiaries) file motions to dismiss, such memoranda in support of those Defendants' motion(s) will be limited to an aggregate of fifty (50) pages in length. Plaintiffs shall

---

[1] With age comes a certain amount of wisdom and common-sense; using these "tools" as well as this Court's discretion, this is a reasonable and equitable period between Plaintiffs' proposed 60 days and Defendants' proposed 30 days.

4

respond to such motion(s) within thirty (30) days of service of such motion(s), and the responses to those Defendants' motions will be limited to an aggregate of fifty (50) pages in length. Defendants' ABB Optical Group, Alcon Laboratories, Inc., Bausch & Lomb Incorporated, CooperVision, Inc., and/or Johnson & Johnson Vision Care, Inc. (including parent corporations or subsidiaries) may file replies to such responses within fifteen (15) days of service of such responses, and their replies will be limited to an aggregate of twenty (20) pages in length. In the event that any other defendant is included in the Consolidated Class Action Complaint and files a motion to dismiss, each such defendant's memorandum in support of the motion will be limited to twenty-five (25) pages in length and will be filed within thirty (30) days of the filing of the Consolidated Class Action Complaint. Plaintiffs shall respond to such motion(s) within thirty (30) days of service of such motion(s), and such response(s), if any, will be limited to twenty-five (25) pages in length. The other defendants may each file a reply to such response(s) within fifteen (15) days of service of such response(s), and the replies will each be limited to fifteen (15) pages in length.

17. Within 30 days of the filing of the Consolidated Class Action Complaint, Interim Lead Counsel, Liaison Counsel and Trial Counsel for the Plaintiffs in the Class Actions shall meet and confer with Defendants in the Class Actions for the purpose of preparing and filing: (i) a Document Preservation Order; (ii) an ESI Protocol; (iii) a Confidentiality Order; (iv) Initial Disclosures; and (v) a Case Management Report in accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c)(2)(B) and (C). Pursuant to Local Rule 3.05(c)(2)(B), the parties shall file, within fourteen (14) days of their meeting, their joint or respective: (i) Document Preservation Order; (ii) ESI Protocol; (iii) Confidentiality Order; (iv) Initial Disclosures; and (v) Case Management Schedule and Report. At the same time, counsel in the

separate *Costco* Action, shall meet and confer regarding the above listed items and also file a separate Case Management Schedule and Report adhering to the same deadlines set forth above in this paragraph. The Case Management Schedule and Report in the *Costco* action should be aligned and coordinated with the Case Management Schedule and Report in the Class Actions.

18. All parties shall exchange Rule 26(a) initial disclosures within 60 days after Plaintiffs in the Class Actions file their Consolidated Class Action Complaint.

19. Within ninety (90) days of the filing of the Consolidated Class Action Complaint in the Class Actions, the Court will conduct a preliminary pretrial conference in accordance with Federal Rule of Civil Procedure 16 and Local Rule 3.05(c)(3)(B).

**DONE AND ENTERED** at Jacksonville, Florida, this 15 day of July, 2015.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record