UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE:  DISPOSABLE CONTACT LENS ANTITRUST LITIGATION | Case No. 3:15-md-02626-HES-JRK |
| | Judge Harvey S. Schlesinger |
| This Document Relates To: ALL ACTIONS | |

**CORRECTED MOTION TO APPOINT HAGENS BERMAN AND COHEN MILSTEIN INTERIM CLASS COUNSEL ON BEHALF OF DIRECT PURCHASER SHERMAN ACT DAMAGES CLAIMS**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  BACKGROUND ....................................................................................................4

  A.  Just Five Actions Assert Damages Claims On Behalf of Direct Purchasers
      Nationwide Against Both The Manufacturers *and* Retailer Defendants Under the
      Sherman Act...................................................................................................4

  B.  The Different Purchaser Actions Require Separate But Coordinated Leadership
      To Address Differences in the Law and Proof........................................................5

II.  RULE 23(G) AUTHORIZES COURTS TO DESIGNATE QUALIFIED INTERIM CO-
     LEAD COUNSEL ..................................................................................................7

  A.  Hagens Berman And Cohen Milstein Have Taken The Lead In Identifying And
      Investigating Direct Purchaser Claims...................................................................8

  B.  Hagens Berman And Cohen Milstein Have Extensive Experience Handling And
      Directing Complex Antitrust Class Actions ............................................................9

      1.  Hagens Berman's extensive experience in complex class litigation,
          including leading *Contacts I.* ....................................................................10

      2.  Cohen Milstein's extensive experience in complex class litigation. .........13

  C.  The Firms Will Commit All Necessary Resources To Zealously Prosecute The
      Claims Of Direct Purchaser Plaintiffs And All Putative Class Members..............15

III. CONCLUSION.....................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Aurora Dairy Corp.*,
2008 U.S. Dist. LEXIS 32189 (E.D. Mo. Apr. 18, 2008)..........................5

*In re Community Bank of N. Va. & Guaranty Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*,
622 F.3d 275 (3d Cir. 2010).......................................................9

*In re Disposable Contact Lens Antitrust Litig.*,
2015 U.S. Dist. LEXIS 76165 (J.P.M.L. June 8, 2015).......................4, 6

*Gelboim v. Bank of Am. Corp.*,
135 S. Ct. 897 (2015)...............................................................6

*Illinois Brick Co. v. State of Illinois*,
431 U.S. 720 (1977)................................................................5

*Lowell v. American Cyanamid Co.*,
177 F.3d 1228 (11th Cir. 1999) .................................................6

*Martin v. Blessing*,
134 S. Ct. 402 (2013).............................................................8

*In re Shop-Vac Mktg. & Sales Practices Litig.*,
2013 U.S. Dist. LEXIS 7023 (M.D. Pa. Jan. 17, 2013) .......................8

*Smith v. Wm. Wrigley Jr. Co.*,
2010 U.S. Dist. LEXIS 67832 (S.D. Fla. June 15, 2010) ....................10

*In re Stericycle, Inc.*,
2013 U.S. Dist. LEXIS 147718 (N.D. Ill. Oct. 11, 2013)..................11, 12

*In re Terazosin Hydrochloride Antitrust Litig.*,
220 F.R.D. 672 (S.D. Fla. 2004)...............................................10

*Walker v. Discover Fin. Servs.*,
2011 U.S. Dist. LEXIS 58803 (N.D. Ill. May 26, 2011) .......................7

## I.    INTRODUCTION

Plaintiffs Serge Pentsak, Monika Pasek, and Amanda Heidel ("Direct Purchasers" or "DPPs") have brought federal antitrust claims for damages for violations of the Sherman Act and have sued the Retailer Defendants in addition to the Manufacturer Defendants.[1]  In contrast, the lawyers for approximately 49 other actions elected not to file federal antitrust damages claims, instead asserting only state law antitrust claims for damages ("Indirect Purchasers" or "IPPs"), and/or elected not to sue the Retailer Defendants.  Because the DPPs' claims, theories, and parties are unique to these Plaintiffs, and differ materially from the approximately 49 other actions, the DPPs' class claims warrant separate representation from the IPPs' state law claims, particularly where the lawyers for the IPPs uniformly chose not to sue the Retailer Defendants.

Because our firms representing the DPPs – Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") – are eminently qualified and we investigated, filed first, and demonstrated commitment to pursue these federal damages claims from the commencement of this litigation, fairness and assurance of zealous advocacy on behalf of the DPPs militates in favor of our appointment to pursue the DPPs' federal antitrust damages theories.

