UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In Re:<br><br>DISPOSABLE CONTACT LENS ANTITRUST LITIGATION | Case No. 3:15-md-2626-HES<br><br>Judge Harvey E. Schlesinger |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**MAJORITY PLAINTIFFS' RESPONSE TO
CORRECT MATERIAL MISSTATEMENTS CONTAINED IN
MINORITY PLAINTIFFS' "CORRECTED" FILING**

Plaintiffs represented by the Hausfeld/Scott+Scott/Robins Kaplan group ("Majority Plaintiffs")[1] respectfully file this response to the application filed by Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC ("Minority Plaintiffs"), seeking appointment as lead counsel, in order to correct several material misrepresentations in their moving papers. ECF No. 84 (filed July 30, 2015) ("Initial Motion"). Pursuant to Local Civil Rule 3.01(g), on July 31, 2015, Majority Plaintiffs' counsel telephonically conferred with Minority Plaintiffs in a good-faith attempt to reach agreement but were unable to do so. Rather than consenting to Majority Plaintiffs' request, Minority Plaintiffs instead filed a "Corrected" application that *does not* adequately correct their material misrepresentations. ECF No. 87 (filed July 31, 2015) ("Corrected Motion"). While Majority Plaintiffs are sensitive to this Court's prior order, which does not provide for responsive briefing to the applications for lead counsel, the severity of the misrepresentations, coupled with Minority Plaintiffs' refusal to adequately correct the record, warrants the filing of this short, limited response.

Minority Plaintiffs make at least three material misstatements. *First*, Minority Plaintiffs

---
[1] See ECF No. 83 at 1-2 (filed July 30, 2015).

claim that they are the only counsel that have asserted damages claims under the Sherman Act. Corrected Motion at 4-5.[2] *Second*, Minority Plaintiffs argue that suing the "Retailer Defendants" is a prerequisite to stating a claim for damages under the Sherman Act. Corrected Motion at 5-7. *Finally*, Minority Plaintiffs claim that they should be appointed to represent all of the "direct purchasers" because they "have taken the lead" on all those claims. Corrected Motion at 9. Each of these statements is incorrect and materially misleading.

Despite Minority Plaintiffs' assertions, most of the Majority Plaintiffs **do** assert claims for treble damages under the Sherman Act. In fact, the first two class action complaints – which served as the template for most of the subsequently-filed class actions – were filed by firms that comprise the Majority Plaintiffs and seek this relief. *See* Compl. ¶ 141, *Machikawa, et al. v. Cooper Vision, Inc., et al.*, No. 15-cv-1001 ("[w]ith respect to their claim under the Sherman Act, Plaintiffs seek injunctive relief, treble damages and attorneys' fees and costs."); Compl., ¶ 141, *Miller, et al. v. Alcon Labs., Inc., et al.*, No. 15-cv-1028 (same). Of the 120 plaintiffs in 50 class actions supporting Majority Plaintiffs, 77 plaintiffs and 38 class actions have asserted treble damages claims under the Sherman Act. Furthermore, counsel for Majority Plaintiffs intend, if they are appointed Interim Lead Counsel, to assert treble-damages claims under the Sherman Act on behalf of all class members.

Minority Plaintiffs' assertion that it is necessary to name certain retailers as defendants in order to obtain treble damages under the Sherman Act is also incorrect. It is black letter law in this Circuit that "*Illinois Brick* does not apply to a single vertical conspiracy where the plaintiff

---

[2] In their Corrected Motion, Minority Plaintiffs' minor modifications does not ameliorate the misleading nature of this statement. For example, in their initial motion, Minority Plaintiffs asserted: "In contrast, the lawyers for approximately 49 other actions elected not to file federal antitrust damages claims, instead asserting only state law antitrust law claims for damages ("Indirect Purchasers" or "IPPS"), and elected not to sue the Retailer Defendants." Initial Motion at 1. In the Corrected Motion, Minority Plaintiffs repeated this erroneous statement, but added "/or" before "elected."

has purchased directly from a conspiring party in the chain of distribution." *Lowell v. Am. Cyanimid Co.*, 177 F.3d 1228, 1232 (11th Cir. 1999). In *Lowell*, the Eleventh Circuit reversed the district court's dismissal of a complaint asserting damages claims under the Sherman Act against the manufacturer, notwithstanding plaintiffs' tactical decision to refrain from naming retailers. *Id*. at 1229.

