UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In Re: DISPOSABLE CONTACT LENS ANTITRUST | Case No. 3:15-md-2626-J-20JRK<br><br>Judge Harvey E. Schlesinger |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## ORDER

This matter is before this Court on the "Application of Hausfeld, Scott+Scott, and Robins Kaplan for Appointment as Interm Lead Counsel" (Dkt. 83); the "Motion to Appoint Hagens Berman and Cohen Milstein Interim Class Counsel on Behalf of Direct Purchaser Sherman Act Damages Claims" (Dkt. 84), the "Corrected Motion to Appoint Hagens Berman and Cohen Milstein Interim Class Counsel on Behalf of Direct Purchaser Sherman Act Damages Claims" (Dkt. 87), the "Majority Plaintiffs' Response to Correct Material Misstatements Contained in Minority Plaintiffs' 'Corrected' Filing" (Dkt. 88), and the "Reply in Support of Corrected Motion to Appoint Hagens Berman and Cohen Milsten as Co-Lead Counsel for the Direct Purchaser Damages Claims" (Dkt. 89). A hearing was held on these motions on September 30, 2015. After reviewing counsels' argument and pleadings, as well as the provisions of Federal Rule of Civil Procedure 23(g)(1), this Court makes the following determination.

Federal Rule of Civil Procedure 23(g)(1) outlines the considerations pertinent to the appointment of lead counsel at the time a class is certified and applies equally to the appointment of interim lead counsel before certification. *See, e.g., In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262, 2011 WL 5980198, at *4 (S.D.N.Y. Nov. 29, 2011); *Four In*

*One Co. v. SK Foods, L.P.*, 08-cv-03017 MCE, 2009 WL 747160, at *1 (E.D. Cal. Mar. 19, 2009); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006) (citing cases); *see also Manual for Complex Litigation (Fourth)* § 21.11 (2004) ("Manual"). Under that rule, courts must consider four factors in appointing lead counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv). *See also Waudby v. Verizon Wireless Servs., Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008); *Air Cargo*, 240 F.R.D. at 57.

Selection of interim lead counsel facilitates "efficiency and economy without jeopardizing fairness to the parties." *Manual* at §10.22 (noting that interim counsel "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel"). In matters such as this, appointing seasoned lead counsel is one of the district court's key organizational tools. *Manual* at §§ 10.224, 21.272. The "designation of interim [class] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* at § 21.11. Because lead counsel is charged with the ultimate responsibility of acting on behalf of the class throughout the entire litigation, this Court must appoint lead counsel who are fully capable and qualified to fairly and adequately represent the interests of the class, including through trial if necessary. *Id.* at §§ 21.271-72.

The law firms of Hausfeld, ("Hausfeld") Scott + Scott Attorneys at Law, LLP ("Scott + Scott"), and Robins Kaplan LLP ("Robins Kaplan") filed a joint application seeking appointment

as Interim Lead Counsel for the proposed class(es) and any applicable subclass(es) of retail customers that are plaintiffs in the 54 Class Actions listed in Schedule A to Case Management Order No. 1 (Dkt. No. 61), as well as all additional Actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation. Based on the information contained in their application, these three firms have the support of 120 plaintiffs in 50 class cases, or approximately 91% of the class cases and approximately 94% of the named plaintiffs included in this multidistrict litigation.

Hausfeld, Scott + Scott, and Robins Kaplan have demonstrated that they best satisfy the criteria identified in Federal Rule of Civil Procedure 23(g)(1). These three firms have conducted virtually all of the work to date in investigating and bringing the claims asserted by class plaintiffs, with other firms merely copying their complaints. They have substantial experience litigating antitrust class actions, including against these same defendants in this very industry, as well as knowledge of the applicable laws. Finally, these three firms have the resources to commit to the prosecution of this litigation and are fully prepared to do so. They are prepared to work with other counsel to obtain the optimal result for the putative class(es).

