**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In Re: | Case No. 3:15-md-02626-HES-JRK |
| DISPOSABLE CONTACT LENS ANTITRUST LITIGATION | Judge Harvey E. Schlesinger |
| THIS DOCUMENT RELATES TO: | MDL No. 2626 |
| ALL CASES | ORAL ARGUMENT REQUESTED |

**DEFENDANT ABB OPTICAL GROUP'S MOTION TO DISMISS PLAINTIFFS' CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT OF SAME**

Plaintiffs' claims against ABB must be dismissed because none of their factual allegations against ABB establishes any conspiracy or unlawful conduct.[1]  The Complaint lacks any factual allegations to support the who, what, where, when, and how of ABB's alleged participation in any conspiracy, and rests on the conclusory supposition that because ABB is a large contact lens distributor and expressed its opinion that UPPs help patients, prescribers, and the contact lens industry, it was 'in a position' to conspire and 'must have' done so.  That is decidedly not enough to survive under Rule 12(b)(6).

*First*, the Complaint fails to allege any *facts* to show that ABB directly or indirectly conspired with anyone.  As the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice.  Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."  550 U.S. 544, 556-57 (2007); *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1332-33 (11th Cir. 2010).).  A hub-and-spoke conspiracy—as plaintiffs claim to exist here—requires pleading facts showing both "agreements between each spoke and the hub" and that the hub "facilitate[d] agreement among a number of other parties."  *Radio Music License Comm., Inc. v. SESAC, Inc.*, 29 F. Supp. 3d 487, 497 (E.D. Pa. 2014) (citation omitted).

It is not enough for plaintiffs to assert that a conspiracy existed based on an alleged motive, opportunity, or intent.  After all, "[c]onspiracy is a legal conclusion. … [P]laintiffs must plead evidentiary facts: 'who, did what, to whom (or with whom), where, and when.'"

---

[1] ABB joins Defendants Alcon Laboratories, Inc., Bausch & Lomb Inc., CooperVision, Inc., and Johnson & Johnson Vision Care, Inc. in their Motion to Dismiss (Dkt. No. 145), and submits this brief focusing on issues unique to ABB.

*In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1194 n.6 (9th Cir. 2015) (citations omitted); *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 946 F. Supp. 2d 1321, 1332 (S.D. Fla. 2013) (similar). Nor can plaintiffs rest on the assertion that ABB was in a "position" to communicate among the spokes as a hub, and that "on information and belief" ABB passed information from one "spoke" to another, Compl. ¶¶ 143, 156—because those allegations do nothing to establish that an unlawful agreement existed or any improper communications actually occurred. Mere "opportunity to conspire … does not, standing alone, permit the inference of conspiracy." *Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1319 (11th Cir. 2003) (citations and internal quotation marks omitted); *In re Florida Cement & Concrete Antitrust Litig.*, 746 F. Supp. 2d 1291, 1316 (S.D. Fla. 2010).

*Second*, none of ABB's public statements establishes an unlawful conspiracy. Even the cited public statements referring to manufacturers stand for the unremarkable proposition that ABB has worked with manufacturers and wants to help its customers—as any distributor would. Nothing indicates that ABB did anything to foster or further a conspiracy *across* manufacturers or ECPs—much less every manufacturer and every independent eye doctor in the U.S. The statements attributed to ABB are instead entirely consistent with lawful conduct: having a distributor deal individually with each individual manufacturer and providing its clients with products. As the Supreme Court held long ago, conduct "as consistent with permissible competition as with illegal conspiracy does not, without more, support even an inference of conspiracy." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 n.21 (1986) (citing *Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 763-64 (1984)); *Seagood Trading Corp. v. Jerrico, Inc.*, 924 F.2d 1555, 1574 (11th

Cir. 1991) (quoting *Matsushita*, 475 U.S. at 588); *The Jeanery, Inc. v. James Jeans, Inc.*, 849 F.2d 1148, 1159 (9th Cir. 1988) (quoting *Monsanto*, 465 U.S. at 764).[2]

*Third*, plaintiffs' selective quotation suggesting that ABB had worked with manufacturers on UPPs is likewise insufficient to survive dismissal. Compl. ¶¶ 126-27. Plaintiffs cannot cite any authority establishing that it is unlawful for a distributor to express its opinions to a manufacturer about how best to sell products, or even to offer suggestions for a manufacturer to accept or reject in its own judgment, especially when the Complaint does not allege any *facts* to show any *agreements* on this score. The mere existence of distribution contracts between ABB and each individual manufacturer is not enough, as any distributor would have a contractual relationship with its suppliers. *See Mularkey v. Holsum Bakery, Inc.*, 146 F.3d 1064, 1065 (9th Cir. 1998) (emphasizing that a distributor's negotiation of price with a retailer "does not constitute a vertical price agreement; it merely involves a contractual relationship between a manufacturer and one of its customers regarding the price of the manufacturer's product. … An agreement between Holsum and 7-Eleven as to the sales price of Holsum's product does not implicate § 1").

