**Amended
Exhibit D**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **In Re:**<br><br>**DISPOSABLE CONTACT LENS**<br>**ANTITRUST LITIGATION** | **Case No. 3:15-md-2626-HES-JRK**<br><br>**Judge Harvey E. Schlesinger**<br>**Judge James R. Klindt** |
| **THIS DOCUMENT RELATES TO:**<br><br>**All Actions** | |

**STIPULATION RE:**
**DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

Pursuant to this Court's Case Management Order No. 1 (ECF No. 61), entered on July 15, 2015, the parties to the above-captioned action have met and conferred and, by and through their respective counsel of record, hereby stipulate to the following Stipulation regarding the discovery of electronically stored information ("ESI").

**1.      PURPOSE**

This Stipulation will govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.      COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.      PROPORTIONALITY**

The proportionality standard set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure shall apply to discovery in this action. Consistent with that proportionality standard, the parties agree to cooperate in identifying appropriate limits on discovery.

## 4.    SEARCH

**(a)**    The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery, including the use of custodians, search terms, file types, and date ranges or the use of advanced search and retrieval technologies, including predictive coding or other technology-assisted review.  During such discussions, the producing party shall retain the sole right and responsibility to manage and control searches of its data files, including the right to make revisions to search-term or advanced-technology procedures in order to make them more accurate and cost-effective and will disclose those search methods and any revisions.

**(b)**    If, prior to the conduct of any searches, a requesting party believes in good faith that the producing party's decisions regarding search, retrieval and production would ~~or have resulted~~result in deficiencies in production ~~or otherwise has good cause~~, the requesting party may make prompt requests for different or additional search methods.  If a requesting party fails to make reasonable efforts to request different or additional searches prior to the conduct of any searches, no additional searches will be run absent good cause.

**(c)**    The fact that any electronic file has been identified in agreed-upon searches shall not prevent any party from withholding such file from production on the grounds that the file is not responsive, that it is protected from disclosure by applicable privilege or immunity, that it is governed by the European Data Privacy Directive or other applicable privacy law or regulation, or that the Confidentiality Order entered in this action allows the file to be withheld.

**(d)**    Subject to Subsection (a), nothing in this section shall limit a party's right reasonably to seek agreement from the other parties or a court ruling to modify previously agreed-upon search terms or procedures for advanced search and retrieval technologies.

**(e)**    Each party will use reasonable efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process.

2

Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list.  Additional culling of system file types based on file extension may include, but are not limited to: WINNT, LOGS, DRVS, MP3, MP4, C++ Program File (c), C++ Builder 6 (cpp), Channel Definition Format (cdf), Creatures Object Sources (cos), Dictionary file (dic), Executable (exe), Hypertext Cascading Style Sheet (css), JavaScript Source Code (js), Label Pro Data File (IPD), Office Data File (NICK), Office Profile Settings (ops), Outlook Rules Wizard File (rwz), Scrap Object, System File (dll), Temporary File (tmp), Windows Error Dump (dmp), Windows Media Player Skin Package (wmz), Windows NT/2000 Event View Log file (evt), Python Script files (.py, .pyc, .pud, .pyw), Program Installers.  The parties will meet-and-confer to develop a list designating all such files.

**(f)**      Each party is required to produce only a single copy of a responsive document and each party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians so long as the producing party provides metadata identifying each custodian.  For emails with attachments, the hash value is generated based on the parent/child document grouping.  The parties may use software to identify email threads.  If the parties agree to the use of email threading software for purposes of production, the parties will endeavor in good faith to agree on the manner in which lesser inclusive email threads will be suppressed in the production.  For example, if the parties agree to suppression of lesser inclusive email threads from production, the parties will maintain all parent child relationships (*i.e.*, if a lesser inclusive email has attachments that are not part of the more inclusive email, then the lesser inclusive responsive email and responsive attachments will be produced in their entirety). Nothing herein precludes a party from using email threading software for purposes of document review.

3

5.    **PRODUCTION FORMATS**

The parties agree to produce in the formats described in Appendix 1 to this Stipulation, which are deemed to be productions in reasonably usable form.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production format of such documents.  The parties agree not to degrade the usability of documents as part of the document production process.

