# EXHIBIT 4

BEFORE THE UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: DISPOSABLE CONTACT LENS ANTITRUST LITIGATION | MDL No. 2626 |

**COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF LAW IN RESPONSE TO MOTIONS FOR TRANSFER, COORDINATION, OR CONSOLIDATION OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407**

Costco Wholesale Corporation, plaintiff in the action *Costco Wholesale Corporation v. Johnson & Johnson Vision Care, Inc.*, Case No. 3:15-cv-00941 (N.D. Cal. Mar. 2, 2015), responds to the motion filed by plaintiff Miller in the action *Miller v. Alcon Laboratories, Inc., et al.*, Case No. 3:15-cv-01028 (N.D. Cal. Mar. 4, 2015) ("*Miller*"), pursuant to 28 U.S.C. § 1407, for the transfer, consolidation, or coordination of several federal court actions containing allegations of antitrust violations involving the sale of contact lenses to the United States District Court for the Northern District of California (MDL Dkt. No. 1). Costco Wholesale also responds to the motion filed by plaintiff Cesare in the action *Cesare v. Cooper Vision, Inc., et al.*, Case No. 3:15-cv-60466 (S.D. Fla. Mar. 6, 2015) ("*Cesare*") to transfer, consolidate, or coordinate the same actions to the United States District Court for the Southern District of Florida (MDL Dkt. No. 4).

Costco Wholesale is not opposed to the transfer or coordination of the referenced cases and agrees with *Miller* that the only appropriate forum is the Northern District of California.

## I. BACKGROUND

On March 2, 2015, Costco Wholesale filed in the Northern District of California an action against Johnson & Johnson Vision Care ("J&J") only, seeking a declaratory judgment

under the parties' contract and alleging that J&J has violated federal and state antitrust laws by engaging in an unlawful conspiracy to fix prices of contact lenses through a minimum resale price maintenance policy. The contract at issue mandates that the jurisdiction and venue for resolving disputes between Costco Wholesale and J&J lie exclusively in San Francisco.

Since the *Costco* action was filed, twenty class action lawsuits containing similar allegations against J&J and other defendants have been filed in the Northern District of California, including *Machikawa et al. v. Cooper Vision, Inc., et al.*, Case No. 3:15-cv-01001 (N.D. Cal. Mar. 3, 2015); *Miller*; *Fernandes v. Alcon Laboratories, Inc., et al.*, Case No. 15-cv-01045 (N.D. Cal. Mar. 5, 2015); *Mangum v. Coopervision, Inc. et al.*, Case No. 5:15-cv-01064 (N.D. Cal. Mar. 6, 2015); *Pentsak v. Coopervision, Inc., et al.*, Case No. 3:15-cv-01097 (N.D. Cal. Mar. 9, 2015); *Cardamone v. Alcon Laboratories, Inc., et al.*, Case No. 5:15-cv-01093 (N.D. Cal. Mar. 9, 2015); *Gordon v. Cooper Vision, Inc., et al.*, Case No. 3:15-cv-01092 (N.D. Cal. Mar. 9, 2015); *Brodsky v. Cooper Vision, Inc., et al.*, Case No. 3:15-cv-01123 (N.D. Cal. Mar. 10, 2015); *Goldblatt v. Alcon Laboratories, Inc., et al.*, Case No. 3:15-cv-01095 (N.D. Cal. Mar. 10, 2015); *Martin v. Alcon Laboratories, Inc., et al.*, Case No. 3:15-cv-01090 (N.D. Cal. Mar. 10, 2015); *Price et al. v. Alcon Laboratories, Inc., et al.*, Case No. 3:15-cv-01124 (N.D. Cal. Mar. 10, 2015); *Hewitt et al. v. Alcon Laboratories, Inc., et al.*, Case No. 3:15-cv-01196 (N.D. Cal. Mar. 12, 2015); *Buckley et al. v. Cooper Vision, Inc., et al.*, Case No. 3:15-cv-01212 (N.D. Cal. Mar. 13, 2015); *Watson v. Cooper Vision, Inc., et al.*, Case No. 3:15-cv-01276 (N.D. Cal. Mar. 18, 2015); *Hawkins v. Alcon Laboratories, Inc., et al.*, Case No. 3:15-cv-01297 (N.D. Cal. Mar. 19, 2015); *Dedivanaj v. Coopervision, Inc., et al.*, Case No. 3:15-cv-01281 (N.D. Cal. Mar. 19, 2015); *Ohmes et al. v. Alcon Laboratories, Inc., et al.*, Case No. 3:15-cv-01301 (N.D. Cal. Mar. 19, 2015); *Moy et al. v. Coopervision, Inc., et al.*, Case No. 3:15-cv-01340 (N.D. Cal. Mar. 23, 2015); *Mah v. ABB Concise Optical Group, LLC et al.*, Case No. 3:15-cv-01406 (N.D. Cal. Mar. 26, 2015); and *Castillo v. Cooper Vision, Inc. et al.*, Case No. 3:15-cv-01408 (N.D. Cal. Mar. 26, 2015). Twelve of these cases have already been related before United States District

Judge Haywood S. Gilliam, Jr., and there are pending motions to relate the remainder of the cases.

