UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In Re:<br><br>DISPOSABLE CONTACT<br>LENS ANTITRUST | | Case No. 3:15-md-2626-J-20JRK<br>Case No. 3:15-cv-734-J-20JRK<br><br>Judge Harvey E. Schlesinger |
|---|---|---|
| THIS DOCUMENT RELATES TO:<br><br>All Actions Including:<br>Costco Wholesale Corp.,<br>v.<br>Johnson & Johnson Vision Care, Inc., | | |

## CASE MANAGEMENT AND SCHEDULING ORDER

This cause came on for consideration concerning completion of discovery and the

scheduling of pretrial procedures and trial, and this Court having considered the positions of the

parties, it is

**ORDERED:**

1. The fact discovery in this matter will commence on April 1, 2016, and will take place

in the following manner:

(A) Requests for Admission: All requests for admission shall be propounded pursuant to

the Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida

and in accordance with the discovery deadlines determined by this Court. By agreement

or motion, Defendants may seek to limit the number of Plaintiffs' requests for admission

in accordance with Fed. R. Civ. P. 26(b)(2).

(B) Written Interrogatories: All interrogatories shall be propounded pursuant to the

Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida and in

accordance with the discovery deadlines determined by this Court.  As for the number of written interrogatories, Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." Any request by Plaintiffs to exceed this limit must be presented by motion.

Plaintiffs collectively may to serve up to twenty-five (25) written interrogatories, including all parts and subparts, on each Defendant. Plaintiffs reserve the right to serve additional interrogatories, by agreement of the parties or by motion, if such additional interrogatories become necessary during the course of discovery.

(C) Requests for Production or Inspection: All requests for production or inspection shall be propounded pursuant to the Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida and in accordance with the discovery deadlines determined by this Court.

(D) Oral Party Depositions: All oral depositions shall be taken pursuant to the Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida and in accordance with the discovery deadlines determined by this Court.

As for the number of oral party depositions, Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be presented by motion.

Plaintiffs collectively may take up to twenty five (25) oral fact deposition of

2

Defendants in the aggregate, including depositions of Defendants' corporate representatives under Rule 30(b)(6).  Depositions of third-parties and experts do not count toward these limits.  Costco Wholesale may participate in the depositions of witnesses from Johnson & Johnson Vision Care Inc., but Costco Wholesale will not be permitted to attend the depositions of witnesses of Alcon Laboratories, Inc, Bausch & Lomb, CooperVision, Inc., and ABB because its claims pertain solely to Johnson & Johnson Vision Care Inc.

At Plaintiffs' depositions where Costco Wholesale participates, Costco Wholesale will also direct questioning, Costco Wholesale will be entitled to an extra three and one-half hours (3 1/2) of deposition time, in addition to the seven (7) hours allotted to Plaintiffs under Fed. R. Civ. P. 30(d). Reciprocally, Counsel for Plaintiffs may both be present at Costco Wholesale's depositions and direct questioning. At Costco Wholesale's depositions where Plaintiffs will also direct questioning, Plaintiffs will be entitled to an extra three and one-half hours (3 1/2) of deposition time, in addition to the seven (7) hours allotted to Costco Wholesale under Fed. R. Civ. P. 30(d). Such jointly conducted depositions shall not exceed ten and one-half (10 ½) hours. All other depositions shall comply with the durational limits set forth in Fed. R. Civ. P. 30(d). The number of depositions to which Costco Wholesale is entitled, including other additional, separate discovery, is provided for in the Joint Case Management Report filed by Costco Wholesale and Defendant Johnson & Johnson Vision Care, Inc. simultaneously herewith. Plaintiffs and Costco Wholesale reserve the right to take additional oral party depositions, by agreement of the parties or by motion, if such additional depositions become necessary

3

during the course of discovery.

(E) Third-Party Discovery: Third-party discovery will be conducted pursuant to the Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida and in accordance with the discovery deadlines set forth below.

(F) Disclosure of Expert Testimony: Plaintiffs' and Defendants' Fed. R. Civ. P. 26(a)(2) merits expert disclosures occur in accordance with the proposed schedule below in Paragraph 3.

(G) Supplementation of Disclosures and Responses: Plaintiffs' supplementation of disclosures and discovery responses will occur in a timely manner as set forth under Fed. R. Civ. P. 26(e).

