UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In Re: <br><br> DISPOSABLE CONTACT LENS ANTITRUST | Case No. 3:15-md-2626-J-20JRK <br><br> Judge Harvey E. Schlesinger |
|---|---|
| THIS DOCUMENT RELATES TO: <br><br> All Actions | |

### ORDER

This matter is before this Court on the "Renewed Motion for Leave to File Consolidated Amended Complaint Against the Retailer Defendants and to Appoint Hagens Berman Interim Class Counsel on Behalf of Direct Purchaser Plaintiffs" (Dkt. 138) and the responses thereto (Dkts. 150, 152, 153). On March 30, 2016, a hearing was held on this motion during which this Court listened to the argument of counsel.

On June 10, 2015, the Judicial Panel on Multidistrict Litigation transferred to this Court these related antitrust actions on behalf of consumers who purchased contact lenses subject to UPP pricing. Following the transfers, this Court directed that applications for Interim Lead Counsel ("ILC") for the class be filed by July 30, 2015. (Dkt. 61). Two competing groups vied for ILC status: (1) Hagens Berman and Cohen Milstein ("Hagens Berman"), and (2) Hausfeld, Scott + Scott, and Robins Kaplan ("Hausfeld"). Hagens Berman sought ILC status on behalf of a class of "direct purchasers" who bought contact lenses from four retailers. (Dkt. 84). Whereas, Hausfeld applied to be ILC on behalf of all consumers who purchased contact lenses subject to the Defendants' UPPs. (Dkt. 83).

In the end, this Court examined the Federal Rule of Civil Procedure 23(g)(1)

considerations and selected Hausfeld as ILC. (Dkt. 116). This Court noted, in reaching this decision, that Hausfeld had the support of 94% of the named plaintiffs included in the multidistrict litigation. *Id.* at 3. Nevertheless, in recognition of Hagens Berman's clients, this Court allowed Hagens Berman to "attend the depositions and ask questions." *Id.* at 5.

Thereafter, Hagens Berman filed a "Motion for Clarification," asking to file a separate complaint naming certain retailers and seeking "limited participation" in discovery involving those retailers. (Dkt. 120). In clarifying the prior Order, this Court explained that after the Consolidated Amended Complaint was filed, this Court would "consider allowing a separate Complaint naming the retailers only as defendants." (Dkt. 126).

The Corrected Consolidated Class Action Complaint was filed on November 23, 2015. (Dkt. 135). Less than a month later, on December 11, 2015, Hagens Berman filed a renewed motion asking this Court to reconsider appointing ILC for the entire class, and requesting permission to file a class complaint against four retailers on behalf of a subset of the class. (Dkt. 138). On December 16, 2015, Hagens Berman was permitted to file its proposed complaint, and ILC was directed to respond. (Dkt. 140). That same day, Hagens Berman filed its proposed "Consolidated Class Action Complaint Against the Retailer Defendants for the Direct Purchaser Plaintiffs." (Dkt. 141).

The dispute here is a simple one—Hagens Berman's disagrees with ILC's decision not to name large retailers as defendants. Hagens Berman portrays the class it seeks to represent as "direct purchasers," but this is a false distinction. In actuality, Hagens Berman seeks to represent the same putative class of consumers that ILC now represents. The two complaints and class members illuminate the similarities. The ILC and Hagens Berman complaints both: (1) allege

that the manufacturer defendants and ABB Concise Optical Group, LLC, engaged in unlawful horizontal and vertical conspiracies; (2) seek to certify a class of consumers who purchased contact lenses at the retail level; (3) propose a class period of identical length; and (4) seek the same relief; damages attributable to the manufacturer defendants' UPPs on purchases through retailers.

Hagens Berman simply views this case differently than ILC. Which claims to pursue and which defendants to be sued—these are strategic decisions reserved for ILC. A disagreement on ILC's vision of this case is insufficient justification for a parallel suit, especially when denying Hagens Berman's motion would not preclude any plaintiff from opting out of these putative class actions and pursuing their individual claims. In contrast, granting Hagens Berman's motion creates inefficiency and avoidable duplication of effort by all parties involved. In short, Hagens Berman's request needlessly complicates this litigation and leads to an inefficient prosecution of this action.

This Court will not permit Hagens Berman to represent a subset of the existing putative class, which is currently represented by ILC, seeking the same damages against the same manufacturers based on the same conduct as alleged in the Corrected Consolidated Class Complaint. ILC is entitled, on behalf of the class, to choose the course that they believe will represent the class' best interests.

According, it is **ORDERED**:

The "Renewed Motion for Leave to File Consolidated Amended Complaint Against the Retailer Defendants and to Appoint Hagens Berman Interim Class Counsel on Behalf of Direct Purchaser Plaintiffs" (Dkt. 138) is **DENIED**.

3

**DONE AND ENTERED** at Jacksonville, Florida, this 15th day of June, 2016.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record