UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re:<br><br>DISPOSABLE CONTACT LENS<br>ANTITRUST LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>All Class Actions | Case No. 3:15-md-2626-HES-JRK<br><br>Judge Harvey E. Schlesinger<br>Mag. Judge James R. Klindt |

**DECLARATION OF CHRISTOPHER S. YATES
IN SUPPORT OF COOPERVISION, INC.'S RESPONSE TO
CLASS PLAINTIFFS' MOTION TO COMPEL COOPERVISION TO INCLUDE
ADDITIONAL CUSTODIANS AND PROVIDE A HIT LIST**

1.  I am a member of the bar of the state of California and a partner at the law firm of Latham & Watkins LLP. I am one of the counsel of record for Defendant CooperVision, Inc. ("CVI") in this action.

2.  On the day it responded to Plaintiffs' First Request for Production of Documents (May 5, 2016), CVI produced to Plaintiffs all documents and data it produced to the New York Attorney General in response to Class Plaintiffs' First Request for Production of Documents to Defendant CooperVision, Inc. CVI produced 124,666 pages of documents (20,724 individual documents) and 33.5 GB of data. Attached hereto as **Exhibit A** is a true and correct copy of the cover letter that accompanied CVI's production to Plaintiffs of these materials.

3.  CVI originally proposed 16 search terms to Plaintiffs. A true and correct copy of the email I sent to Peggy Wedgworth of Millberg LLP on June 1, 2016, containing this proposal is attached hereto as **Exhibit B**. Plaintiffs expanded the list of search terms to more than 70

search terms and also proposed modifications to significantly broaden the original 16 search terms. Attached hereto as **Exhibit C** is a true and correct copy of the letter containing as an attachment the search terms and modifications that Plaintiffs proposed to CVI on June 30, 2016. This letter also shows that Plaintiffs sought a total of 17 named custodians plus an undefined number of "Regional Sales Managers."

4. During the parties' negotiations, Plaintiffs never proposed that either Chris Holloway or Bob Weiss (who is not a CVI employee) should be custodians. Nor did Plaintiffs identify any of the eleven regional sales employees whose files they now ask the Court to compel CVI to search. The first time Plaintiffs proposed adding these individuals to the custodian list was in their Motion to Compel.

5. Attached hereto as **Exhibit D** is a true and correct copy of a letter I sent to Peggy Wedgworth of Milberg LLP, counsel for Plaintiffs, on July 5, 2016, in which CVI agreed to add 3 out of the 8 additional custodians Plaintiffs identified by name (for a total of 12 agreed custodians).

6. On July 15, 2016, the parties had a telephonic meet-and-confer during which Plaintiffs proposed adding 4 regional sales managers (who Plaintiffs never identified by name) as a "compromise" to resolve the dispute as to their original request to add an unlimited number of regional sales managers. CVI responded that its acceptance of this proposal would depend on the parties' ability to reach an agreement for *all* custodians (including the remaining 5 custodians who are not regional sales managers as to whom the parties had not yet reached an agreement). CVI requested that Plaintiffs propose an overall list of custodians that was proportional and reasonable, which could include regional sales managers. Plaintiffs never proposed the overall

list of custodians that CVI requested, or responded to this effort to reach a global resolution of these issues.

7. Prior to the Court's Order of July 25, 2016, limiting the scope of discovery in this action, the parties disagreed as to the proper breadth of the search terms. Following the Court's July 25, 2016, Order, CVI asked Plaintiffs to narrow their proposed search terms to comply with that Order so that the parties could proceed with their negotiations. A true and correct copy of the email I sent to Peggy Wedgworth of Millberg LLP on July 25, 2015, that reflects this communication is attached hereto as **Exhibit E**.

8. Plaintiffs failed to propose revisions to the search terms even though they indicated during the July 27, 2016, teleconference with the Court that they would do so.

9. To move the negotiations forward, on August 5, 2016, CVI proposed revised search terms that comply with the Court's July 25, 2016, Order. Attached hereto as **Exhibit F** is a true and correct copy of an email I sent to Peggy Wedgworth of Milberg LLP, counsel for Plaintiffs, on August 5, 2016. To that email, I attached a chart showing the original list of 16 search terms that CVI proposed to Plaintiffs, Plaintiffs' modifications and additions to that original list (which expanded the list to more than 70 search terms), and CVI's proposed compromise as to all search terms. A true and correct copy of this chart is attached hereto as **Exhibit G**.

10. The parties reached an agreement as to all 70 search terms that CVI will use to search for and produce responsive documents in this litigation on August 10, 2016. True and correct copies of the emails I exchanged with Peggy Wedgworth that are attached hereto as **Exhibit H**, **Exhibit I**, and **Exhibit J**, reflect this agreement. Thus, no dispute remains with respect to search terms.

11. Attached hereto as **Exhibit K** is a true and correct copy of a document that CVI produced in this litigation, which is Bates-numbered CVI00013381.

12. Attached hereto as **Exhibit L** is a true and correct copy of a document that CVI produced in this litigation, which is Bates-numbered CVI00094968.

13. Attached hereto as **Exhibit M** is a true and correct copy of a document that CVI produced in this litigation, which is Bates-numbered CVI00105254.

14. Attached hereto as **Exhibit N** is a true and correct copy of a document that CVI produced in this litigation, which is Bates-numbered CVI00107501.

15. Attached hereto as **Exhibit O** is a true and correct copy of a document that CVI produced in this litigation, which is Bates-numbered CVI00023313.

16. Attached hereto as **Exhibit P** is a true and correct copy of a document that CVI produced in this litigation, which is Bates-numbered CVI00093710.

17. Attached hereto as **Exhibit Q** is a true and correct copy of a document that CVI produced in this litigation, which is Bates-numbered CVI00117166.

18. Attached hereto as **Exhibit R** is a true and correct copy of a document that CVI produced in this litigation, which is Bates-numbered CVI00011852.

19. Attached hereto as **Exhibit S** is a true and correct copy of a document that CVI produced in this litigation, which is Bates-numbered CVI00115643.

20. Attached hereto as **Exhibit T** is a true and correct copy of a document that third-party the Contact Lens Institute produced in this litigation, which his Bates-numbered CLI_00000001811.

21. Attached hereto as **Exhibit U** is a true and correct copy of a document that third-party the Contact Lens Institute produced in this litigation, which is Bates-numbered CLI_00000001983.

22. Attached hereto as **Exhibit V** is a true and correct copy of a document that Bausch & Lomb produced in this litigation, which is Bates-numbered BLMDL00177378.

23. Attached hereto as **Exhibit W** is a true and correct copy of a document that third-party the Contact Lens Institute produced in this litigation, which is Bates-numbered CLI0000000442.

I hereby certify under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 24, 2016, in San Francisco, California.

_____
Christopher S. Yates