**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE DISPOSABLE CONTACT LENS ANTITRUST LITIGATION<br><br>This document relates to:<br>ALL ACTIONS | Case No. 3:15-MD-2626-J-20JRK |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT
JOHNSON & JOHNSON VISION CARE, INC. TO IDENTIFY TELEPHONE
NUMBERS OF CUSTODIANS USED FOR BUSINESS PURPOSES AND
<u>MEMORANDUM OF LAW IN SUPPORT</u>**

For the reasons set forth below, Plaintiffs respectfully move this Court for entry of an Order compelling Defendant Johnson & Johnson Vision Care, Inc. ("JJVC") to identify the business telephone numbers used by JJVC custodians who have produced documents in this case to communicate in their professional capacities during the Class Period. This includes trunk lines for business landlines, direct dial lines, and any cellular telephone numbers on which any business communications, including text messages, were made. Plaintiffs also seek identification of the carriers related to those phone numbers so that Plaintiffs can obtain phone records from third parties. Because time is of essence, Plaintiffs seek production of this information within one week of the entry of an order compelling JJVC to provide this information.

## INTRODUCTION

Plaintiffs first directly sought identification of the JJVC telephone numbers by letter dated October 19, 2016 after JJVC denied multiple requests for the underlying phone records themselves. In response, JJVC refused to provide the information, claiming that the request was "broad" and not likely to lead to relevant evidence. JJVC's position is meritless.

It cannot be seriously disputed that evidence of communication between the Defendants regarding the implementation of the uniform pricing policies – an agreement – cuts to the heart of Plaintiffs' conspiracy claims. *See U.S. v. Apple, Inc.*, 791 F.3d 290, 315 (2d Cir. 2015) (quoting *Mayor & City Council of Baltimore v. Citigroup, Inc.*, 709 F.3d 129, 136 (2d Cir. 2013)) ("Circumstances that may raise an inference of a conspiracy include '… evidence of a high level of interfirm communications.'"). Courts

routinely rely on evidence of telephone calls between parties to show collusion in antitrust cases. *See, e.g., Apple*, 791 F.3d at 307; *In re: Domestic Drywall Antitrust Litig.*, 163 F. Supp. 3d 175, 237-40, 259 (E.D. Pa. 2016) (relying, in part, on telephone conversations between defendants, revealed through the same discovery sought here, to deny summary judgment motion). This Court has itself acknowledged that communications between the Defendants are key in this very case. June 16, 2016 Order [ECF No. 243] at 34 (direct communication as a means of information exchange "indisputably facilitates and supports an inference of agreement.").

JJVC's claims of burden are similarly meritless. As described in prefatory oral argument on November 2, 2016, Plaintiffs will use these phone numbers to subpoena the related carriers for the underlying records. Review of the records is an onerous, painstaking, time-intensive task that Plaintiffs will undertake because this evidence is so key to Plaintiffs' claims that it is worth the effort. All JJVC must do is provide the telephone numbers themselves.[1]

JJVC's refusal to provide this simple, highly relevant information should not be tolerated. Plaintiffs respectfully request that JJVC be ordered to provide this information within one week of entry of an order granting this Motion.

## FACTUAL BACKGROUND

Plaintiffs' request that JJVC identify these phone numbers is covered both by Plaintiffs' First Set of Requests for Production of Documents ("RFPs") and Plaintiffs'

---

[1] Of course, to the extent that JJVC possesses such records, Plaintiffs may meet and confer with JJVC and seek such production. However, that is not the subject of the current Motion, which addresses the threshold issue of the numbers and providers themselves.

First Set of Interrogatories. JJVC has not disputed that the request for the numbers falls within their scope. Plaintiffs' RFPs were deemed served on all Defendants, including JJVC, on April 1, 2016. May 3, 2016 Order at 2 [ECF No. 229]. The RFPs included the following request for documents related to any communication between JJVC and any other Defendant related to the unilateral pricing policy, including phone logs:

> **Request For Production No. 31:** All Documents constituting, or relating to, any communication between You and any other Defendant regarding a UPP or price-related issues, including diaries, calendars, phone logs, expense reports, personal planners, or meeting software including but not limited to Skype, etc.

JJVC served its objections and responses to the RFPs on May 5, 2016, and objected to RFP No. 31 on the grounds that it was overly broad, unduly burdensome, and vague and ambiguous, among other reasons. Despite these objections, JJVC indicated that it would produce "responsive, non-privileged documents within its possession, custody, or control that are located after a reasonable search that relate to communications concerning disposable contact lens UPPs between JJVCI and another Defendant."[2] JJVC identified no documents that it was withholding on the basis of any of its objections.

