**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In Re:<br><br>DISPOSABLE CONTACT LENS ANTITRUST LITIGATION | Case No. 3:15-md-2626-J-20JRK<br><br>Judge Harvey E. Schlesinger<br>Magistrate Judge James R. Klindt |
| THIS DOCUMENT RELATES TO:<br><br>All Class Actions | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO ENLARGE PAGE LIMITATION FOR MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully oppose Defendants' Motion to Enlarge Page Limitations for Memorandum of Law in Oppostion to Plaintiffs' Motion for Class Certification, ECF No. 495 (hereinafter, "Motion").

"Page limits exist to advance judicial economy." *Willingham v. City of Valparaiso, Florida*, No. 3:11CV542-MW/CJK, 2015 WL 12912452, at *2 (N.D. Fla. Jan. 16, 2015). Although Plaintiffs were able to comply with the twenty-five (25) page limit for their certification motion, Defendants now seek to file a fifty-five (55) page opposition—more than twice the length of Plaintiff motion. Defendants request should be denied because Defendants have failed to show why they need thirty-five more pages than Local Rule 3.01(b) allows, and a fifty-five page opposition brief would unduly burden the Court.

Defendants pay lip service to judicial economy by arguing that a single overlength response would "reduce the overall number of pages" and "reduce duplication" as compared with twenty-page individual responses submitted by each Defendant. That argument, however, is based on the faulty premise that each Defendant has the right to file its own twenty-page response such that Defendants should be permitted to pool their individual page limits.

Local Rule 3.01(b) does not provide for multiple oppositions by different parties to the same motion or give Defendants any right to pool page limits. *See Alpine Straightening Sys. v. State Farm Mut. Auto. Ins. Co.*, No. 614CV6003ORL31TBS, 2016 WL 2892503, at *1 (M.D. Fla. May 17, 2016) (striking a a 53 page objection to the magistrate's report and recommendation submitted by nine plaintiffs). While the court in that case noted that "Plaintiffs could have, but failed to seek leave of Court before filing their over-length Objection," it rejected the notion that multiple parties have an entitlement to pool page limits to file an opposition over tweny pages. *Id*.

Moreover, this Court's orders have consistently referred to a single opposition to class certification by all Defendants. In its March 24, 2016 Case Management Order, the Court set "the deadline for Defendants to file opposition to Plaintiffs' motion for class certification . . . ." ECF No. 204, at 5. And when the Court extended the schedule, it ordered that "Defendants shall file any opposition to Plaintiffs' motion and serve any supporting expert witness report(s) and material relied upon by May 12, 2017." ECF No. 361, at 3.

Moreover, when Defendants asked for additional time to respond to the certification motion, they did not say they wanted to file separate briefs or one oversized brief.  As the Court noted in its order, "The parties request a 13-day extension for Defendants to file their opposition to Plaintiffs' motion . . . ." ECF No. 477, at 1.

Defendants' reliance on Case Management Order No. 1, ECF No. 61, is misplaced.  That order resulted from an agreement among the parties enlarging the page length for **both** Defendants' motion to dismiss and Plaintiffs' opposition thereto before such motion was filed.  Here, in stark contrast, Defendants waited until a few days before their opposition is due and are now seeking an inequitable advantage of filing an opposition brief more than twice as long as the motion they oppose.

Defendants have failed to show good cause for the relief they seek.  Defendants offer only generalized conclusions such as "[a]llowing an enlarged and consolidated Response will benefit the Court" and that Defendants "intend to cite to the extensive factual record . . . and to to discuss their expert's submissions."  Defendants, however, fail to submit facts justifying their eleventh-hour attempt to nearly triple the length of their opposition.  Plaintiffs were able to comply with the page limits in their certification motion, and Defendants should as well.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion.

Dated:  June 13, 2017.

| | |
|---|---|
| /*s*/ Robert C. Gilbert | /*s*/ John A. DeVault, III |
| Robert C. Gilbert (Florida Bar No. 561861) | John A. DeVault III |
| Avi R. Kaufman (Florida Bar No. 84382) | Florida Bar No. 103979 |
| Scott Edelsberg (Florida Bar No. 100537) | BEDELL, DITTMAR, DEVAULT, |
| KOPELOWITZ OSTROW FERGUSON | PILLANS & COXE, P.A. |
| WEISELBERG GILBERT | 101 East Adams Street |
| 2800 Ponce de Leon Boulevard, Suite 1100 | Jacksonville, Florida 32202 |
| Coral Gables, Florida 33134 | Telephone: (904) 353-0211 |
| Telephone: (305) 384-7270 | Facsimile: (904) 353-9307 |
| gilbert@kolawyers.com | jad@bedellfirm.com |
| kaufman@kolawyers.com | |
| edelsberg@kolawyers.com | *Plaintiffs' Local Counsel* |

*Plaintiffs' Liaison Counsel*

/*s*/ Michael P. Lehmann
Michael P. Lehmann
Bonny E. Sweeney
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: 415-633-1908
Facsimile: 415-217-6813
mlehmann@hausfeld.com
bsweeney@hausfeld.com
clebsock@hausfeld.com

/*s*/ Nathaniel C. Giddings
Michael D. Hausfeld
James J. Pizzirusso
Nathaniel C. Giddings
HAUSFELD LLP
1700 K. St., NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeld.com
jpizzirusso@hausfeld.com
ngiddings@hausfeld.com

*Interim Co-Lead Class Counsel*

/*s*/ Christopher M. Burke
Christopher M. Burke
SCOTT + SCOTT,
ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
cburke@scott-scott.com

/*s*/ Joseph P. Guglielmo
Joseph P. Guglielmo
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174-4099
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

*Interim Co-Lead Class Counsel*

/*s/* Bernard Persky
Hollis Salzman
Kellie Lerner
Bernard Persky
William V. Reiss
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@robinskaplan.com
Klerner@RobinsKaplan.com
bpersky@robinskaplan.com

*Interim Co-Lead Class Counsel*

/*s/* Steven C. Marks
Steven C. Marks
Podhurst Orseck LLP
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
smarks@podhurst.com

*Plaintiffs' Trial Counsel*

/*s/* George W. Sampson
George W. Sampson
SAMPSON DUNLAP LLP
1001 4th Ave., Suite 3200
Seattle, WA 98154
Telephone: (206) 414-8340
george@sampsondunlap.com

*Plaintiffs' Trial Counsel*

/*s/* Dennis Stewart
Dennis Stewart
HULETT HARPER STEWART LLP
225 Broadway, Suite 1350
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139
dennis@hulettharper.com

*Plaintiffs' Trial Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/*s*/ Robert C. Gilbert
Robert C. Gilbert
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard
Suite 1100
Coral Gables, Florida 33134
Telephone: (305) 384-7270