# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE DISPOSABLE CONTACT LENS ANTITRUST LITIGATION<br><br>This document relates to:<br>ALL ACTIONS | Case No. 3:15-MD-02626-HES-JRK |

**REVISED MOTION FOR LEAVE TO SEAL AND TO FILE IN PAPER FORMAT (1) PLAINTIFFS' SECOND MOTION TO COMPEL DEFENDANT JOHNSON & JOHNSON VISION CARE, INC. TO PRODUCE DOCUMENTS IMPROPERLY WITHHELD ON PRIVILEGE GROUND AND FOR *IN CAMERA* REVIEW BY THE COURT; (2) DECLARATION OF MATTHEW S. WEILER IN SUPPORT OF THE MOTION TO COMPEL; AND (3) EXHIBITS 1-5, 7, 10-18 THERETO**

Pursuant to Local Rule 1.09 of the Middle District of Florida, Plaintiffs respectfully move this Court for entry of an Order allowing them to file under seal, and in paper format, their Motion to Compel Johnson & Johnson Vision Care, Inc. ("JJVC") to Produce Documents Improperly Withheld on Privilege Grounds, or, In the Alternative, for *In Camera* Review by the Court ("Motion"), the accompanying Declaration of Matthew S. Weiler in Support of the Motion to Compel ("Declaration"), and Exhibits 1-5, 7, 10-18 to the Declaration ("Exhibits"). [1]

In this District, a party seeking to seal materials must file a motion to seal that includes the following: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.09.  As demonstrated below, Plaintiffs have met each of these requirements, and the Court should grant Plaintiffs' request to seal.

### I. LOCAL RULE 1.09(B): CITATION TO THE STATUTE, RULE, OR ORDER AUTHORIZING THE SEAL AND STATEMENT ESTABLISHING THAT THE MATERIALS TO BE SEALED ARE WITHIN THE IDENTIFIED STATUTE, RULE, OR ORDER

The Stipulated Confidentiality Order in this case, ECF No. 226 (Apr. 27, 2016), provides that "Confidential Material" includes "any document, material or information supplied in any form, or any portion thereof, that contains confidential or proprietary personal, business, commercial, research, personnel, process, product or financial information of the producing party

---

[1] Plaintiffs submit this revised motion to seek to seal additional documents that were redacted in Plaintiffs' Second Motion to Compel with respect to Defendant JJVC but not identified in the original motion.

1

or non-party . . . ." ECF No. 226 at ¶ 5. Magistrate Judge James R. Klindt has previously authorized the sealing of materials that "contain information protected by the Stipulated Confidentiality Order (Doc No. 226; 'Confidentiality Order'), entered April 27, 2016." ECF No. 280, at 1.

Judge Klindt has previously sealed materials related to Plaintiffs' challenge to JJVC's privilege logs, and the instant motion raises substantially the same issues. *See* ECF No. 449.

## II. LOCAL RULE 1.09(B): DESCRIPTION OF MATERIALS TO BE SEALED AND NECESSITY OF FILING UNDER SEAL

The materials sought to be sealed or redacted contain or refer to material marked as Confidential by Defendant JJVC, or Confidential documents produced by third parties in connection with this litigation under the terms of the Stipulated Confidentiality Order. The materials to be sealed or redacted will be filed on August 25, 2017 pursuant to the September 1, 2016 Order of Magistrate Judge James R. Klindt. *See* ECF No. 297.

In the Motion, the material to be redacted includes proprietary business strategy or financial information and documents designated as Confidential by Defendant JJVC and third parties.

In the Declaration, the material to be sealed or redacted includes references to the specific third parties, communications with whom JJVC claims privilege, documents or material designated as Confidential by Defendant JJVC and third parties (Exhibits 1-5, 7, 10-18).[2]

---

[2] JJVC has taken the position that references to specific third parties on their privilege logs are confidential under the Stipulated Confidentiality Order. Because the subject of the Motion is communications with these third parties, nearly all non-legal portions of the Motion have been redacted. Plaintiffs have also removed all references to the names of these third parties in this publicly filed Motion to Seal and have redacted all references in the Declaration and Exhibits.

Sealing is necessary because these documents contain material subject to the Stipulated Confidentiality Order and the materials in question have been (or should have been) designated as Confidential Material. ECF No. 226.

### III. STATEMENT OF PROPOSED DURATION OF THE SEAL

Plaintiffs propose that the seal or redaction last from the date this motion is granted to the date that this case is finally closed or, if an appeal is taken, for the duration of that appeal as well. Good cause exists to extend the typical one-year limit on a seal because of the confidential nature of information contained in the Motion and the Declaration, and because of the potential for breach of the Stipulated Confidentiality Order through disclosure.