The Direct Purchaser Plaintiffs thus request under Fed. R. Civ. P. 23(g) that the Court appoint Steve W. Berman of Hagens Berman, who was Lead Counsel in *Contacts I*,[2] and Daniel

---

[1] The Retailer Defendants include Wal-Mart, Costco, 1-800-Contacts, and Lensdiscounters.com.

[2] *See* Declaration of Steve W. Berman in Support of Motion to Appoint Hagens Berman and Cohen Milstein Interim Class Counsel on Behalf of Direct Purchaser Sherman Act Claims ("Berman Decl."), Ex. A (Pretrial Order No. 1, *In re Disposable Contact Lens Antitrust Litig.*, MDL 1030 (M.D. Fla. Jan. 23, 1995), ¶ IV.A (appointing Steve W. Berman of Hagens Berman to the Executive Committee), ¶ IV.B (appointing Hagens Berman as Lead Counsel)).

Small of Cohen Milstein as Lead Counsel for the Direct Purchaser Plaintiffs (for their Sherman Act claims against the Manufacturer and Retailer Defendants).

First, independent representation for the Direct Purchaser Plaintiffs is necessary because the Direct Purchaser Plaintiffs have demonstrated through their investigation and allegations that they are committed to their Section 1 antitrust claims under the Sherman Act against not just the Manufacturer Defendants but also the Retailer Defendants. On the other hand, consistent with their failure to name the Retailer Defendants in their approximately 49 complaints, proposed lead counsel for the IPPs have stated in discussions with various plaintiffs' lawyers that they affirmatively decided not to sue the Retailer Defendants (and do not support our strategy to do so).  Accordingly, without Lead Counsel for the DPPs' claims appointed separately from the IPPs' structure, the Direct Purchaser Plaintiffs' claims against the Retailer Defendants very likely will not be zealously pursued, if pursued at all – and certainly not as zealously as those who have demonstrably committed themselves to this theory.

Second, the DPPs are seeking *damages* under the Sherman Act on behalf of a nationwide class of purchasers against the Manufacturer and Retailer Defendants. Many of the IPPs, on the other hand, seek only *injunctive relief* under the Sherman Act, and instead are pursuing damages claims under 31 different state antitrust and consumer protection laws known as *Illinois Brick*-repealer statutes. Thus, the DPPs' claims and proposed class are significantly different, deserving separate counsel.

Recognized as two of the leading antitrust class action firms in the country, Hagens Berman and Cohen Milstein have proven their ability to efficiently and successfully take on giants in any industry.  In fact, Hagens Berman and Cohen Milstein recently secured a $450 million settlement that had been agreed to within weeks of trial in the *E-books Antitrust*

*Litigation*, brought against Apple and major book publishers for conspiring to overcharge consumers for e-books. The settlement will provide ***more than twice the amount of losses suffered by the class of e-book purchasers***. The *E-Books Antitrust Litigation* involved many factual and legal parallels to issues that likely will arise in this litigation – an industry-wide effort to restrain retail discount pricing through agreements at the manufacturer and retail level. Both firms worked seamlessly together and cooperatively in litigating alongside the United States Department of Justice and more than 30 State Attorneys' General, all to achieve outstanding results for consumers nationwide.

Combined with Hagens Berman's experience in *Contacts I* and both firms' pursuit of separate claims on behalf of Direct Purchaser Plaintiffs repudiated by approximately 49 other actions, Hagens Berman and Cohen Milstein are uniquely positioned to lead the Direct Purchaser Plaintiffs at this stage.[3] Accordingly, as further set forth below, the Direct Purchaser Plaintiffs respectfully request appointment of Hagens Berman and Cohen Milstein for the putative Direct Purchaser class.

---

[3] We are only seeking appointment as *interim* class counsel for the DPPs pursuant to Rule 23 at this stage. The Court will be asked at class certification to appoint (non-interim) class counsel, at which juncture the Court can then decide finally, with a fuller record for evaluating the merits of a federal damages claim, which classes should be certified and separately represented. Any doubts about the nature of the claims to be pursued – and parties named – should be resolved in favor of preserving the federal damages claim, including against the Retailer Defendants, so that it can be evaluated on a fulsome record at class certification. Accordingly, in order to ensure that the record is fully developed on behalf of the DPPs and class certification of the direct antitrust claims is pursued by counsel who believe in and are already pursuing the claims, independent representation of the DPPs' claims is warranted.