Finally, Minority Plaintiffs' suggestion that the "direct purchasers" require separate representation, Corrected Motion at 5, is incorrect because the class Minority Plaintiffs seek to represent constitutes only a subset of the same class that Majority Plaintiffs seek to represent. The Minority Plaintiffs' class is confined only to those persons who purchased disposable contact lenses "directly from Defendants Wal-Mart Stores, Inc., Meijer, Inc., Costco Wholesale Corporation, 1-800-Contacts, Inc., and/or LensDiscounters.com." *See* Compl. ¶ 132, *Pentsak v. Coopervision*, 3:15-cv-01097. Most of the Majority Plaintiffs' complaints seeking federal antitrust damages, in sharp contrast, cover a much broader class since they do not limit the class only to those who purchased disposable contact lenses from a handful of retailers. *See*, *e.g.*, Compl. ¶ 32, *Machikawa* (defining the class to include those who purchased "disposable contact lenses manufactured by Alcon, J&J, B&L, or CV from June 1, 2013 to the present").

In short, Minority Plaintiffs failed to correct their misrepresentations when given the opportunity to do so, and Majority Plaintiffs therefore request that the Court allow them to correct the record through this short response.

Dated: July 30, 2015 							Respectfully submitted,


							/s/ Robert C. Gilbert
							Robert C. Gilbert
							ROBERT C. GILBERT, P.A.
							2525 Ponce de Leon Boulevard
							Suite 625
							Coral Gables, FL 33134
							Telephone: (305) 384-7270
							rcg@grossmanroth.com
							robert@gilbertpa.com

							*Proposed Liaison Counsel*

							John A. DeVault III
							Florida Bar No. 103979
							BEDELL, DITTMAR, DEVAULT,
							PILLANS & COXE, P.A.
							101 East Adams Street
							Jacksonville, Florida 32202
							Telephone: (904) 353-0211
							Facsimile: (904) 353-9307
							jad@bedellfirm.com

							*Proposed Local Counsel*

							Michael P. Lehmann
							Bonny E. Sweeney
							HAUSFELD LLP
							600 Montgomery Street
							Suite 3200
							San Francisco, CA 94111
							Telephone: 415-633-1908
							Facsimile: 415-217-6813
							mlehmann@hausfeld.com
							bsweeney@hausfeld.com
							clebsock@hausfeld.com

Christopher M. Burke
SCOTT + SCOTT,
ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
cburke@scott-scott.com

Joseph P. Guglielmo
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174-4099
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com


Hollis Salzman
Kellie Lerner
Bernard Persky
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@robinskaplan.com
klerner@robinskaplan.com
bpersky@robinskaplan.com

*Proposed Interim Lead Counsel*

George W. Sampson
SAMPSON DUNLAP LLP
1001 4th Ave., Suite 3200
Seattle, WA 98154
Telephone: (206) 414-8340
george@sampsondunlap.com

5

Dennis Stewart
HULETT HARPER STEWART LLP
225 Broadway, Suite 1350
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139
dennis@hulettharper.com

Steven C. Marks
Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
smarks@podhurst.com
rjosefsberg@podhurst.com

*Proposed Trial Counsel*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In Re:<br><br>**DISPOSABLE CONTACT LENS ANTITRUST LITIGATION** | Case No. 3:15-md-02626-HES-JRK<br><br>Judge Harvey E. Schlesinger |
| **THIS DOCUMENT RELATES TO:**<br><br>All Actions | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2015, I served a copy of the following by electronically filing the document with the Clerk of the Court using CM/ECF.

>  */s/ Robert C. Gilbert*
> Robert C. Gilbert
> ROBERT C. GILBERT, P.A.
> 2525 Ponce de Leon Boulevard
> Suite 625
> Coral Gables, FL 33134
> Telephone: (305) 384-7270
> rcg@grossmanroth.com
> robert@gilbertpa.com
>
> *Proposed Liaison Counsel*