Hausfeld, Scott + Scott, and Robins Kaplan have also demonstrated that they are prepared to run this litigation efficiently. They note that the proposed three-firm co-leadership counsel structure is the same structure that was accepted by this Court in the MDL No. 1030. To assist in conducting this multidistrict litigation in an orderly and efficient manner, Hausfeld, Scott + Scott, and Robins Kaplan request that this Court appoint Robert C. Gilbert of Kopelowitz Ostrow Ferguson Weiselberg Gilbert as Plaintiffs' Liaison Counsel, and John A. DeVault III of Bedell, Ditmar, DeVault, Pillens & Cove, P.A. as Local Counsel. The joint application confirms that Messrs. Gilbert and DeVault are extremely well qualified and capable to fill the roles for which

they have been proposed, and their appointment will assist Interim Lead Counsel and this Court in facilitating the orderly and efficient operation of this multidistrict litigation. Finally, Hausfeld, Scott + Scott, and Robins Kaplan request that, as part of their duties as Interim Lead Counsel, they be permitted to designate George Sampson of Sampson Dunlap LLP, Dennis Stewart of Hulett Harper Stewart LLP, and Steven Marks of Podhurst Orseck, P.A. as part of the team of Trial Counsel who will try this litigation before a jury should it go to trial. The application demonstrates that these three lawyers, two of whom were trial counsel in MDL 1030, are exceptionally well qualified to be part of the team of counsel to try this litigation should it proceed to trial.

**NOW, THEREFORE, THE COURT ORDERS as follows:**

1. This Court appoints the law firms of Hausfeld, Scott + Scott, and Robins Kaplan Interim Lead Counsel for the proposed class(es) and any applicable subclass(es) of retail customers that are plaintiffs in the 54 Class Actions listed in Schedule A to Case Management Order No. 1 (Dkt. No. 61), as well as all additional Actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation. Interim Lead Counsel shall be generally responsible for:

> a. determining and presenting in pleadings, motions, memoranda, oral argument, and such other fashion as may be appropriate, personally or by a designee, to this Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;
>
> b. initiating, directing and conducting discovery on behalf of plaintiffs, consistent with the requirements of Fed. R. Civ. P. 26, including written discovery and the examination of witnesses in depositions; provided, however, a lawyer(s) from the

firms Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC, who represent the direct purchasers, shall be permitted to attend the depositions and ask questions;

c. providing general coordination of the activities of plaintiffs' counsel and delegating specific tasks to other plaintiffs' counsel, or committees of plaintiffs' counsel, in a manner to ensure the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

d. designating the team of Trial Counsel who will try this litigation before a jury should it proceed to trial, including George Sampson of Sampson Dunlap LLP, Dennis Stewart of Hulett Harper Stewart LLP, and Steven Marks of Podhurst Orseck, P.A.;

e. initiating and conducting settlement negotiations on behalf of plaintiffs;

f. establishing procedures for submission of and reviewing periodic time and expense reports of plaintiffs' counsel to determine if the time and expenses are being spent appropriately and for the benefit of the plaintiffs; and

g. performing such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or be expressly authorized by this Court.

2. This Court appoints Robert C. Gilbert of Kopelowitz Ostrow Ferguson Weiselberg Gilbert as Plaintiffs' Liaison Counsel. In coordination with Interim Lead Counsel, Plaintiffs' Liaison Counsel will generally be responsible for assisting with the orderly and efficient prosecution of this multidistrict litigation, including the filing of pleadings, motions, memoranda, status reports, and other papers with this Court, coordinating and overseeing the internal activities of plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of

time and funds are avoided, and serving as a liaison to counsel for the defendants.

3. This Court appoints John A. DeVault III of Bedell, Ditmar, DeVault, Pillens & Cove, P.A. as Local Counsel. Plaintiffs' Local Counsel shall work under the direction of Interim Lead Counsel and will generally be responsible for acting as spokesperson for plaintiffs at pretrial hearings and communicating with this Court with respect to administrative matters.

**DONE AND ENTERED** at Jacksonville, Florida, this ___ day of October, 2015.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record