Citing ABB's opinion that UPPs would benefit ECPs is likewise of no moment: the fact that a distributor happens to think that a pricing policy is beneficial—and tells the public at large—does nothing to show that any conspiracy existed. *See, e.g.*, *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 513 F. Supp. 1100, 1232 n.197 (E.D. Pa. 1981) ("[P]ublic

---

[2]  *See also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1342-43 (11th Cir. 2010) (requiring "allegations showing why it is ***more plausible*** that [a manufacturer] and its distributors—assuming they are rational actors acting in their economic self-interest—would enter into an illegal price-fixing agreement (with the attendant costs of defending against the resulting investigation) to reach the same result realized by purely rational profit-maximizing behavior") (emphasis added; citation omitted)).

statements, whether in speeches, newspaper articles, or public testimony, are hardly a likely place to find evidence of a conspiracy." (subsequent history omitted)).[3]  Nor is it impermissible for ABB or any other distributor to abide by a lens manufacturer's resale price policy.  *See Insulate SB, Inc. v. Advanced Finishing Systems, Inc.,* 797 F.3d 538, 545 (8th Cir. 2015) (emphasizing that "'a distributor is free to acquiesce in the manufacturer's [pricing policy] in order to avoid termination'" (quoting *Monsanto*, 465 U.S. at 761)).

*Finally*, plaintiffs cannot save their claims by pointing to the fact that ABB publishes suggested retail prices for different lenses in its industry publications.  Compl. ¶¶ 7, 96, 128, 132.  None of these allegations supports plaintiffs' theory because it is undisputed that ABB introduced these publications years before the alleged conspiracy began.  Plaintiffs' arguments also fail on their own terms.  Courts have long recognized that "[g]athering competitors' price information can be consistent with independent competitor behavior," *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 126 (3d Cir. 1999) (citations omitted), and thus cannot support a claim, *see Matsushita*, 475 U.S. at 597 n.21.

For these reasons, ABB submits the Complaint should be dismissed with prejudice.

---

[3]  While not necessary to granting this Motion, it bears emphasis that the Complaint misleadingly suggests that ABB had expressed support for UPPs before anyone had introduced them—in order to imply that ABB therefore must have conspired to bring them about.  After suggesting in Paragraph 126 that ABB had expressed support for UPPs before they were introduced—but quoting a February 2013 statement that does not mention UPPs at all—Paragraph 127 then recites a "subsequent" statement without revealing that the latter was made in October 2014, over a year *after* UPPs started to be introduced.  *See* Compl. ¶ 127 (quoting *Most ODs support new contact lens pricing strategies*, Primary Care Optometry News (October 2014), http://www.healio.com/optometry/contact-lenses-eye-wear/news/print/primary-care-optometry-news/%7B77a28dd6-8851-48c0-899d-658a9eee205d%7D/most-ods-support-new-contact-lens-pricing-strategies?page=1).  The Court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination," *Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1278 (11th Cir. 1999), which includes "a publication date," *Se. Clinical Nutrition Centers, Inc. v. Mayo Found. for Med. Educ. & Research*, No. 1:13-CV-00626-AT, 2013 WL 11015749, at *2 (N.D. Ga. Oct. 29, 2013) (citation omitted).

Dated: December 23, 2015        */s/ Dennis P. Waggoner*
                                                 Benjamin H. Hill, III (Florida Bar No. 094585)
Dennis P. Waggoner (Florida Bar No. 509426)
HILL WARD HENDERSON
101 East Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Phone: (813) 227-8426
Fax: (813) 221-2900
Email: dennis.waggoner@hwhlaw.com

Edwin John U (*pro hac vice*)
Patrick J. King (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Phone: (202) 879-5000
Fax: (202) 879-5200
Email:  edwin.u@kirkland.com
patrick.king@kirkland.com

*Attorneys for ABB Optical Group*

**CERTIFICATE OF SERVICE**

      I certify that on December 23, 2015 I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

                                          */s/ Dennis P. Waggoner*
                                          Dennis P. Waggoner