6.    **DOCUMENTS EXISTING ONLY IN HARDCOPY FORM**

A party may produce documents that exist in the normal course of business only in hardcopy form either in their original hardcopy form or scanned and produced and redacted as necessary in accordance with the procedures set out in Appendix 1.  The scanning of original hardcopy documents does not otherwise require that the scanned images be treated as ESI.

7.    **NO DESIGNATION OF DISCOVERY REQUESTS**

Productions of documents in the reasonably usable form set out in this Stipulation and Appendix 1 need not be organized and labeled to correspond to the categories in the requests.

8.    **DOCUMENTS PROTECTED FROM DISCOVERY**

(a)    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection.  Information that contains privileged matter or attorney work product shall be immediately returned.  The protections and procedures to be

followed by the parties in the case of inadvertent productions is more completely detailed in the Confidentiality Order entered by this Court.

(b)     By preserving information for the purpose of this litigation, the parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege.  Nothing in this Stipulation shall be interpreted to require the disclosure of either irrelevant information or relevant information, nor shall anything in this Stipulation be interpreted to require the disclosure of information protected by the attorney client privilege or any other privilege or immunity.  The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI except as expressly provided herein.

(c)     Communications with counsel regarding this litigation that post-date the filing of the first filed complaint dated March 2, 2015 need not be placed on a privilege log.

9.     **THIRD PARTY DOCUMENTS**

A party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Stipulation with the subpoena and state that the parties to the litigation have requested that third parties produce documents in accordance with the specifications set forth herein.  The Issuing Party shall produce any documents obtained pursuant to a non-party subpoena to the opposing party.  If the non-party production is not Bates-stamped, the Issuing Party will brand the non-party production images with unique prefixes and Bates numbers or otherwise identify native files prior to producing them to the opposing party per the technical specifications outlined in this Stipulation.  Nothing in this Stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third parties to object to a subpoena.

10.   **AUTHENTICATION**

The parties will meet and confer regarding an authentication stipulation concerning documents produced in this litigation

11.   **PASSWORD PROTECTED FILES**

The parties will make reasonable efforts to identify any potentially relevant ESI that is password protected or encrypted and undertake reasonable and proportional efforts to remove those passwords in order for the documents to be searched and/or reviewed.  The parties are not required to provide information on passwords obtained or the manner with which password-protected or encrypted files were made accessible.

12.   **TIME ZONE**

To the extent reasonably practicable, all ESI shall be processed with a single time zone, Coordinated Universal Time (UTC), and a date and time setting that is consistent across all parties' productions.

13.   **PRIOR PRODUCTIONS**

Documents that were previously processed and produced in electronic format in another litigation or in response to governmental or regulatory inquiries may be produced in the same format as they were produced in that particular litigation, inquiry, or investigation, regardless of whether the format complies with the other specifications described herein if such produced documents do not already exist in the form specified by the requesting party. For avoidance of doubt, nothing in this Stipulation obligates a party to produce previously processed and produced electronic documents.

14.   **MODIFICATION**

This Stipulation may be modified by a Stipulation of the parties.


**AGREED TO AND SO STIPULATED, THIS 22ND DAY OF JANUARY 2016:**

Robert C. Gilbert
Florida Bar No. 561861
Email: gilbert@kolawyers.com
KOPLOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2525 Ponce de Leon Boulevard
Suite 625
Coral Gables, FL 33134
Telephone: (305) 384-7270
Facsimile: (954) 525-4300

*Plaintiffs' Liaison Counsel*


Christopher M. Burke
Walter W. Noss
John T. Jasnoch
Jennifer J. Scott
Kate Lv
SCOTT + SCOTT,
ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Tel.: (619) 233-4565
Fax: (619) 233-0508
Email: cburke@scott-scott.com
Email: wnoss@scott-scott.com
Email: jjasnoch@scott-scott.com
Email: jscott@scott-scott.com
Email: klv@scott-scott.com

Joseph P. Guglielmo
Thomas K. Boardman
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174-4099
Tel.: (212) 223-6444