In addition to the twenty actions pending in the Northern District of California, the *Cesare* class action is currently pending in the Southern District of Florida along with *Loera v. Coopervision, Inc., et al.*, Case No. 1:15-cv-21033 (S.D. Fla. Mar. 13, 2015); *Sendzik v. ABB/Con-cise Optical Group LLC, et al.*, Case No. 0:15-cv-60534 (S.D. Fla. Mar. 13, 2015); *Smith v. Coopervision, Inc., et al.*, Case No. 1:15-cv-21069 (S.D. Fla. Mar. 17, 2015); *Ewald et al. v. Coopervision, Inc. et al.*, Case No. 1:15-cv-21181 (S.D. Fla. Mar. 25, 2015); *Dotel v. Coopervision, Inc., et al.*, Case No. 0:15-cv-60647 (S.D. Fla. Mar. 27, 2015); and *Pardoll v. Coopervision, Inc., et al.*, Case No. 1:15-cv-21205 (S.D. Fla. Mar. 27, 2015). There is also one class action pending in the District of Kansas, *Gray v. Alcon Laboratories, Inc., et al.*, Case No. 2:15-cv-02642 (D. Kan. Mar. 5, 2015); one pending in the District of New Jersey, *Grossman v. Novartis Corporation, et al.*, Case No. 2:15-cv-01930 (D.N.J. Mar. 16, 2015); and one pending in the Eastern District of Tennessee, *Denton v. Cooper Vision, Inc., et al.*, Case No. 3:15-cv-00117 (E.D. Tenn. Mar. 19, 2015). All of these actions are collectively referred to herein as the "Related Actions."

## II.  SUMMARY OF ARGUMENT

Costco Wholesale:  is not opposed to the transfer of the Related Actions pursuant to 28 U.S.C. § 1407 and coordination of its action with the others for pretrial purposes; takes no position on whether all the class actions should be consolidated; and agrees with *Miller* that the Northern District of California is the most appropriate forum for any coordinated or consolidated actions.

First, Costco Wholesale filed the first action followed by the filing of thirty class action lawsuits. While the class action lawsuits contain similar allegations as those in the *Costco* action, the *Costco* action contains unique claims and allegations against J&J, including declaratory judgment and breach of contract claims specific to Costco Wholesale and J&J's

LEGAL125405649.8

contract. The *Costco* action was brought in the Northern District of California because Costco Wholesale has suffered significant injury in the district and because the parties' contract mandates that jurisdiction and venue lie exclusively in San Francisco. Transferring the *Costco* action to another district for pretrial purposes would deprive Costco Wholesale of its contractual forum rights.

Second, of the thirty subsequent class action lawsuits, twenty already lie in the Northern District of California. No other district hosting any of the Related Actions has more than seven.

Third, the Northern District of California is best suited to manage the litigation. The Related Actions have a substantial nexus to the district; the district has significant expertise in managing complex, multidistrict antitrust actions; and the district is the most convenient forum for Costco Wholesale and a majority of the parties.

### III.    ARGUMENT

The Northern District of California is the appropriate forum to host the litigation. A majority of the Related Actions, including the first-filed, were brought in this forum, and it is the only district that can manage the litigation with the necessary expertise and convenience for a majority of the parties while preserving Costco Wholesale's contractual rights.

**A.    Costco Wholesale Does Not Oppose the Transfer, Consolidation, or Coordination of the Related Actions as Long as Its Contractual Rights Are Preserved**

Costco Wholesale agrees that the *Costco* action and the thirty class action lawsuits share some questions of law and fact including:

- Whether the alleged conspirators engaged in unlawful combinations to restrain trade in violation of state and federal antitrust and consumer protection laws;
- The nature, scope, and duration of the Defendants' actions, including the identities and conduct of all co-conspirators and actors;
- The nature and extent of the injury the Defendants' conduct caused the Related Action plaintiffs, consumers, retailers, and the contact lens industry as a whole.

*See* MDL Dkt. No. 1-1 at 4-6; MDL Dkt. No. 4-1 at 3-7. Should the Panel determine to consolidate the class actions, then coordinating the *Costco* action could reduce duplicative discovery on common issues of fact and could eliminate the risk of inconsistent pretrial rulings.