2. Joint Discovery and Class Certification Schedule:[1]

(A) the deadline for the parties to exchange Rule 26(a) disclosures is April 22, 2016;

(B) Regularly Scheduled Conferences. Following the opening of discovery and throughout the discovery phase of this litigation, interim lead counsel shall initiate and coordinate a monthly telephone conference with United States Magistrate Judge James R. Klindt, subject to Judge Klindt's calendar. Interim lead counsel for the parties shall (1) confer at least 3 days before each scheduled conference and attempt to resolve outstanding disputes and (2) provide the Court at least 1 day prior to the conference a joint letter listing all motions and other matters the parties anticipate addressing at the conference. The parties should make every effort not to notice depositions for days on

---

[1] The class certification deadlines do not apply to Costco Wholesale Corp., v. Johnson & Johnson Vision Care, Inc., Case No. 3:15-cv-734-J-20JRK.

which status conferences are scheduled, and no deposition shall go forward on such days without prior leave of the Court;

(C) the deadline for serving initial documentary discovery requests on parties is April 22, 2016;

(D) the deadline for the parties to begin meeting and conferring regarding the exchange of transactional data and information sought in the initial documentary discovery requests is June 6, 2016;

(E) the deadline for the parties to meet and confer regarding subsequent documentary discovery requests is within 14 calendar days of the service of each set of subsequent documentary discovery requests;

(F) the deadline for the parties to produce usable transactional data is May 30, 2016;

(G) the deadline for the parties to substantially respond to initial documentary discovery requests is September 29, 2016;

(H) the deadline for Plaintiffs to file their motion for class certification and serve any supporting expert witness report(s) supporting class certification and material relied upon is December 7, 2016;

(I) Plaintiff to present class-related experts for depositions concerning their opening expert witness reports beginning 21 days after Plaintiffs' file their motion for class certification,

(J) the deadline for Defendants to file opposition to Plaintiffs' motion for class certification and serve any expert witness report(s) opposing class certification and materials relied upon is February 17, 2017;

5

(K) the parties are directed to complete fact discovery no later than April 2, 2017. With respect to discovery matters the date of completion is the <u>final</u> date discovery shall be made. All requests and motions pertaining to discovery shall be filed so that the discovery desired will be due <u>prior</u> to the completion date and any disputes which requires Court intervention shall be made by proper motion immediately. The conduct of any discovery which would require a later due date shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for trial thereby. The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes and, therefore, this Court will not hear discovery disputes arising during the stipulated continuance.

(L) a hearing on class certification is set for February 22, 2017 at 1:30 p.m.;

(M) the deadline for Plaintiffs to serve opening Rule 26(a)(2) merits-related expert witness designations and disclosures and material relied upon is August 25, 2017;

(N) the deadline for plaintiffs to serve reply Rule 26(a)(2) merits-related expert witness designations and disclosures and materials relied upon is September 22, 2017;

(O) the deadline for depositions of all merits-related expert witnesses is November 10, 2017;

3. Privilege Logs: Within sixty (60) days after each rolling production of documents by a party, that party shall provide a privilege log describing any documents withheld from production on the ground of any privilege in a manner sufficient to permit all parties and this Court to evaluate the basis of the claimed privilege.

The categorical privilege log shall identify, at a minimum: (a) the date of the

6

document(s); (b) author(s); (c) recipients; (d) the category description (e) the privilege justification for withholding the document(s); and (f) number of documents withheld within each category.

4. Third-Party Claims, Joinder of Parties, Potentially Dispositive Motions: The final date for filing motions for leave to file third-party claims and motions to join parties is the final date permitted under Local Rule 4.03.

The schedule for filing summary judgment motions is set forth in paragraph 7.

Nothing herein shall limit Plaintiffs' ability to move to amend their complaint to add, dismiss or substitute parties, and Defendants' right to oppose, subject to the Federal Rules of Civil Procedures.

5. The parties are further directed to meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3) and to timely adhere to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures, which is to be initiated by counsel for the Plaintiff(s).

6. Motions to amend any pleading or a motion for continuance of any pretrial conference, hearing, or trial filed after issuance of this Case Management and Scheduling Order are disfavored.  (See Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D)).

7. Motions for Summary Judgment shall be filed not later than December 22, 2017; the deadline for filing all oppositions to summary judgment motions is February 14, 2018.  Oral argument on the Motion(s) for Summary Judgment is scheduled for March 14, 2018 at 9:30 a.m.; **NOTE:  Counsel should send a courtesy copy of the motions and responses thereto directly to Judge Schlesinger's chambers.**

8. A final pretrial conference will be held in Courtroom 10C, 10th Floor, United States

Courthouse, 300 North Hogan Street, Jacksonville, Florida, on **Wednesday,** July 18, 2018 at 10:00 a.m.