Similarly, Plaintiffs' First Set of Interrogatories were deemed served on all Defendants, including JJVC, on April 1, 2016. Those interrogatories included the following request:

> **Interrogatory No. 13:** Identify all Communications and Meetings between any individual identified in response to Interrogatory No. 5 above and any other Defendants named in the Class Complaint, including where and when such Communications and Meetings

---

[2] A copy of JJVC's May 5, 2016 Supplemental Responses and Objections to Class Plaintiffs' First Set of Requests for Production is attached to the accompanying Declaration of Mili Desai ("Desai Decl.") as Exhibit 1, as required by Local Rule 3.04(a).

4

> occurred, between whom, and the substance of the Communications.

On May 5, 2016 JJVC served its Supplemental Responses and Objections to these interrogatories, which objected to the interrogatory on various bases, including the fact that it "asks JJVCI to regurgitate information that will be disclosed during discovery."[3]

Pursuant to RFP No. 31 and several interrogatories, Plaintiffs initially requested that JJVC produce phone records for custodians on the parties' initial meet and confer on May 20, 2016. Desai Decl. at ¶ 4. At that time, JJVC indicated that it would investigate whether such records were kept in the ordinary course. On June 23, 2016, Plaintiffs renewed their request that JJVC search for and produce phone records, relying on the relevance of communications between any custodian and any other Defendant. June 23, 2016 Letter from M. Desai to D. McEvoy (Desai Decl. Ex. 3). On the parties' next meet and confer, JJVC stated that it would not produce phone records for its document custodians, citing the burden of searching for these records, which were not preserved in the ordinary course. Desai Decl. at ¶ 4. Notably, JJVC did not dispute the relevance of such records. *Id.*[4]

Subsequently, by letter on October 19, 2016, Plaintiffs made the following request for work phone numbers and carrier information from the time period from January 1, 2013 (the beginning date for JJVC's document production) through the present:

---

[3] This is one of several of Plaintiffs' interrogatories that calls for communications between JJVC and other entities, to which the information subject to this motion would be responsive. *See* Supplemental Responses and Objections to Class Plaintiffs' First Set of Interrogatories (Desai Decl. Ex. 2).

[4] On a subsequent meet and confer, Plaintiffs also requested that JJVC search for text message communications which may have been preserved in the ordinary course of JJVC's business. *See* Desai Decl. at ¶ 5.

> Plaintiffs request that for each custodian, JJVCI provide all landline and cell phone numbers used for business purposes (including personal cell phones), effective time period for those numbers, and phone carriers for each line.  In addition, Plaintiffs request all direct dial phone numbers (i.e., office numbers) of each custodian, and the root number for each geographic office location where any custodian worked.

Oct. 19, 2016 letter to D. McEvoy (Desai Decl. Ex. 4).  This request did not seek production of the records themselves, but only the identification of numbers and carriers.

JJVC responded by letter dated October 28, 2016.  JJVC did not contest the validity of the discovery or that the Requests and Interrogatories covered the discovery sought.  Rather, JJVC responded as follows:

> This is a broad and invasive request, and under the terms of the Document Preservation Order (ECF No. 277) the information the parties are required to preserve related to telephones and mobile devices is very limited. *See id*. ¶ V(B). In any event, we do not see how this information is likely lead to any relevant documents or data.  We accordingly object to Plaintiffs' request for this information. To the extent Plaintiffs have a further justification for this request, we are happy to discuss it.

October 28, 2016 letter of D. McEvoy to M. Desai (Desai Decl. Ex. 5).

JJVC did not expand upon this general objection, make any showing as to proportionality or burden beyond these conclusory statements, or explain its change of position on the relevance of phone records.  Having reached an impasse on this issue with JJVC, Plaintiffs raised it with the Court during a telephonic hearing with Magistrate Judge James Klindt on November 2, 2016.  Mindful that tracing these communications

through third parties will take months, Plaintiffs requested to brief the matter immediately. Magistrate Judge Klindt allowed Plaintiffs to do so.[5]