### IV. MEMORANDUM OF LAW IN SUPPORT OF PERMITTING MOTION TO BE SEALED

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero,* 480 F.3d at 1246.

This Court granted the parties' Stipulated Confidentiality Order on April 27, 2016. The April 27 order memorialized an agreement between the parties that all affidavits, briefs, memoranda of law, exhibits to motions, or other papers which contain or refer to material marked by either party as Confidential or Highly Confidential be filed under seal pursuant to Local Rule 1.09. ECF. No. 226 at ¶ 14. The relief requested here is precisely of the type contemplated in the Stipulated Order, and maintaining the unredacted copies of the Motion, Declaration, and Exhibits under seal would protect the confidential nature of that information. *See U.S. ex rel. Greg Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008); *see also Sun Microsystems, Inc. v. Network Appliance, Inc.*, 2009 U.S. Dist. LEXIS 122256, at *7-8 (N.D. Cal. Dec. 11, 2009) (granting request to seal portions of briefs and certain exhibits containing proprietary business information and designated as confidential under stipulated protective order).

V.  **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order allowing Plaintiffs to file under seal in paper format the Motion, Declaration, and Exhibits 1-5, 7, 10-18 attached to the Declaration.

DATED:  August 28, 2017

/s/ Matthew S. Weiler
Matthew S. Weiler

Lesley E. Weaver
Emily C. Aldridge
BLEICHMAR FONTI & AULD LLP
1999 Harrison Street, Suite 670
Oakland, CA 94612
Tel: (415) 445-4003
mweiler@bfalaw.com
lweaver@bfalaw.com
ealdridge@bfalaw.com

/s/ Michael P. Lehmann
Michael P. Lehmann
Bonny E. Sweeney
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel.: (415) 633-1908
Fax: (415) 217-6813
mlehmann@hausfeld.com
bsweeney@hausfeld.com

*Interim Co-Lead Class Counsel*

/s/ Christopher M. Burke
Christopher M. Burke
SCOTT + SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Tel.: (619) 233-4565
Fax: (619) 233-0508
cburke@scott-scott.com

*Interim Co-Lead Class Counsel*

/s/ Nathaniel C. Giddings
Michael D. Hausfeld
James J. Pizzirusso
Nathaniel C. Giddings
HAUSFELD LLP
1700 K. St., NW, Suite 650
Washington, DC 20006
Tel.: (202) 540-7200
Fax: (202) 540-7201
mhausfeld@hausfeld.com
jpizzirusso@hausfeld.com
ngiddings@hausfeld.com

*Interim Co-Lead Class Counsel*

/s/ Joseph P. Guglielmo
Joseph P. Guglielmo
SCOTT + SCOTT, ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334
jguglielmo@scott-scott.com

*Interim Co-Lead Class Counsel*

/s/ Bernard Persky
Hollis Salzman
Bernard Persky
Benjamin Steinberg
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, NY 10022
Tel.: (212) 980-7400
Fax: (212) 980-7499
hsalzman@robinskaplan.com
bpersky@robinskaplan.com
bsteinberg@robinskaplan.com

*Interim Co-Lead Class Counsel*

/s/ Dennis Stewart
Dennis Stewart
HULETT HARPER STEWART LLP
225 Broadway, Suite 1350
San Diego, CA 92101
Tel.: (619) 338-1133
Fax: (619) 338-1139
dennis@hulettharper.com

*Plaintiffs' Trial Counsel*

/s/ George W. Sampson
George W. Sampson
SAMPSON DUNLAP LLP
1001 4th Ave., Suite 3200
Seattle, WA 98154
Tel.: (206) 414-8340
george@sampsondunlap.com

*Plaintiffs' Trial Counsel*

/s/ Steven C. Marks
Steven C. Marks
PODHURST ORSECK LLP
25 West Flagler Street, Suite 800
Miami, FL 33130
Tel.: (305) 358-2800
Fax: (305) 358-2382
smarks@podhurst.com

*Plaintiffs' Trial Counsel*

/s/ Robert C. Gilbert
Robert C. Gilbert
Florida Bar No. 561861
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel.: (305) 384-7270
gilbert@kolawyers.com

*Plaintiffs' Liaison Counsel*

/s/ John A. DeVault
John A. DeVault
Florida Bar No. 103979
BEDELL, DITTMAR, DEVAULT,
PILLANS & COXE, P.A.
101 East Adams Street
Jacksonville, FL 32202
Tel.: (904) 353-0211
Fax: (904) 353-9307
jad@bedellfirm.com

*Plaintiffs' Local Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                                        */s/ Matthew S. Weiler*
                                        Matthew S. Weiler

                                        BLEICHMAR FONTI & AULD LLP
                                        1999 Harrison Street, Suite 670
                                        Oakland, CA 94612
                                        Tel: (415) 445-4006
                                        mweiler@bfalaw.com