## II.      BACKGROUND

**A.      Just Five Actions Assert Damages Claims On Behalf of Direct Purchasers Nationwide Against Both The Manufacturers *and* Retailer Defendants Under the Sherman Act**

After the March 2, 2015 filing of *Costco Wholesale Corporation v. Johnson & Johnson Vision Care, Inc.*, approximately 54 class actions were filed arising out of "anticompetitive conduct aimed at fixing, raising, maintaining and/or stabilizing the prices at which disposable contact lenses are sold in the United States."[4]  However, in just five of those actions, the Direct Purchaser Plaintiffs named the Retailer Defendants as parties, because they also entered the unlawful agreements and then sold the contact lenses to consumers.[5]  The Direct Purchaser Plaintiffs assert claims against the Manufacturer and Retailer Defendants under Section 1 of the Sherman Act, seeking injunctive relief and treble damages.  In contrast, the IPPs have not sued the Retailer Defendants, and/or do not seek damages under federal law, instead seeking damages under a hodge-podge of different states' antitrust or consumer laws.[6]

---

[4] *In re Disposable Contact Lens Antitrust Litig.*, 2015 U.S. Dist. LEXIS 76165, at *1 (J.P.M.L. June 8, 2015).

[5] *Pentsak* Complaint, 3:15-cv-00803 (filed March 9, 2015); *Denton* Complaint, 3:15-cv-00762 (filed March 18, 2015), *Larsen-Ball* Complaint, 3:15-cv-00761 (filed March 30, 2015); *Neforos* Complaint, 3:15-cv-00437 (filed April 7, 2015); *Heidel* Complaint, 3:15-cv-00831 (filed July 6, 2015).  The *Neforos* Plaintiff has indicated that "she does not elect for her claims in this matter to be joined with the Consolidated Class Action Complaint which is to be filed in this action pursuant to the Court's Case Management Order No. 1 dated July 15, 2015."  *See* Notice of Non-Joinder with Consolidated Class Action Complaint (Dkt. # 70).

[6] *See, e.g., Cesare v. Coopervision, Inc., et al.*, 3:15-cv-00700 (M.D. Fla.), Complaint, ¶ 111 (seeking certification of damages class:  "The Indirect Purchaser States include Arkansas, Arizona, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia and Wisconsin.").

Accordingly, there will be significant differences in the approach used by the IPPs and Direct Purchaser Plaintiffs at class certification and ultimately trial, requiring separate leadership.

**B.      The Different Purchaser Actions Require Separate But Coordinated Leadership To Address Differences in the Law and Proof**

The different claims asserted in this MDL mandate appointment of separate leadership, who will work together where appropriate, but whose separateness will preserve and protect the Direct Purchaser Plaintiffs' claims.[7]

For example, because they did not sue the Retailer Defendants (and have expressed they do not intend to do so), counsel for the IPPs propose to litigate, in part, under the laws of states known as *Illinois Brick* repealer statutes, i.e., states that have rejected the Supreme Court's decision to preclude indirect purchasers from recovering damages under federal antitrust law.[8] This leads to the application of multiple state laws, which will require different (and potentially more complicated and time consuming) analysis and treatment at trial than claims brought solely under a single federal law.  *See* July 14, 2015 Hearing Transcript at 13:18-22 ("If anybody ever gets to try this case, I can tell you there is no way in the world a jury can ever get one instruction that's going to be that thick and have -- I think there's something like 36 or 37 state claims. There's no way that it's humanly possible to understand all of that.").[9]

---

[7] *See In re Aurora Dairy Corp*., 2008 U.S. Dist. LEXIS 32189, at *19 (E.D. Mo. Apr. 18, 2008) (appointing one interim lead counsel for claims against manufacturer and one interim lead counsel for claims against retailers, noting "[t]he Court's primary responsibility is to protect the interests of the Plaintiffs").

[8] *See generally Illinois Brick Co. v. State of Illinois*, 431 U.S. 720 (1977).  *See, e.g., Cesare v. Coopervision, Inc., et al.*, 3:15-cv-00700 (M.D. Fla.), Complaint, ¶ 111 (seeking certification of damages class of 30 states and the District of Columbia as "Indirect Purchaser States").

[9] Berman Decl., Ex. B, at 13:18-22.