*/s/ John A. DeVault*

John A. DeVault, III
Florida Bar No. 103979
Email: jad@bedellfirm.com
Courtney K. Grimm
Florida Bar No. 953740
Email: cgrimm@bedellfirm.com
BEDELL, DITTMAR, DEVAULT,
PILLANS & COXE, P.A.
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone: (904) 353-0211
Facsimile: (904) 353-9307

*Plaintiffs' Local Counsel*


Michael P. Lehmann
Bonny E. Sweeney
Christopher L. Lebsock
HAUSFELD LLP
600 Montgomery Street
Suite 3200
San Francisco, CA 94111
Telephone: 415-633-1908
Facsimile: 415-217-6813
Email: mlehmann@hausfeld.com
Email: bsweeney@hausfeld.com
Email: clebsock@hausfeld.com


Michael D. Hausfeld
James J. Pizzirusso
Nathaniel C. Giddings
HAUSFELD LLP
1700 K St. NW
Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
Email: mhausfeld@hausfeld.com
Email: jpizzirusso@hausfeld.com

Fax: (212) 223-6334
Email: jguglielmo@scott-scott.com
Email: tboardman@scott-scott.com


*Interim Co-Lead Class Counsel*

Email: ngiddings@hausfeld.com

*Interim Co-Lead Class Counsel*

Hollis Salzman
Bernard Persky
William V. Reiss
Ben Steinberg
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
Email: hsalzman@robinskaplan.com
Email: bpersky@robinskaplan.com
Email: wreiss@robinskaplan.com
Email: bsteinberg@robinskaplan.com

*Interim Co-Lead Class Counsel*

George W. Sampson
Lucinda M. Dunlap
SAMPSON DUNLAP LLP
1001 4th Ave., Suite 3200
Seattle, WA 98154
Telephone: (206) 369-3962
Facsimile: (206) 260-1318
Email: george@sampsondunlap.com
Email: lucinda@sampsondunlap.com

*Plaintiffs' Trial Counsel*

Dennis Stewart
HULETT HARPER STEWART LLP
225 Broadway, Suite 1350
San Diego, CA 92101
Telephone: 619-338-1133
Facsimile: 619-338-1139
Email: dennis@hulettharper.com

*Plaintiffs' Trial Counsel*

Steven C. Marks
Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
Email: smarks@podhurst.com
Email: rjosefsberg@podhurst.com

*Plaintiffs' Trial Counsel*

    */s/ David J. Burman*
David J. Burman
Shylah R. Alfonso
David S. Steele
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
Email: SAlfonso@perkinscoie.com
Email: DSteele@perkinscoie.com

David P. Chiappetta
Mara Boundy
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, California 94111
Telephone:  415.344.7000
Facsimile:  415.344.7050
Email: DChiappetta@perkinscoie.com
Email: MBoundy@perkinscoie.com

Stuart H. Singer (Fla. Bar No. 377325)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: 954.356.0011
Facsimile: 954.356.0022
Email: SSinger@bsfllp.com

George R. Coe (Fla. Bar No. 298440)
BOIES, SCHILLER & FLEXNER LLP
121 South Orange Ave., Suite 840
Orlando, FL 32801
Telephone: 407.425.7118
Facsimile: 407.425.7047
Email: GCoe@bsfllp.com

*Counsel for Costco Wholesale*
*Corporation*

_____/s/ *R. Troy Smith*_____

Robert Troy Smith ((Florida Bar No. 485519)
GRAYROBINSON, P.A.
50 N Laura Street, Suite 1100
Jacksonville, FL 32202-3611
Phone: (904) 632-8483
Fax: (904) 598-9109
Email: troy.smith@gray-robinson.com

William F. Cavanaugh, Jr.
Deirdre A. McEvoy
Jonathan H. Hatch
Jenny Ma
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2000
Fax: (212) 336-2222
Email: wfcavanaugh@pbwt.com
dmcevoy@pbwt.com
jhatch@pbwt.com
jma@pbwt.com