Therefore, the transfer, consolidation, or coordination of the Related Actions and any subsequent similar actions may be appropriate to promote the just and efficient management of the cases. *See In re: Online DVD Rental Antitrust Litigation*, 609 F. Supp. 2d 1376, 1377 (J.P.M.L. 2009) (transferring cases to the Northern District of California will "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation . . . . Centralization will eliminate duplicative discovery . . . [and] prevent inconsistent pretrial rulings").

Costco Wholesale, however, objects to the centralization of the Related Actions to the extent doing so would frustrate Costco Wholesale's contractual rights. While the *Costco* action shares some common questions of law and fact, there are important differences distinguishing the *Costco* action from the thirty class action lawsuits. For example, unlike the class action lawsuits, the *Costco* action is a direct action against J&J. The action currently only has one plaintiff and one defendant, and, Costco Wholesale is not seeking class certification. In addition, the *Costco* action contains claims against J&J based on the parties' contractual relationship, including declaratory judgment and breach of contract. Courts are to expedite declaratory judgment actions, *see* Fed. R. Civ. P. 57; *Bethel Native Corp. v. Department of Interior*, 208 F.3d 1171, 1176 (9th Cir. 2000), and that interest would suffer due to the time required to transfer the matter and if it were consolidated rather than coordinated with the class actions.

In addition, California is the home to one of the two companies that merged to form the present Costco Wholesale, and has more Costco Wholesale warehouse locations than any other state, including over twenty locations within the Northern District of California. Costco Wholesale and J&J agreed to a jurisdiction and forum selection provision in their operating agreement providing that jurisdiction and venue for disputes between the parties lie exclusively in San Francisco, replacing a provision that had required arbitration in Seattle. Costco Wholesale's claims against J&J thus have a significant nexus to the Northern District of California. Transferring the *Costco* action to a jurisdiction outside of the Northern District of

- 5 -

California would deprive Costco Wholesale of the benefit of its express contractual rights under its agreement with J&J.

**B.     If the Panel Transfers the Related Actions, the Northern District of California Is the Most Appropriate Forum**

The Northern District of California is the appropriate forum for the centralization of the Related Actions because (1) the first action filed and the majority of the Related Actions have been filed in the Northern District of California, and (2) the Northern District of California is best equipped to manage the litigation.

**1.     The First Action and the Majority of the Class Action Lawsuits Are Pending in the Northern District of California**

When transferring actions to a centralized forum, the most appropriate forum is often the forum where the "first-filed" action is pending and where the most related actions are currently pending. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2010) (noting an important factor is "where the largest number of cases is pending"); *see, e.g.*, *In re: Autozone, Inc., Wage & Hour Employment Practices Litigation*, 717 F. Supp. 2d 1380, 1381 (J.P.M.L. 2010) (transferring to Northern District of California because it was forum for the "first-filed" action); *In re: Online DVD Rental Antitrust Litigation*, 609 F. Supp. 2d at 1377 (transferring to the Northern District of California where "the vast majority of the actions are already pending"); *In re: Marine Hose Antitrust Litigation (No. II)*, 531 F. Supp. 2d 1381, 1382 (J.P.M.L. 2008) (transferring to district with "the largest number of actions have been brought (including the first-filed action)"); *In re Static Randon Access Memory (SRAM) Antitrust Litigation*, 473 F. Supp. 2d 1385, 1385 (J.P.M.L. 2007) (transferring to the Northern District of California because the majority of the pending actions were in that district). Of the thirty-one currently pending Related Actions, including the *Costco* action and the thirty class action lawsuits, twenty of the actions are currently pending in the Northern District of California. Twelve of these actions have already been related and there are pending motions to relate the remainder of the actions. In addition, the first action filed—the *Costco* action—as mandated by contract, was brought in the

Northern District of California. Of the other districts where Related Actions are pending, no other district has more than seven actions. Because the vast majority of the pending Related Actions are in the Northern District of California, including the first-filed action, venue is most appropriate there.

### 2. The Northern District of California Is Well-Suited to Manage the Contact Lens Litigation

Centralization of the Related Actions in the Northern District of California is further appropriate because it is best suited to manage the litigation given (1) the strongest nexus to the allegations in the cases lie in the Northern District of California; (2) the Northern District of California has the judicial resources and expertise to manage the Related Actions; and (3) the Northern District of California is the most convenient forum for Costco Wholesale and the majority of the parties, counsel, and witnesses.