**NOTE 1: Motions in limine shall be filed no later than five (5) working days prior to the pretrial conference.**

**NOTE 2: Photo identification is required to enter the United States Courthouse. Also, cellular telephones and laptop computers are prohibited in the courthouse without prior approval from this Court, upon written motion.**

(A) The lead attorneys for all parties are further directed to meet **in person** at their earliest convenience, initiated by counsel for the Plaintiff(s), but at least fourteen (14) days before the date of the pretrial conference to:

(1) discuss the possibility of settlement;

(2) stipulate to as many facts and issues as possible;

(3) prepare a pretrial stipulation in accordance with this Order;

(4) examine all exhibits and documents proposed to be used at the trial;

(5) furnish opposing counsel the names and addresses of all witnesses whom counsel actually intend to call at trial;

(6) review all depositions which are to be offered for any purpose other than impeachment to resolve objections to the portions to be offered in evidence;

(7) complete all other matters which may expedite both the pretrial and trial of this case.

(B) The pretrial stipulation shall contain:

(1) the factual basis of federal jurisdiction;

8

(2) a concise factual statement of the nature of the action;

(3) a brief, general factual statement of each party's case or contentions;

(4) for each party, a list of all witnesses who will be called at the trial;

> a. Each list of witnesses should include the witnesses' addresses and a statement of the general subject matter of their testimony. It is **not** sufficient to designate the witness simply "fact." "medical," or "expert." The list must also include an indication in good faith of those witnesses who **will** be called in the absence of reasonable notice to opposing counsel to the contrary and of those witnesses who **may** be called;

> b. A witness not included in the list will not be permitted to testify unless agreeable to all parties and their addition does not affect the trial date. This restriction does not apply to rebuttal witnesses or documents when necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports. Expert witnesses whose reports have not been furnished opposing counsel will not be permitted to testify to opinions not included in the reports timely furnished;

> c. Except for good cause shown, this Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of this Order and prior Court orders.

(5) for each party, a list and description of all exhibits intended to be introduced at the trial. Prior to preparing the pretrial stipulation, the parties shall meet,

exchange copies of all proposed exhibits, and agree as to their authenticity and relevancy. If the parties cannot agree as to certain exhibits, memoranda shall be filed at least five (5) working days before the trial stating the parties' respective positions;

a. Each list of proposed exhibits first should describe those exhibits that are to be admitted without objection, and then those exhibits to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties), and the nature of the objection. Markers identifying each exhibit should be attached to the exhibits at the time they are shown to opposing counsel during preparation of the pretrial stipulation.

b. If a party believes that good cause exists for not disclosing exhibits to be used solely for the purpose of impeachment, that party may **ex parte** request a conference with the Court and make the position known to the Court **in camera**.

c. Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct. If there are such exhibits, the parties shall state in the pretrial stipulation that they will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pretrial conference.

d. In addition to the formal list of exhibits, copies of all exhibits must be submitted to opposing counsel and a **bench book of exhibits delivered**

**directly to the judge's chambers five (5) working days before the start of the trial.** If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, then sufficient copies of such exhibits must be available so as to provide each juror with a copy. In the alternative, enlarged photographic or projected copies should be used.

e. Unless the Court orders otherwise, only exhibits included on the exhibit list in the pretrial stipulation and/or for which memoranda have been submitted shall be used at trial.

f. Each counsel shall submit to the Court on the day of trial a list of exhibits properly marked for identification which he or she desires to use at trial.

(6) for each party, a list of all deposition testimony to be offered into evidence;

a. The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel in the depositions. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony. As to any objections to the testimony which cannot be amicably resolved, the parties shall file no later than five (5) working days prior to trial a memoranda identifying the portions of the deposition in question and the grounds for objection. The parties' memoranda shall include appropriate statements of authorities in support of their positions.

b. In non-jury cases, the parties shall, at least five (5) working days prior

11

to trial, submit to the Court a summary of what each party intends to prove

and convey to the Court by the deposition testimony, including, where

appropriate, particular page and line references to the depositions.

(7) for each party, a list and brief description of any charts, graphs, models,

schematic diagrams, and similar objects which, although not to be offered in

evidence, counsel intends to use in opening statements or closing arguments. The

pretrial stipulation must contain a statement that the parties have no objection to

the use of the listed objects for such purpose or statement of the objections to their

use. There must also be a statement that if any other such objects are to be used,

they will be submitted to opposing counsel at least ten (10) days prior to trial and,

if there is opposition to their use, the dispute will be submitted to the Court at

least five (5) working days before trial;

(8) a concise statement of those facts which are admitted and will require no proof

at trial, together with any specific reservations directed to such admissions;

(9) a concise statement of those issues of law on which there is agreement,

including agreements reached under the Federal Rule of Evidence 502;

(10) a concise statement of those issues of fact which remain to be litigated.