## ARGUMENT

I.  The Revised Federal Rules Require Production of Proportional, Relevant Evidence

Federal Rule of Civil Procedure 26(b), as amended in December 2015, provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Because information requested in discovery "need not be admissible in evidence to be discoverable," Fed. R. Civ. P. 26(b)(1), the only question under the amended Rule 26 is "whether the discovery sought meets the standard set out in Rule 26(b)(1) for relevance and proportionality." *City of Jacksonville v. Shoppes of Lakeside, Inc.*, No. 3:12-CV-850-J-25 MCR, 2016 U.S. Dist. LEXIS 81846 at *4, 2016 WL 3447383 at *4 (M.D. Fla. June 23, 2016) (internal quotation and citation omitted). In determining whether discovery is "proportional," courts are to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "It remains true today both that claims and defenses provide discovery's outer bounds and that the court is inclined to err in favor of discovery

---

[5] This issue is only ripe as to JJVC at this time. Plaintiffs have requested this information from each Defendant and are meeting and conferring. A chart setting forth the status of these negotiations is included in the accompanying Desai Declaration. Desai Decl. at ¶ 11.

rather than against it." *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 676 n.4 (S.D. Ga. 2016) (internal quotation and citation omitted).

The amended Federal Rules require that a party objecting to a request for production of documents or an interrogatory state the grounds for the objection "with specificity." Fed. R. Civ. P. 34(b)(2)(B); 33(b)(4). Furthermore, each objection to a document request "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). This Court "does not consider frivolous, conclusory, general, or boilerplate objections." *Douglas v. Kohl's Department Stores*, Case No: 6:15-cv-1185-Orl-22TBS, 2016 WL 1588651 (M.D. Fla., Apr. 20, 2016) (overruling defendant's general objections, which "do not explain why the requests are irrelevant, overbroad, or otherwise objectionable" under amended Rule 34(b)(2)(B)).

Motions to compel discovery under Federal Rule of Civil Procedure 37(a) are "committed to the sound discretion of the trial court." *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Where the discovery being contested is "readily identifiable and available" and there is no "undue expense" associated with production, proportionality will be found. *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CVI-20000-RDP, 2015 WL 9694792 at *3 (N.D. Ala. Dec. 9, 2015). "[T]he objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules... each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Am. Humanist Ass'n, Inc. v. City of Ocala,* No. 5:14-CVI-651-Oc-32PRL, 2016

U.S. Dist. LEXIS 63436 at *5, 2016 WL 2783719 at *2 (M.D. Fla. May 13, 2016) (internal quotations and citations omitted).

II. An Order Requiring Immediate Identification of Telephone Numbers and Carriers Is Justified

A key element of proof in antitrust cases alleging conspiracy is telephone communications among defendants. In *United States v. Apple, Inc.*, for example, the Second Circuit pointed to specific telephone calls between Apple and various publishers as a significant component of the evidence that supported the District Court's finding that a conspiracy to fix the prices of e-books actually did exist, and to counter Apple's defense that it had merely "unwittingly facilitated" the publishers' joint conduct. 791 F.3d 290, 302, 318-20 (2d Cir. 2015). In *In re: Drywall Antitrust Litig.*, Judge Baylson pointed to specific telephone conversations between both analysts and the defendants themselves as evidence that could lead to a finding of collusion, and denied defendants' motion for summary judgment. 163 F. Supp. 3d 175, 240 (E.D. Pa. 2016) ("[T]he Court finds that the timing of the phone call … could [] lend weight to the permissible inferences drawn from this phone call, in favor of Plaintiffs."). In the trial of *In re Urethane Antitrust Litigation*, the jury considered evidence of specific telephone calls among defendants. *See* 768 F.3d 1245, 1264-65 (10th Cir. 2014) (plaintiffs' expert testified that he observed "widespread pattern of communication" among defendants' top executives). Put plainly, it is routine for defendants in such cases not only to identify the numbers, but produce the records in their possession. In this context, JJVC's blanket relevance objection is exceptionally baseless. Notably, JJVC cited no cases supporting its decision to withhold disclosure of the telephone numbers.