Conversely, the plaintiffs in the Direct Purchase Actions contend that they are not indirect purchasers at all – because the Retailer Defendants agreed with the Manufacturer Defendants to restrain retail price competition.  In fact, while Costco filed suit against J&J for its imposition of an RPM Policy, Costco has admitted that it ***agreed*** to follow the policy and that its agreement to the RPM Policy "has resulted in substantially higher prices on J&J lenses that Costco sells."[10]  Thus, having sued the Retailer Defendants as co-conspirators, *Illinois Brick* does not bar the Direct Purchaser Plaintiffs' claims.[11]  Moreover, even if the IPPs have an eleventh hour change of heart, their prior disavowal of claims against the Retailer Defendants would undermine that claim throughout this case including before a jury.

Finally, the Judicial Panel on Multidistrict Litigation transferred the Direct Purchaser Actions to the Court "for coordinated or consolidated pretrial proceedings."[12]  "Cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities" and Congress has "specified that 'at or before the conclusion of . . . pretrial proceedings,' each of the transferred actions must be remanded to the originating district 'unless [the action] shall have been previously terminated.'"[13]  However, if only lead counsel for the IPP claims is appointed, the Direct Purchaser Plaintiffs' federal antitrust claims for damages and/or their claims against the Retailer Defendants will be ignored (or potentially not pursued actively) during pretrial

---

[10] Complaint, ¶ 9, *Costco Wholesale Corp. v. Johnson & Johnson Vision Care, Inc.*, No. 3:15-cv-00734 (M.D. Fla.), Mar. 2, 2015, ECF No. 1.

[11] *Lowell v. American Cyanamid Co.*, 177 F.3d 1228, 1230-31 (11th Cir. 1999) ("*Illinois Brick* does not limit suits by consumers against a manufacturer who illegally contracted with its dealers to set the latter's resale price.  The consumer plaintiff is a direct purchaser from the dealer who, by hypothesis, has conspired illegally with the manufacturer with respect to the very price paid by the consumer.").

[12] *In re Disposable Contact Lens Antitrust Litig.*, 2015 U.S. Dist. LEXIS 76165, at *5.

[13] *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 (2015) (quoting 28 U.S.C. §1407(a)) (alterations in original).

proceedings and will not be ready for remand and/or trial back to the transferor district at the close of discovery.  MDL procedure does not require that the Direct Purchaser Plaintiffs, through the strategic pre-trial choices of other parties, lose their ability to try valid federal damages claims and/or valid claims against the Retailer Defendants upon remand.

## II.      RULE 23(g) AUTHORIZES COURTS TO DESIGNATE QUALIFIED INTERIM CO-LEAD COUNSEL

"In light of the number of pending actions and the existence of two general categories of claims presented, 'achieving efficiency and economy without jeopardizing fairness to the parties' is best achieved by" appointing (1) lead counsel for the IPPs and (2) lead counsel for the Direct Purchaser Plaintiffs.[14]  Such a structure will "most adequately represent the interests of the class in prosecuting all theories and claims against" all Defendants.[15]

Rule 23(g) provides the Court with the power to designate interim counsel to act on behalf of a putative class of direct purchasers.  Rule 23(g) requires that courts consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel

---

[14] *See, e.g.*, *Walker v. Discover Fin. Servs.*, 2011 U.S. Dist. LEXIS 58803, at *17 (N.D. Ill. May 26, 2011) (quoting Manual for Complex Litigation (Fourth), § 10.224) (internal citation omitted) (appointing two firm interim co-lead counsel in order to "most adequately represent the interests of the class in prosecuting all theories and claims against Discover" where one firm appointed pursued claims under different theories than the other firm appointed).  Even if the Court were not to separate leadership by type of claim, appointment of Hagens Berman and Cohen Milstein to any structure would nevertheless be appropriate given that each firm independently satisfies all of the Rule 23(g) criteria and could operate to protect such claims in any leadership structure.

[15] *Id.* at *15.

will commit to representing the class."[16]  In addition, this Court "may consider any other matter

pertinent to counsel's ability to fairly and adequately represent the interests of the class."[17]

However, the appointment of class counsel is not a popularity contest.  Rather, the

appointment of counsel has been described as "a sensitive matter" with "Rule 23(g)…carefully

regulat[ing] the appointment of class counsel."[18]  While some "[c]ourts have recognized the

importance of 'private ordering' in choosing between competing motions for appointment as

interim class counsel," "other courts have noted that appointment of counsel 'is not supposed to

be a popularity contest, and the number of attorneys supporting a given candidacy is not included

among the factors set forth in Rule 23(g).'" [19]

Because Hagens Berman and Cohen Milstein satisfy all Rule 23(g) factors, Plaintiffs

respectfully request their appointment as Interim Co-Lead Counsel for the Direct Purchasers.