*Counsel for Johnson & Johnson Vision Care, Inc.*

Michael G. Tanner (Florida Bar No. 261300)
Thomas E. Bishop (Florida Bar No. 956236)
Tanner Bishop
One Independent Drive, Suite 1700
Jacksonville, FL 32202
Phone: (904) 598-0034
Fax: (904) 598-0395
E-Mail: mtanner@tannerbishoplaw.com

tbishop@tannerbishop.com

Daniel M. Wall
Christopher S. Yates
Elif Kimyacioglu
LATHAM &WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Phone: (415) 391-0600
Fax: (415) 395-8095
Email: dan.wall@lw.com
Email: chris.yates@lw.com
Email: elif.kimyacioglu@lw.com

*Counsel for CooperVision, Inc.*

A. Graham Allen (Florida Bar No. 117110)
James. M. Riley (Florida Bar No. 700411)
Samuel J. Horovitz (Florida Bar No. 0059015)
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
Phone: (904) 398-3911
Fax: (904) 396-0663
E-Mail: gallen@rtlaw.com
shorovitz@rtlaw.com

David R. Marriott
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474 3700
Email: dmarriott@cravath.com

*Counsel for Alcon Laboratories, Inc.*

Terrence Russell (Florida Bar No. 116057)
Jennifer L. Kifer (Florida Bar No. 77498)
HOLLAND & KNIGHT, LLP
50 N. Laura Street, Suite 3900
Jacksonville, FL 32202
Phone: (904) 353-2000

Fax: (904) 358-1872
Email: terrence.russell@hklaw.com
Email: jennifer.kifer@hklaw.com

Steven C. Sunshine
Paul M. Eckles
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 371-7860
Fax: (202) 661-0560
Email: steve.sunshine@skadden.com
Email: paul.eckles@skadden.com

*Counsel for Bausch & Lomb Incorporated*

Dennis P. Waggoner (Florida Bar No. 509426)
HILL WARD HENDERSON
101 East Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Phone: (813) 227-8426
Fax: (813) 221-2900
Email: dennis.waggoner@hwhlaw.com

Edwin John U (pro hac vice)
Patrick J. King (pro hac vice)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Phone: (202) 879-5000
Fax: (202) 8795200
E-Mail: Edwin.u@kirkland.com
Patrick.king@kirkland.com

*Counsel for ABB Optical Group*

**APPENDIX 1**
**PRODUCTION FORMAT AND METADATA**

1.      **Production Components.**  Except as otherwise provided in this Stipulation and Appendix, productions of hardcopy documents and electronically stored information shall be in the following format: single page TIFFs, searchable Text Files, an ASCII delimited searchable metadata file (.dat file) and an image load file that can be loaded into commercially acceptable production software (*e.g.*, Relativity).

2.      **TIFFs**.   Documents and electronically stored information should be produced as single-page, black and white, group IV TIFFs imaged at 300 dpi. Bates numbers, confidentiality designations (in accordance with the Confidentiality Order governing the case), and redactions (to the extent they are necessary) should be burned into the image.   TIFF image files should be provided in an "Images" folder.

3.      **Unitizing Hardcopy Documents**.    In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records.  In the case of an organized compilation of separate hardcopy documents — for example, a binder containing several separate documents behind numbered tabs — the document behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in proper coding of the family fields as described in this Stipulation.   The parties will undertake reasonable efforts to, or have their vendors, unitize documents correctly, and will commit to address situations of improperly unitized documents.

4.      **OCR**.   To the extent that documents and electronically stored information have been run through optical character recognition ("OCR")

software, the full text shall be provided on a document-level in an appropriately formatted text file (.txt) that is named to match the first Bates number of the document.  Text files should be provided in a "Text" folder.  To the extent that a document is redacted, the text files should not contain the text of the redacted portions.

     5.      **Unique IDs**.  Each TIFF image should have a unique filename, which corresponds to the Bates number of that page.  The filename should not contain any blank spaces and should be padded to 8 digits, taking into consideration the estimated number of pages to be produced.  If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production.

6.      **Data Load Files**.  Documents and electronically stored information should be provided with an Opticon Cross-Reference File and Concordance data load file using standard Concordance delimiters:

     a.      Field Separator: ASCII character 20 ("¶");

     b.      Quote: ASCII character 254 ("þ"); and

     c.      New Line: ASCII character 174 ("®").