#### a. The strongest nexus to the allegations in the Related Actions is in the Northern District of California.

Contrary to *Cesare's* position, the Northern District of California has the strongest nexus to the Related Actions. At the time the *Cesare* motion to transfer was filed, there were only five named defendants, and it is true that two of the five were located in Florida. MDL Dkt. No. 4-1 at 7-8. Since the *Cesare* motion, however, approximately twenty-four additional actions have been filed and the number of named defendants has increased to twelve. The principal place of business for these respective defendants includes California, Washington, Utah, New York, New Jersey, Texas, and Florida, and the majority of plaintiffs reside in California. Therefore, relevant documents and witnesses are likely to be located in numerous states across the country, principal amongst those California, and it cannot be said that "the vast majority of crucial witnesses and documents will be located in Florida." *Id.* Likewise, none of the other potential districts where Related Actions are pending, including the District of Kansas, the Eastern District of Tennessee, or the District of New Jersey, provides any particular nexus to the Related Actions that would warrant transfer.

- 7 -

LEGAL125405649.8

Finally, for the *Costco* action against J&J in particular, as noted above, Costco Wholesale and its members have suffered significant injury in California. And importantly, Costco Wholesale's contract with J&J mandates venue and jurisdiction in San Francisco. Costco Wholesale's claims against J&J thus have a significant nexus to the Northern District of California. Because the majority of the plaintiffs are from California, several of the defendants are headquartered along the west coast (CooperVision, Inc., 1-800-Contacts, Inc., Costco Wholesale), Costco Wholesale and J&J's contract calls for jurisdiction and venue in San Francisco, and Costco Wholesale has suffered direct injury from J&J in the Northern District of California, the Northern District of California has a substantial nexus to the Related Actions and is the most appropriate forum to host the litigation.

    **b. The Northern District of California has the judicial resources and experience to manage the Related Actions.**

As explained in the *Miller* motion, the Northern District of California is also the best forum to host the litigation because it has the judicial resources and experience to manage the Related Actions. The Northern District of California has substantial experience in conducting complex multidistrict antitrust class actions. Indeed, there are seven multidistrict antitrust actions currently pending in the Northern District of California. MDL Dkt. No. 1-1 at 7-8. The judges in the Northern District of California are well experienced in managing complex, multidistrict antitrust actions and are best equipped to manage the consolidation or coordination of the Related Actions. *See In re: Lioderm Antitrust Litigation*, 11 F. Supp. 3d 1344, 1345 (J.P.M.L. 2014) (noting "the Northern District of California has the necessary judicial resources and expertise" to manage a multidistrict antitrust litigation).

    **c. The Northern District of California is the most convenient forum.**

Finally, the Northern District of California is the most convenient forum. Convenience to the parties is an important factor considered by the Panel in selecting the proper transferee forum. *See* 28 U.S.C. § 1407(a) (transfers shall be made by the Panel based on its determination that such transfers "will be for the convenience of the parties and witnesses . . . ."). As noted by

- 8 -

*Miller*, the Northern District of California has an abundance of infrastructure and several international airports making it accessible and convenient. *See In re Compression Labs, Inc., Patent Litigation*, 360 F. Supp. 2d 1367, 1368-69 (J.P.M.L. 2005) (finding the Northern District of California an appropriate forum because it is "an easily accessible, metropolitan district that is well equipped with the resources that this complex docket is likely to require."). With the majority of the plaintiffs residing in California, and several of the Defendants headquartered on the West Coast, convenience to the parties cannot be understated. South Florida is not "a central location." MDL Dkt. No. 4-1 at 10. Considering the time change and the distance, travel from the West Coast to southern Florida would be burdensome for the majority of the parties, their counsel, and witnesses as it would require unnecessary travel time and costs. *See In re: Lioderm Antitrust Litigation*, 11 F. Supp. 3d at 1345 (transferring to the Northern District of California over East Coast district courts because of its convenience to "the greatest number of parties" including parties on the West Coast compared to the East Coast). Should the Panel determine that transfer is appropriate, the Northern District of California is the most convenient forum for the most parties.

## IV. CONCLUSION

For the reasons expressed above, Costco Wholesale respectfully requests that the Related Actions and any subsequent tag-along actions be centralized in the Northern District of California.

Respectfully submitted,

DATED: March 30, 2015      **PERKINS COIE LLP**

By:    s/ *Shylah R. Alfonso*
       Shylah R. Alfonso, WSBA #33138
       *SAlfonso@perkinscoie.com*
       1201 Third Avenue, Suite 4900
       Seattle, Washington 98101-3099
       Telephone: 206.359.8000
       Facsimile: 206.359.9000

Attorney for COSTCO WHOLESALE CORPORATION

- 10 -