Where applicable, particularities concerning the following fact issues shall be set

forth:

a. Whenever an issue is the seaworthiness of a vessel or the alleged unsafe

condition of property, the material facts and circumstances relied upon to

establish the claimed unseaworthy or unsafe condition shall be specified

12

with particularity;

b.  Whenever an issue is the negligence of the Defendant or the contributory or comparative negligence of the Plaintiffs, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;

c.  Whenever an issue involves personal injuries, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

d.  Whenever an issue is the alleged breach of a contractual obligation, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

e.  Whenever an issue is the meaning of a contract or other writing, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

f.  Whenever an issue is duress or fraud or mistake and is set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake shall be specified with particularity;

g.  Whenever special damages are sought, they shall be itemized with particularity;

h.  Whenever a conspiracy is charged, the facts and circumstances constituting the conspiracy shall be specified with particularity.

(11) a concise statement of those issues of law which remain for determination by this Court;

(12) a list of all motions or other matters which require action by this Court;

(13) a concise statement of any disagreement as to the application of the Rules of Evidence or the Federal Rules of Civil Procedure;

(14) a realistic estimate of the number of trial days required and a statement indicating whether the case is a jury or non-jury case;

    a. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given.

    b. If the case is a jury trial, the parties must indicate whether the jury trial is applicable to all aspects of the case or only to certain specified issues.

(15) a statement describing any other matters that might expedite a disposition of the case;

(16) the statement that "This pretrial stipulation has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this stipulation will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice;"

(17) the statement that "Possibility of settlement of this case was considered;" and

(18) the signatures of counsel for all parties.

(C) **NO LATER THAN FIVE (5) WORKING DAYS BEFORE THE DATE SET**

FOR THE FINAL PRETRIAL CONFERENCE, THE PARTIES SHALL FILE WITH THE COURT THE PRETRIAL STIPULATION PREPARED IN ACCORDANCE WITH PARAGRAPH (B) ABOVE, AND SEND TWO (2) COURTESY COPIES DIRECTLY TO JUDGE SCHLESINGER'S CHAMBERS.

(D)  **No later than five (5) working days before the trial term,** or at such other time as the Court may direct, each party shall file with the Clerk and opposing counsel and send two (2) courtesy copies directly to Judge Schlesinger's chambers: (1) a trial brief or memorandum with citations of authorities and arguments in support of his/her position on all disputed issues of law;  (2) in any jury trial, any special questions that the Court is asked to put to prospective jurors on **voir dire** and a complete set of all written requests for instructions to the jury.  Counsel shall meet for the purpose of exchanging proposed jury instructions and submitting an agreed-to set of jury instructions.  If there are requested instructions upon which they are unable to agree, the objecting counsel shall state, in writing, specific objections, citing authorities, and any alternative instruction which counsel consider more appropriate. Supplemental requests for instructions may be submitted at any time prior to the arguments to the jury.  All requests for instructions shall be plainly marked with the name and number of the case; shall contain citations of supporting authorities, if any; shall designate the party submitting the same; and in the case of multiple requests by a party, shall be numbered in sequence.  There shall be no more than one (1) instruction per page; and (3) in a non-jury trial, proposed written findings of fact and conclusions of law.

9.  **FAILURE ON THE PART OF COUNSEL OR AN UNREPRESENTED PARTY**

15

TO APPEAR AT THE FINAL PRETRIAL CONFERENCE OR TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER WILL SUBJECT THE PARTY OR ATTORNEY TO APPROPRIATE SANCTIONS UNDER THE RULES, AND MAY RESULT IN DISMISSAL OR STRIKING OF ALL PLEADINGS OF THE FAILING PARTY OR PERSON.

10. This case is set for jury trial in Courtroom 10C, 10th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, during the trial term commencing Monday, September 10, 2018, at 9:30 a.m.

11. In order that the intended purposes of the pretrial procedure are accomplished, all meetings of counsel, including the final pretrial conference, shall be attended by counsel who will participate in the trial of the case and is vested with full authority to make and solicit disclosures and agreements touching all matters pertaining to the trial.

12. In the event that the dates set herein for final pretrial conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

**DONE AND ENTERED** at Jacksonville, Florida, this 23rd day of March, 2016.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

16