9

Even if there were not myriad examples in antitrust cases, it is simple logic that communications between parties are discoverable. Courts in this circuit routinely compel the production of phone numbers and records of individuals who may have discoverable information about a case. *See*, *e.g.*, *Townsend v. Hospital Bd. of Directors of Lee Cty.*, No. 2:10-cv-59-FTM, 2010 WL 3702546 (M.D. Fla. Sept. 16, 2010) (finding individuals' phone numbers were "facially relevant and otherwise reasonably calculated to lead to the discovery of admissible evidence"); *Hernandez v. Wilsonart Int'l, Inc.*, No. 09-cv-747-FtM-36SPC, 2010 WL 2557675 at *2 (M.D. Fla. June 22, 2010) (rejecting defendant's arguments that request for phone numbers of individuals with relevant information was overbroad or requested confidential information); *Hutchenson v. Cracker Barrel Old Country Store, Inc.*, No. 10-cv-00818-J-99TJC-JBT, 2011 WL 253645 at *1 (M.D. Fla. Jan. 26, 2011) (holding that where there was evidence that plaintiff had used landline and cellular phone for communications relevant to the case, records from both lines were discoverable); *Dunstan v. Wal-Mart Stores East, L.P.*, No. 3:07-cv-713-J-32TEM, 2008 WL 2025313 at *2 (M.D. Fla. May 9, 2008) (ordering plaintiffs to show cause why they should not pay defendants' attorney fees when plaintiffs produced phone numbers only after motion to compel was filed); *Global HTM Promotional Group, Inc. v. Angel Music Group LLC*, No. 06-20441CIV, 2007 WL 221423 at *3 (S.D. Fla. Jan. 26, 2007) (denying motion to quash subpoena for phone records on third party phone company).

The burden of gathering the phone numbers and the names of the phone carriers for the custodians is minimal – it involves speaking with the custodians, of course, but presumably JJVC has done so to prepare its defense and collect documents. JJVC has

identified no specific burden or cost associated with gathering and producing this information. *See* Desai Decl. Ex. 4. It is challenging to think what burdens could justify withholding such critical evidence.

Further, there is no question that the custodians possess discoverable information. JJVC identified these individuals as those most likely to possess evidence relating to the claims and defenses in this action. *See* June 1, 2016 letter from J. Hatch to M. Desai (Desai Decl. Ex. 6); August 11, 2016 letter from D. McEvoy to M. Desai (Desai Decl. Ex. 7). Indeed, some are identified in JJVC's initial disclosures as individuals likely to have discoverable information. *See* Desai Decl. Ex. 8. Thus, JJVC should already have provided (but did not) at least those individuals' current phone numbers in their initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(i); *Dunstan* 2008 WL 2025313. Moreover, the requested phone numbers and carrier information are uniquely in JJVC's possession and cannot be obtained by Plaintiffs from any other source.

JJVC's boilerplate responses and objections to Plaintiffs' RFPs and interrogatories are general, not specific, and do not address proportionality. Its response thus fails to meet the new standards for discovery objections under the Federal Rules as amended in December 2015. JJVC's failure to identify any documents it is withholding on the basis of its sundry general objections should be deemed a waiver of those objections. *See Douglas*, 2016 WL 1588651 at *2 (objections overruled where insufficiently specific under amended Federal Rules); *Garcia v. Padilla*, Case No. 15-cv-735, 2016 U.S. Dist. LEXIS 29398 (M.D. Fla. March 8, 2016) (where objection does not

specify whether documents are being withheld based on objection, it is deficient under Rule 34(b)).

Finally, JJVC's assertion that its obligation under the Court's Document Preservation Order [ECF No. 227] to preserve information related to "telephones and mobile devices" is "limited" is misleading, and actually proves Plaintiffs' point. If JJVC does not possess records of phone calls and texts because it has not preserved them, Plaintiffs must turn to third parties to recover these records, and that process should start immediately. The identification of the numbers themselves is a different matter. JJVC has not claimed that it purged the requested information from its files. Indeed, records of employees' phone numbers – both office and personal – are regularly kept by businesses in the ordinary course. If they are not, then the number and carrier information on the phones themselves was not "duplicative" of other records, and should have been preserved. *See* Document Preservation Order [ECF No. 227] ¶ V.B.2. In any event, collecting this information likely requires only a simple inquiry, as most reasonable individuals can identify their current and past phone numbers. JJVC has not indicated that it has even asked for those telephone numbers, and thus cannot support a burden argument in that regard now.

**CERTIFICATION**

Plaintiffs hereby certify that they have met and conferred in good faith with Defendants about the subject matter of this motion as required by Local Rule 3.01(g) and were unable to reach an agreement as to the resolution of this issue.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court enter an Order compelling the disclosure of all phone numbers and carrier information for any phone line – including trunk lines for business landlines, direct dial lines, and cellular telephone numbers – used by a JJVC custodian to communicate in their professional capacities during the Class Period, or other such relief that the Court deems just and proper.  Plaintiffs further request that the information be provided within one week of the entry of its Order.