A.     **Hagens Berman And Cohen Milstein Have Taken The Lead In Identifying And Investigating Direct Purchaser Claims**

First, Hagens Berman and Cohen Milstein satisfy Rule 23(g)(1)(A)(i), which looks to the

work done by counsel in identifying or investigating potential claims in the action.[20]  Hagens

Berman and Cohen Milstein have taken the lead in researching, drafting and filing direct

purchaser antitrust claims.  Indeed, on March 9, 2015, Hagens Berman filed the first case

---

[16] Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

[17] Fed. R. Civ. P. 23(g)(1)(B).

[18] *Martin v. Blessing*, 134 S. Ct. 402, 403 (2013).

[19] *In re Shop-Vac Mktg. & Sales Practices Litig.*, 2013 U.S. Dist. LEXIS 7023, at *10-11 (M.D. Pa. Jan. 17, 2013) (citing *In re Genetically Modified Rice Litig.*, No. 4:06-md-1811 (E.D. Mo. Apr. 18, 2007); quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006)).  Nevertheless, the proposal here respects the role played by private ordering among the counsel for indirect purchasers, yet protects the claims of direct purchaser plaintiffs.

[20] Fed. R. Civ. P. 23(g)(1)(A)(i).

focused solely on direct purchaser claims and was the first to name the Retailer Defendants.[21]

These valuable claims require separate representation and should not be scuttled to advance

solely indirect purchaser theories.[22]  As a result, courts regularly appoint separate counsel for

indirect purchasers and direct purchasers as confirmed in recent MDLs.[23]  Notwithstanding the

fact that there is some overlap between classes of purchasers, counsel for the IPPs have

repudiated any desire to sue the Retailer Defendants and many are not pursuing federal damages

claims.  Thus, where Hagens Berman and Cohen Milstein have taken the lead on those direct

purchaser claims, this first factor strongly favors their appointment.

**B.     Hagens Berman And Cohen Milstein Have Extensive Experience Handling And Directing Complex Antitrust Class Actions**

Hagens Berman and Cohen Milstein also meet the Rule 23(g)(1)(A)(ii) and (iii)

requirements, which evaluate counsel's experience, as well as the knowledge of the applicable

law raised in an action.[24]  Here, "proposed class counsel must demonstrate that he possesses both

---

[21] *See generally Pentsak* Complaint.

[22] *See In re Community Bank of N. Va. & Guaranty Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 622 F.3d 275, 305 (3d Cir. 2010) ("As Rule 23 makes clear, however, 'the work counsel has done in identifying or investigating potential claims in the action' is an important factor when evaluating class counsel's adequacy.  Though we certainly agree that class counsel is not inadequate simply because they have not asserted every claim that could theoretically be pled against a defendant, neither is the decision regarding the claims to assert in the action totally shielded from judicial scrutiny. In particular, where class counsel's proffered reasons for the 'strategic' decision not to bring certain claims--i.e., obstacles faced by the claims, either as to certification or proof--also apply to the claims that have been asserted, a district court may have reason to question whether class counsel has 'vigorously prosecuted the action' on behalf of the class.") (internal citations omitted).

[23] *See, e.g., In re Automotive Wire Harness Systems Antitrust Litig.*, MDL 2311 (E.D. Mich.) (Berman Decl., Exs. C, D, E); *In re Aluminum Warehousing Antitrust Litig.*, MDL 2481 (S.D.N.Y.) (Berman Decl., Ex. F); *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, MDL 2508 (E.D. Tenn.) (Berman Decl., Ex. G).

[24] Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii).

the experience and qualifications necessary to conduct this litigation"[25] and at least one court in this state has found proposed counsel's "experience in, and knowledge of, the applicable law in this field" to be the most persuasive factor.[26]  As evidenced below and in their firm resumes, Hagens Berman and Cohen Milstein are two of the nation's top class action firms, with particular experience and prominent recoveries in antitrust litigation.[27]

> **1.** **Hagens Berman's extensive experience in complex class litigation, including leading *Contacts I*.**

Repeatedly named to the National Law Journal's "Plaintiffs' Hot List," Hagens Berman has spent decades investigating, prosecuting and winning class actions.  Founded in 1993, Hagens Berman has earned an international reputation for excellence, and been named by the National Law Journal one of the top ten plaintiffs' firms in the country.[28]