Concordance-compatible image and data load files should be provided in a "Data" folder.

7.      **Metadata**.  Paragraph 10 of this Appendix sets forth the minimum metadata fields that must be produced to the extent that metadata exists for a particular document or electronically stored information.  To the extent that metadata does not exist, is not reasonably accessible or available, or would be unduly burdensome to collect, nothing in this ESI Protocol shall require any party to extract, capture, collect or produce such data except for those fields specially identified in Paragraph 10 immediately preceding the table in Paragraph 10.

8.     **Image Load File.**   Shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

9.     **Production of ESI, TIFFs.**   Electronically stored information should be produced as single-page, black and white, group IV TIFFs imaged at 300 dpi.  The document's original orientation should be maintained (*i.e.*, portrait to portrait and landscape to landscape). Bates numbers, confidentiality designations (in accordance with the Confidentiality Order governing the case), and redactions (to the extent they are necessary) should be burned into the image.  TIFF image files should be provided in an "Images" folder.

10.     **Metadata Fields and Metadata File.**   Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document and electronically stored information.  The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document or electronically stored information, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, CUSTODIAN, AND CONFIDENTIALITY.  The metadata file shall be delimited according to the following characters:

a.     Delimiter = ¶ (ASCII:020);

b.     Text-Qualifier = þ (ASCII:254); and

c.     New Line = ® (ASCII:174).

| Field Name | Field Description |
| --- | --- |
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |

| Field Name | Field Description |
|---|---|
| CUSTODIAN | The custodian of the document |
| OTHER_CUSTODIAN | All individual(s) that had electronic files that were removed due to de-duplication (De-Duped Custodian) |
| DOCTYPE | The type of document (hardcopy) or electronic file (*e.g.*, Word, PDF, etc.) typically indicated by the file's extension |
| EXTENSION | Characters of the filename indicating the relevant portion used to open the file (file extension) |
| FULLPATH | The directory structure of the original file(s). Any container name is included in the path. |
| HASHVALUE | The MD5 or SHA-1 hash value |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIMESENT | Time email was sent |
| PARENT_DATE | The date of the parent email should be applied to the parent email and all of the email attachments |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document (Edoc or attachment) |
| DATEMOD | Date an electronic document was last modified (format: |

| Field Name | Field Description |
|---|---|
|  | MM/DD/YYYY (Edoc or attachment) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc or attachment) |
| NATIVELINK | Native File Link (Native Files only) |
| CONFIDENTIALITY | The document confidentiality designation, if any |

11.     **Text Files.**  A single multi-page text file shall be provided for each document or electronically stored information, and the filename should match the starting BEGBATES number of the document.  A commercially acceptable technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents.  When possible, the text of native files should be extracted directly from the native file.  Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents.

12.     **Image Load Files / Data Load Files.**   Each TIFF in a production must be referenced in the corresponding image load file.  The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production.  The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production.  The total number of documents in a production should match the total number of records in the data load file.

13. **Bates Numbering.**  All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

14. **Confidentiality Designation.**  Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Confidentiality Order in this matter.

15. **Redaction of Information.**  The producing party may redact from any TIFF image, metadata field, or native file material that is protected from disclosure by applicable privilege or immunity, that is governed by the European Data Privacy Directive or other applicable privacy law or regulation, or that the Confidentiality Order entered in this Action allows to be redacted.  In preparing families for production, the producing party also may redact entire attachments that are wholly non-responsive and may produce slipsheets in their place. Each redaction shall be indicated clearly.  If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

16. **Native Format**.  Electronic spreadsheets (*e.g.*, Excel), electronic presentations (*e.g.*, PowerPoint), desktop databases (*e.g.*, Access), and audio/video multimedia files that have been identified as responsive and not privileged shall be produced in native format.  The processed native for all spreadsheets (*i.e.*, MS Excel, .CSV, or similar), documents with "macros," and electronic information containing audio or visual components should be produced and linked to their corresponding documents by the metadata field

"NATIVELINK."   The requesting party may make reasonable requests for certain other electronic files and/or databases initially produced in their petrified (TIFF or PDF) format to be produced in their native format in the event that the petrified format is not reasonably usable.   The requesting party shall identify the files or databases by their Bates numbers and the materials should be produced in their unaltered native format.