DATED: November 8, 2016

                              */s/ Lesley E. Weaver*
                         Lesley E. Weaver
                         Mili G. Desai
                         BLEICHMAR FONTI & AULD LLP
                         1901 Harrison Street, Suite 1100
                         Oakland, CA 94612
                         Tel: (510) 844-7759
                         Email: lweaver@bfalaw.com
                                  mdesai@bfalaw.com

                         Michael P. Lehmann
                         Bonny E. Sweeney
                         Christopher L. Lebsock
                         HAUSFELD LLP
                         600 Montgomery Street
                         Suite 3200
                         San Francisco, CA  94111
                         Telephone: 415-633-1908
                         Facsimile: 415-217-6813
                         Email: mlehmann@hausfeld.com
                                  bsweeney@hausfeld.com
                                  clebsock@hausfeld.com

| | |
|---|---|
| Joseph P. Guglielmo | Michael D. Hausfeld |
| Thomas K. Boardman | James J. Pizzirusso |
| SCOTT+SCOTT, | Nathaniel C. Giddings |
| ATTORNEYS AT LAW, LLP | HAUSFELD LLP |
| The Chrysler Building | 1700 K St. NW, Suite 650 |
| 405 Lexington Avenue, 40th Floor | Washington, DC 20006 |
| New York, NY 10174-4099 | Telephone: 202-540-7200 |
| Telephone: 212-223-6444 | Facsimile: 202-540-7201 |
| Facsimile: 212-223-6334 | Email: mhausfeld@hausfeld.com |
| Email: jguglielmo@scott-scott.com | jpizzirusso@hausfeld.com |
| tboardman@scott-scott.com | ngiddings@hausfeld.com |
| *Interim Co-Lead Class Counsel* | *Interim Co-Lead Class Counsel* |

Christopher M. Burke
Walter W. Noss
John T. Jasnoch
Jennifer J. Scott
Kate Lv
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
Email: cburke@scott-scott.com
      wnoss@scott-scott.com
      jjasnoch@scott-scott.com
      jscott@scott-scott.com
      klv@scott-scott.com

John A. DeVault, III
Florida Bar No. 103979
Courtney K. Grimm
Florida Bar No. 953740
BEDELL, DITTMAR, DEVAULT,
PILLANS & COXE, P.A.
The Bedell Building
101 East Adams Street
Jacksonville, FL  32202
Telephone: 904-353-0211
Facsimile:  904-353-9307
Email: jad@bedellfirm.com
Email: cgrimm@bedellfirm.com
*Plaintiffs' Local Counsel*

Hollis Salzman
Bernard Persky
William V. Reiss
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY  10022
Telephone: 212-980-7400
Facsimile:  212-980-7499
Email: hsalzman@robinskaplan.com
      bpersky@robinskaplan.com
      wreiss@robinskaplan.com
*Interim Co-Lead Class Counsel*

George W. Sampson
Lucinda M. Dunlap
SAMPSON DUNLAP LLP
1001 4th Ave., Suite 3200
Seattle, WA  98154
Telephone: 206-414-8340
Email: george@sampsondunlap.com
      lucinda@sampsondunlap.com
*Plaintiffs' Trial Counsel*

Robert C. Gilbert, Florida Bar No. 561861
KOPLOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2525 Ponce de Leon Boulevard
Suite 625
Coral Gables, FL  33134
Telephone:  305-384-7270
Facsimile:  954-525-4300
Email: robert@gilbertpa.com
Email: gilbert@kolawyers.com
*Plaintiffs' Liaison Counsel*

Steven C. Marks
Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, FL  33130
Telephone:  305-358-2800
Facsimile:  305-358-2382
Email: smarks@podhurst.com
      rjosefsberg@podhurst.com
*Plaintiffs' Trial Counsel*

Dennis Stewart
HULETT HARPER STEWART LLP
225 Broadway, Suite 1350
San Diego, CA  92101
Telephone: 619-338-1133
Facsimile:  619-338-1139
Email: dennis@hulettharper.com
*Plaintiffs' Trial Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                                              */s/ Mili G Desai*

Mili G. Desai
BLEICHMAR FONTI & AULD LLP
1901 Harrison Street, Suite 1100
Oakland, CA 94612
Tel: (510) 844-7740
Email: mdesai@bfalaw.com