Hagens Berman's practice of viewing the class's interests as paramount recently resulted in *sua sponte* leadership appointments by multiple courts presiding over large cases.  Most recently, the Hon. Jesse Furman, presiding over the *In re General Motors LLC Ignition Switch Litig.*[29] *sua sponte* appointed managing partner Steve W. Berman as temporary lead counsel in 2014.  Judge Furman then reappointed Mr. Berman to serve as co-lead counsel for economic loss cases two months later, after receiving written applications from dozens of lawyers and hearing individual presentations by 40 lawyers.  Similarly, in *In re Toyota Motor Corp. Unintended*

---

[25] *Smith v. Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832, at *13 (S.D. Fla. June 15, 2010).

[26] *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004).

[27] *See* Hagens Berman Sobol Shapiro LLP's Firm Resume (Berman Decl., Ex. H).

[28] *Id.*

[29] No. 1:14-MD-2543 (S.D.N.Y.).

*Acceleration Mktg. Sales Practices & Prods. Liab. Litig.*,[30] the Hon. James V. Selna *sua sponte* identified and appointed Mr. Berman as a presumptive co-lead counsel upon transfer of the MDL.  This track record of winning lead counsel contests shows courts recognize Hagens Berman's excellence.

Illustrative of Mr. Berman's and the firm's excellence is Judge Selna's decision to grant final approval of the landmark $1.6 billion settlement in *Toyota Unintended Acceleration Litig.*:

> Well, let me make a few concluding remarks.  I reaffirm my conclusion that this settlement is fair, adequate, and reasonable.  Moreover, it's extraordinary.  It's extraordinary in terms of the value that is being conferred on class members.  ***It's extraordinary that every single dollar allocated for distribution is going to a class member***.
>
> ***So many class settlements I see come up with a number that looks inviting in terms of potential liability only to find that a relatively small portion of that number actually goes to class members.  This settlement is extraordinary in that every single dollar of the cash funds will go to class members.  It is extraordinary in that the claimants will receive 100 percent of the value of their claims***, not as measured by the Court, not as measured on a litigated basis, but as measured by plaintiffs' own experts ….
>
> It's also been extraordinary in the way this case has been presented to me.  I have been in many large cases on both sides of the bench.  I know extraordinary counsel when I see extraordinary counsel, and the efforts here on both sides have been truly extraordinary in terms of professional competence, perseverance, and diligence.[31]

---

[30] No. 8:10-ml-2151 (C.D. Cal.).

[31] Berman Decl., Ex. I at pp. 38-39 (emphasis added).  As Judge Milton Shadur noted when comparing applications from multiple well-qualified leadership applicants in the *In re Stericycle, Inc., Sterisafe Contract Litig.*:  "But it must be said that the track record of Hagens Berman and its lead partner Steve Berman is even more impressive, having racked up such accomplishments as a $1.6 billion settlement in the *Toyota Unintended Acceleration Litigation* and a substantial number of really outstanding big-ticket results."  *In re Stericycle, Inc.*, 2013 U.S. Dist. LEXIS 147718, at *6-7 (N.D. Ill. Oct. 11, 2013).  Judge Shadur added:  "It may be worth mentioning that to this Court's recollection it has had no first-hand judicial experience with either of the two finalist firms – and it has been on the bench far too long to have had litigation contact with either or their respective lead partners while it was in the active practice of law.  But that is not true of

Specific to the firm's antitrust experience, Hagens Berman is the only firm seeking appointment which served as Co-Lead Counsel in *Contacts I*,[32] which settled in 2001 for in excess of $33 million.[33] Other notable antitrust cases with significant recoveries led by Hagens Berman include:

> **In re Visa Check/MasterCard Antitrust Litigation**
> Case No. 96-cv-5238 (E.D.N.Y.)
>
> Description:  Hagens Berman served as co-lead counsel, the case settled for over $3 billion in cash and over $20 billion in injunctive relief, making it the largest antitrust settlement in history at the time.
>
> **In re Electronic Books Antitrust Litigation**
> Case No. 11-md-2293 (S.D.N.Y.)
>
> Description:  Over the course of three years, plaintiffs obtained a series of settlements from Apple Inc. and defendant publishing houses whose total recovery will reach over $560 million – twice the amount of damages suffered by the class. Shortly before the most recent settlement with Apple, plaintiffs successfully obtained class certification and the exclusion of most of Apple's expert testimony. The two firms have also coordinated extensively and productively with both the Department of Justice and a group of State Attorneys General in their coordinated litigation.
>
> **In re Dynamic Random Access Memory (DRAM)**
> **Antitrust Litigation**
> Case No. 02-cv-1486 (N.D. Cal.)
>
> Description:  Working as co-lead counsel for direct purchasers, the litigation resulted in over $325 million in settlement funds.
>
> **In re TFT-LCD Antitrust Litigation**
> Case No. M 07-1827 (N.D. Cal.)
>
> Description:  Serving as one of eight "Tier 1" firms representing direct purchasers, the *TFT-LCD* litigation settled for over $500 million.

---

its colleagues in this District of more recent vintage, an email inquiry to whom brought in return some high praise of attorney Berman's skills." *Id.*

[32] *See* Pretrial Order No. 1 (Berman Decl., Ex. A).

[33] *See* Final Order and Judgment Approving Settlement filed November 1, 2001 (Dkt. # 1320) (Berman Decl., Ex. J).

- 12 -

Recognizing Hagens Berman's accomplishments, the firm was named to the National Law Journal's prestigious "Plaintiffs' Hot List" in 2015 for the eighth year.  The award is given each year to law firms that do "exemplary, cutting-edge work on the plaintiffs' side" and who have demonstrated "an impressive track record of wins."   Thus, appointment of Steve Berman and Hagens Berman as interim counsel for direct purchaser claims is appropriate.

###### 2.     Cohen Milstein's extensive experience in complex class litigation.

For over 40 years, Cohen Milstein Sellers & Toll PLLC, an 80-lawyer firm based in Washington, D.C., has been one of the nation's leading plaintiffs' class action firms. The firm has litigated some of the nation's most complex class cases and has recovered billions of dollars in damages for injured plaintiffs.[34] In four of the last five years, the *National Law Journal* named Cohen Milstein one of the nation's top plaintiffs' firms.  Similarly, *Legal 500* has ranked the firm as a "Leading Plaintiff Class Action Antitrust Firm" and *The Trial Lawyer* described Cohen Milstein as one of "America's 25 Most Influential Law Firms."  In both 2013 and 2014, Cohen Milstein was selected by Law360 as one of the "Most Feared Plaintiffs Firms" based on its successes in complex class action litigation.  Law360 also named Cohen Milstein a "Competition Group of the Year" for 2014 – the first time it has included a plaintiff-side firm in its list.

Cohen Milstein partner Daniel A. Small and the 24 attorneys in the firm's Antitrust Practice Group have served as lead counsel in many important antitrust class actions, including:

> ***In re Urethane Antitrust Litigation***
> Case No. 2:04-md-01616 (D. Kan.)
>
> Description: Cohen Milstein is co-lead counsel on behalf of a class of direct purchasers challenging price-fixing by leading manufacturers of polyurethanes. The class secured settlements in the amount of $139 million from four defendants,

---

[34] *See generally* Cohen Milstein Sellers & Toll PLLC Firm Resume (Berman Decl., Ex. K).

and took the remaining defendant, Dow Chemical Company, to trial.  The jury found in favor of the plaintiffs, awarding them over $400 million in single damages, automatically trebled to over $1 billion. According to the *National Law Journal*, this was the largest verdict in the country in 2013. The verdict was recently upheld in full by the United States Court of Appeals for the Tenth Circuit. Brent Johnson, the other Cohen Milstein partner who will work on this case, participated in the litigation.

### *In re Electronic Books Antitrust Litigation*
Case No. 11-md-2293 (S.D.N.Y.)

<u>Description</u>: As noted above, Cohen Milstein serves as co-lead counsel for class plaintiffs along with Hagens Berman.

### *The Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*
Case No. 10-cv-14360 (E.D. Mich.)

<u>Description</u>: Mr. Small and Mr. Johnson serve as co-lead counsel with three other firms in this antitrust class action against Blue Cross Blue Shield of Michigan for agreeing to most-favored-nations provisions in its contracts with hospitals throughout Michigan. Mr. Small was one of two primary negotiators of a $30 million settlement.