To the extent that a native file must be redacted, the producing party may redact either the native file or produce TIFF images with burned in redactions in lieu of a Native File and TIFF placeholder image.  If redacting TIFF images and to the extent that any of the following can be automated, the producing party, or its e-discovery vendor, should make reasonable efforts to: (1) reveal hidden cells prior to converting the document to TIFF; (2) clear any filters that may conceal information; (3) adjusts column widths so that numbers do not appear as "########"; (4) ensures that column and row headings print; and (5) ensure that the tab name appears in the header or footer of the document.  If, however, the end user has not designated a tab name to appear in the header or footer of the document, no additional undertaking will be required by the producing party, including no custom handling or manual interventions.

17. **Enterprise Databases and Database Management Systems.** The parties will meet and confer to attempt to agree upon the format of production by which discoverable electronically stored information in an enterprise database or database management system (e.g., Oracle, SQL server, DB2) can be produced.

18. **Email and attachments.**  Email and attachments should be converted to single-page TIFF images and produced consistent with the specifications provided herein.  Attachments shall be processed as separate documents, and the text database load file shall include a field in which the

producing party shall identify the email and the specific attachment or attachments to which that email is related.

19. **Digital Photographs.**  Digital photographs will be produced natively and the producing party will provide a placeholder TIFF endorsed with the production Bates endorsement.

20. **Color Documents.**  Except as otherwise specifically provided herein or agreed to by the parties, documents originally in color need not be produced in color unless the production in black and white alters or obscures the substance of the document.  A party may make reasonable requests for documents or electronically stored information to be produced in a color format upon review of the other party's production.

21. **Word Processing Files.**  Word processing files, including without limitation Microsoft Word files (*.doc and *.docx), will be produced in the above TIFF format with tracked changes, comments, and hidden text showing.

22. **Microsoft PowerPoint and other Presentation Files.**  To the extent they are produced in non-native format, the parties shall process presentations (MS PowerPoint, Google Presently) to include hidden slides and speaker's notes by imaging in a way that both the slide and the speaker's notes display on the TIFF image.

23. **Dynamic Fields**.  To the extent possible, files containing dynamic fields such as file names, dates, and times will be produced showing the field code (*e.g.*, "[FILENAME]" or "[AUTODATE]"), rather than the values for such fields existing at the time the file is processed.

24.     **Proprietary Files.**   To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information.   The parties shall meet and confer to finalize the appropriate production format.

25.     **Embedded Files.**     Except for signature blocks and non-substantive image files, embedded files must be treated as separate files. The load file shall include a field in which the producing party shall identify, for each document containing an embedded file, the production range of any such embedded file.  This production range may be identified in the same field as the production range of an e-mail attachment.

26.     **Compressed Files.**  Compressed file types (*i.e.*, .CAB, .GZ, .TAR. .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual files.

27.     **Parent-Child Relationships.**  Parent-Child relationships (the association between an attachment and its parent Document) must be preserved in such a way that a document or electronic file and any attachments are produced in the same production set and the relationships identifiable.  The parties agree to provide beginning attachment and ending attachment fields in the database load file to capture the entire production number range for the parent/child(ren) documents.

28.     **Request(s) for Additional Native Files.**  If good cause exists to request production of certain files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review.  In the event of any such request,

21

the parties shall meet and confer to attempt in good faith to resolve the request. Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in Paragraph 3.   A TIFF placeholder indicating that the document was provided in native format should accompany the database record.   If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

29.   **Production Media.**   Documents shall be produced on external hard drives, readily accessible computer(s), FTP sites, email or other electronic media ("Production Media").   Each piece of Production Media shall identify a production number corresponding to the production volume (*e.g*., "VOL001," "VOL002"), as well as the volume of the material in that production (*e.g*., "-001," "-002").   Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; and (3) the Bates Number range of the materials contained on the Production Media.   To maximize the security of information in transit, any media on which documents or electronic files are produced may be encrypted by the producing party.   In such cases, the producing party shall transmit the encryption key or password to the requesting party, under separate cover, contemporaneously with sending the encrypted media.