Mr. Small, co-chair of the firm's Antitrust Practice Group for over six years, has served as lead counsel in many antitrust cases over the last 25 years, recovering hundreds of millions of dollars for class members. He has tried cases to verdict before juries and has argued cases in several appellate courts, including the United States Supreme Court.  Mr. Small has been named a Washington, D.C. "Super Lawyer" for antitrust litigation and a national antitrust "Litigation Star" by Benchmark Plaintiff, and is listed in *Who's Who of Competition Lawyers & Economists* as one of the world's leading competition lawyers.  These facts further confirm that appointment of Daniel Small and Cohen Milstein as interim counsel for direct purchaser claims is appropriate.

**C.    The Firms Will Commit All Necessary Resources To Zealously Prosecute The Claims Of Direct Purchaser Plaintiffs And All Putative Class Members**

The final specific Rule 23(g) factor involves the resources that counsel will commit to representing the class.[35]   Hagens Berman and Cohen Milstein have the resources necessary to prosecute this case and will use them in the best interests of the class.[36]

Both Hagens Berman and Cohen Milstein have a nationwide reach with offices across the country.  Hagens Berman has 63 attorneys in 8 offices, and Cohen Milstein has 84 attorneys in 6 offices.[37]   Moreover, Hagens Berman is headquartered in Seattle (near the location of Defendant Costco's headquarters) with offices on the West Coast, Midwest, and East Coast, and Cohen Milstein maintains an office in Palm Beach Gardens, Florida in addition to its offices in Washington, DC, New York City and elsewhere.  Based on the firms' experience litigating class actions generally, and antitrust class actions specifically, Hagens Berman and Cohen Milstein fully understand the substantial investment of time and resources necessary to properly pursue and lead the case and are committed to devoting all necessary resources.  Hagens Berman and Cohen Milstein will devote the resources necessary to aggressively prepare this case for trial.  To do so, the firms will rely on several of its most experienced antitrust litigators and trial lawyers. The firms' deep antitrust experience demonstrates their unyielding commitment to representing class members on antitrust claims.

---

[35] Fed. R. Civ. P. 23(g)(1)(A)(iv).

[36] In fact, in *Contacts I*, Hagens Berman advanced $386,452.11 in expenses.  *See* Final Order and Judgment Approving Settlement filed November 1, 2001, at 17 (Dkt. # 1320) (Berman Decl., Ex. J).

[37] *See generally* Hagens Berman Sobol Shapiro LLP's Firm Resume (Berman Decl., Ex. H).

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Steve W.

Berman of Hagens Berman and Daniel A. Small of Cohen Milstein, and their respective firms, as

Plaintiffs' Interim Co-Lead Counsel for Direct Purchaser Actions and grant them all such other

relief as the Court deems necessary and appropriate.

Dated:  July 31, 2015                              Respectfully submitted,


                                        By: */s/ Steve W. Berman*
                                        Steve W. Berman
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        1918 Eighth Avenue, Suite 3300
                                        Seattle, Washington  98101
                                        Telephone:  206-623-7292
                                        Facsimile:  206-623-0594
                                        steve@hbsslaw.com

                                        Jeff Friedman
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        715 Hearst Ave., Suite 202
                                        Berkeley, CA  94710
                                        Telephone: (510) 725-3000
                                        Facsimile: (510) 725-3001
                                        jefff@hbsslaw.com

                                        Elizabeth A. Fegan
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        455 W. Cityfront Plaza Drive, Suite 2410
                                        Chicago, Illinois  60611
                                        Telephone:  708-628-4949
                                        Facsimile:  708-628-4950
                                        beth@hbsslaw.com

                                        Jennifer F. Connolly
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        1701 Pennsylvania Ave. NW, #300
                                        Washington, DC 20006
                                        Telephone: (202) 248-5403
                                        Facsimile: (202) 580-6559
                                        jenniferc@hbsslaw.com

                                        *Counsel for Plaintiffs Serge Pentsak and Monika
                                        Pasek*

By:   /s/ *Manuel J. Dominguez*
Manuel J. Dominguez
Florida Bar No. 0054798
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Boulevard
Suite 200
Palm Beach Gardens, FL 33410
Telephone: 877-515-7955
Facsimile: 561-515-1401
jdominguez@cohenmilstein.com

Daniel A. Small (pro hac vice forthcoming)
Brent W. Johnson (pro hac vice forthcoming)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave, NW
Suite 500
Washington, DC 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
dsmall@cohenmilstein.com
bjohnson@cohenmilstein.com

*Counsel for Plaintiff Amanda Heidel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2015, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will cause a notice of electronic filing to be sent to all CM/ECF participants for this matter.

By: */s/ Steve W. Berman*
Steve W. Berman

- 18 -