# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| In Re:<br><br>**DISPOSABLE CONTACT LENS ANTITRUST LITIGATION** | Case No. 3:15-md-2626-HES-JRK<br><br>Judge Harvey E. Schlesinger<br>Magistrate Judge James R. Klindt |
|---|---|
| **THIS DOCUMENT RELATES TO:**<br>All Class Actions | |

## SETTLEMENT AGREEMENT

This Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement Agreement"), dated August 19, 2019 (the "Execution Date"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among: (i) Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson (collectively, "Plaintiffs"), for themselves and on behalf of each Settlement Class Member, on the one hand, and (ii) Defendant Bausch & Lomb Incorporated. ("B&L"), on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Middle District of Florida, Jacksonville Division and any other actions that may be transferred or consolidated into this litigation (the "Action"). This Stipulation is intended by the parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1 below.

## I.   PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Lead Counsel believe Plaintiffs' claims asserted in the Action have merit. However, Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against B&L through trial. Lead Counsel also have taken into account the uncertain outcome and risks of further litigation, especially in complex matters such as this Action. Lead Counsel also are aware of the risks presented by B&L's arguments in the pending summary judgment briefing. Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class in light of the circumstances present here. Based on their evaluation, Lead Counsel have determined that the Settlement set forth in this

2

Stipulation is in the best interests of Plaintiffs and the Settlement Class, and is fair, reasonable, and adequate.

## II.   B&L'S DENIALS OF WRONGDOING AND LIABILITY

B&L has consistently denied and continues to deny that it has violated any laws and maintains that its conduct was at all times proper and in compliance with all applicable provisions of law in all material respects. B&L has denied and continues to deny specifically each and all of the claims and contentions of wrongful conduct alleged in the Action, along with all charges of wrongdoing or liability against it arising out of any of the conduct alleged, or that could have been alleged, in the Action.

## III.   B&L'S USE OF UNILATERAL PRICING POLICIES TO DATE

In February 2014, B&L adopted a "Unilateral Pricing Policy" or "UPP" on B&L's Ultra product. Thereafter, B&L adopted a UPP on its BioTrue ONEday for Presbyopia and Ultra for Presbyopia contact lenses (collectively, including Ultra and private label versions of all such lenses, the "Relevant B&L lenses"). The UPPs with respect to the Relevant B&L lenses have all been terminated and are no longer in force or effect.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs, on the one hand, and B&L, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released as to all Released Parties, and the Action shall be settled, compromised, and dismissed with prejudice as to the Released B&L Parties, without costs, except as stated herein, and releases extended as set forth in this Settlement Agreement, upon and subject to the terms and conditions

3

of the Stipulation, as follows.

**1.      Definitions**

As used in this Stipulation the following terms have the meanings specified below:

1.1.      "Amended Complaint" means the Plaintiffs' Interlineation to Corrected Consolidated Class Action Complaint, filed in this Action on March 1, 2017.

1.2.      "Authorized Claimant" means any Settlement Class Member who submits a timely and valid Proof of Claim and Release Form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.3.      "Bar Date" is defined in Paragraph 8.5.

1.4.      "Claims Administrator" means an administrator to be chosen at a later date by Plaintiffs.

1.5.      "Class Notice and Administration Expenses" means the fees and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release Forms, and paying escrow fees and costs, if any.

1.6.      "Court" means the United States District Court for the Middle District of Florida, Jacksonville Division.

1.7.      "Defendants" means any and all parties named as defendants in the Amended Complaint and/or in any further amended complaint or pleading filed in this Action.

1.8.      "Effective Date" means the first date by which all of the events and conditions specified in Paragraph 10.1 of the Stipulation have been met and have occurred.

1.9.      "Escrow Account" means the account controlled by the Escrow Agent into which the sum of $10,000,000.00 (ten million dollars) shall be deposited by or on behalf of B&L.

1.10.   "Escrow Agent" means Huntington National Bank.

1.11.   "Fee and Expense Application" is defined in Paragraph 9.1.

1.12.   "Fee and Expense Award" is defined in Paragraph 9.1.

1.13.   "Final" means when the last of the following with respect to the judgment approving the Settlement shall occur: (i) the expiration of the time to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 30th day; and (iii) if a motion to alter or amend is filed under Federal Rule of Civil Procedure 59(e) or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, any service awards to Plaintiffs, or any Plan of Allocation of the Net Settlement Fund.

1.14.   "Judgment and Order of Dismissal" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, in substantially the

form of Exhibit B attached hereto, or such other substantially similar form agreed to by the Settling Parties.

1.15.   "Lead Counsel" means Scott+Scott, Attorneys at Law, LLP, Hausfeld, LLP, and Robins Kaplan LLP.

1.16.   "Net Settlement Fund" means the Settlement Fund less: (i) the amount of the Fee and Expense Award and any Plaintiffs' Service Award, if requested, and to the extent allowed by the Court; (ii) Class Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.17.   "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Settlement Class Members, as approved by the Court. Plaintiffs have full discretion as to when to inform the Court to issue notice of this Settlement.

1.18.   "Opt-Outs" is defined in Paragraph 10.4.

1.19.   "Person" means a natural person, individual, corporation, partnership, limited partnership, association, pension fund, mutual fund, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, beneficiaries, trustees, or assignees, and any other entity on behalf of whom the person has a legal right to make or release a claim.

1.20.   "Plaintiffs" means Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson.

1.21.   "Plaintiffs' Counsel" means Lead Counsel and any counsel who appeared on behalf of Plaintiffs in the Action.

1.22.   "Plaintiffs' Service Award" is defined in Paragraph 9.2.

1.23.   "Plaintiffs' Service Award Application" is defined in Paragraph 9.2.

1.24.   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund pursuant to which the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and the Released B&L Parties shall have no responsibility or liability with respect to the Plan of Allocation.

1.25.   "Preliminary Approval Order" means the order requesting, inter alia, the preliminary approval of the Settlement set forth in the Stipulation, in substantially the form of Exhibit A attached hereto, or such other substantially similar form agreed to by the Settling Parties.

1.26.   "Proof of Claim and Release Form" means the form as eventually approved by the Court for such use.

1.27.   "Released Claims" means the Released Class Claims and the Released B&L Parties' Claims.

1.28.   "Released Class Claims" shall be any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which the Releasing Class Parties ever had, now have, or hereafter can, shall or may have, representatively, derivatively, or in any other

7

capacity, against the Released B&L Parties, arising from or relating to the factual predicate of the Action, including all claims under federal and state antitrust, competition, and common laws regarding B&L's implementation, use, and enforcement of UPPs with respect to its Relevant B&L lenses, as identified above.

1.29.   "Released Class Parties" and "Releasing Class Parties" means each of the Plaintiffs and each Settlement Class Member.

1.30.   "Released B&L Parties' Claims" means any and all manner of claims, including Unknown Claims, that arise out of or relate in any way to the Releasing Class Parties' or Lead Counsel's institution, prosecution, or settlement of the claims, except for claims relating to the enforcement of the Settlement.

1.31.   "Released B&L Parties," or "Releasing B&L Parties" means B&L and each of B&L's past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.

1.32.   "Released Parties" means Released B&L Parties and Released Class Parties.

1.33.   "Releasing Parties" means the Releasing B&L Parties and the Releasing Class Parties.

1.34.   "Settlement Amount" means $10,000,000.00 (ten million dollars) in cash.

1.35.   "Settlement Class" means all persons and entities residing in the United States who made retail purchases of disposable contact lenses manufactured by Alcon Laboratories, Inc., Johnson & Johnson Vision Care, Inc., or B&L during the Settlement Class Period for their

own use and not for resale, where the prices for such contact lenses were subject to a Unilateral Pricing Policy and the purchase occurred during the period when the Unilateral Pricing Policy was in effect. Excluded from the Settlement Class are any purchases from 1-800-Contacts of disposable contact lenses subject to B&L's Unilateral Pricing Policy, where the purchase occurred on or after July 1, 2015. Also excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any coconspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action. This Settlement Class is coterminous with the Horizontal Class certified by the Court pursuant to Fed. R. Civ. P. 23(b)(3) on December 4, 2018. ECF No. 940.

1.36. "Settlement Class Member" means a Person who falls within the definition of the Settlement Class and has not timely and validly excluded himself,˙ herself, or itself in accordance with the procedures established by the Court.

1.37. "Settlement Class Period" means the period June 1, 2013 to December 4, 2018.

1.38. "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to the Escrow Account.

1.39. "Settlement Hearing" is defined in Paragraph 6.3.

1.40. "Settling Parties" means Plaintiffs and B&L.

1.41. "Summary Notice" means the summary notice form as eventually approved by the Court.

1.42. "Taxes" is defined in Paragraph 4.3.

1.43. "Tax Expenses" is defined in Paragraph 4.3.

1.44. "Termination Notice" is defined in Paragraph 10.2.

1.45. "Unknown Claims" means any and all Released Claims against the Released

Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the parties stipulate and agree that, by operation of the Judgment and Order of Dismissal, upon the Effective Date, Releasing and Released Parties shall have expressly waived, and each Settlement Class Member shall be deemed to have waived and by operation of the Judgment and Order of Dismissal shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code Section 1542. The Releasing Parties and Released Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims. Nevertheless, the Releasing Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member upon the Effective Date shall be deemed to have and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all of their respective Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

    1.46.    "Unilateral Pricing Policy" or "UPP" means a policy enacted by a manufacturer

10

which announces a minimum retail price for one or more of its contact lenses and states that it will not make such lenses available to customers that continue to resell or advertise the product below the announced minimum price.

**2.      CAFA Notice**

2.1.    Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court, B&L, at its own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

**3.      The Settlement**

**A.      The Settlement Fund**

3.1.    B&L shall pay the Settlement Amount in cash into the Escrow Account controlled by the Escrow Agent within fourteen (14) days of the Court's entry of the Preliminary Approval Order, provided that the time by which B&L must pay into the Escrow Account does not begin to run until Lead Counsel has provided B&L with such information as B&L may require to complete the wire transfer.

3.2.    Plaintiffs shall have the right, but not the obligation, to terminate the Settlement Agreement after the failure of B&L to timely pay the Settlement Amount in accordance with Paragraph 3.1, if B&L fails to cure such failure within seven (7) business days of receiving a written notice from Lead Counsel demanding such cure.

3.3.    Except as required by Paragraph 3.1 concerning payment of the Settlement Amount, and except as provided in Paragraph 5.1 concerning refund upon termination of the Settlement, B&L shall have no responsibility for any other costs, including any attorneys' fees and expenses or costs of class notice and claims administration, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court. For the sake of clarity, B&L shall bear its own cost in complying with its obligations set forth in Paragraph 8.2 and

Section 11.

### B.    The Escrow Agent

3.4.    The Escrow Agent shall invest the Settlement Amount deposited pursuant to Paragraph 3.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.5.    Neither the Settling Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to any losses suffered by, or fluctuations in the value of, the Settlement Fund.

3.6.    The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.7.    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

3.8.    All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed in their entirety in accordance with Paragraphs 8.4, 8.5, 8.8, and 8.10.

3.9.    Prior to the Effective Date, Lead Counsel, without further approval of B&L, may

pay from the Settlement Fund an amount sufficient to cover Class Notice and Administration Expenses, Taxes, and Tax Expenses associated with providing notice to the Settlement Class and the administration of the Settlement. Subsequent to the Effective Date, without further approval by B&L, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Class Notice and Administration Expenses.

### 4. Taxes

4.1.     The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulations §1.468B-1 and agree not to take any position for tax purposes inconsistent therewith. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Section 4, including the "relation-back election" (as defined in Treasury Regulations §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.2.     For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulations §1.468B-2(k)).

4.3     All (a) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned on the Settlement Amount, including any taxes or tax detriments that may be imposed upon the Settling Parties or their counsel with respect to any income earned

on the Settlement Amount for any period during which the Settlement Amount does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this Section 4 (including, without limitation, expenses of tax attorneys and/or accountants, mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Section 4) ("Tax Expenses"), shall be paid out of the Settlement Amount; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Escrow Account without prior approval of B&L, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(1)(2)). The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section 4.

**5.    Refund upon Termination of Settlement**

5.1.    In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment and Order of Dismissal is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Expenses, Taxes, or Tax Expenses pursuant to Paragraphs 3.9 and 4.3 shall be refunded to B&L. B&L shall have no right to seek reimbursement from any Person for the expenses actually incurred or due and owing for

14

Class Notice and Administration Expenses, Taxes, or Tax Expenses.

**6.      Preliminary Approval Order and Settlement Hearing**

6.1.    Lead Counsel shall submit the Stipulation to the Court and shall apply for entry of the Preliminary Approval Order in the form of Exhibit A attached hereto, requesting, inter alia, the preliminary approval of the Settlement set forth in the Stipulation. Though the parties agree that it is not practical to establish a timeline or to create the detailed contents of a Notice at this time, the eventual Notice, to also be approved by the Court prior to distribution, will set forth a summary of the terms of the Stipulation (including a description of the Released Class Claims); the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees, costs and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Settlement Class.

6.2.    It shall be the Claims Administrator's responsibility, under supervision of Lead Counsel, to disseminate the Notice and Summary Notice in accordance with this Stipulation and as ordered by the Court. Settlement Class Members shall have no recourse as to the Released B&L Parties, counsel for B&L, Plaintiffs, and Plaintiffs' Counsel with respect to any claims they may have that arise from any failure of the notice process.

6.3.    Lead Counsel shall request that after notice is given to the Settlement Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award and, if requested, the Plaintiffs' Service Award.

**7.      Releases**

7.1.    Upon the Effective Date, Plaintiffs and each of the Settlement Class Members

shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged against the Released B&L Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release Form) any and all Released Class Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of this Stipulation are not released. The Released B&L Parties and Plaintiffs acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part. The releases set forth herein are to be construed pursuant to New York law, including N.Y. General Obligations Law Section 15-108, which bars claims for contribution by joint tortfeasors and other similar claims. It is an express and material condition of this Agreement that it is intended to absolve the Released B&L Parties of any claims for contribution, indemnification or similar claims from any Person, including any other Defendants in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any of the Released B&L Parties. The Judgment and Order of Dismissal shall, to the extent not prohibited by law, contain a bar on such claims for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise.

   7.2.    Upon the Effective Date, Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement of any

action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Class Claims against the Released B&L Parties and any claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action or the Released Class Claims, except for claims relating to the enforcement of the Settlement.

7.3.   Upon the Effective Date, each of the Releasing B&L Parties shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Released B&L Parties' Claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Class Claims, except for claims relating to the enforcement of the Settlement. The Releasing B&L Parties, Plaintiffs, and Plaintiffs' Counsel acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

**8.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

8.1.   The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Settlement Class Members pursuant to the Plan of Allocation, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

8.2.   Within a reasonable period of time following execution of this Settlement and to the extent not already provided by B&L, B&L shall exercise reasonable efforts to provide or

cause to be provided to the Claims Administrator a list of names and addresses (including email addresses) of members of the Settlement Class who in accordance with the schedule eventually approved by the Court, Lead Counsel will cause the Claims Administrator to provide to all members of the Settlement Class, who can be identified using reasonable available data and through reasonable efforts, a Proof of Claim and release Form. The Notice and Proof of Claim and Release Form shall also be posted on the Claims Administrator's website. In accordance with the schedule to be approved by the Court, the Summary Notice will be distributed by means approved by the Court.  The cost of providing such notice shall be paid out of the Settlement Fund and not by B&L.

8.3.    The Settlement Fund shall be applied as follows:

8.3.1.    to pay all Class Notice and Administration Expenses;

8.3.2.    to pay the Taxes and Tax Expenses;

8.3.3.    to pay the Fee and Expense Award subject to the approval of the Court;

8.3.4.    to pay any Plaintiffs' Service Award subject to the approval of the Court; and

8.3.5.    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants pursuant to the Stipulation and the Plan of Allocation, as approved by the Court.

8.4.    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

8.5.    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release Form postmarked or submitted electronically by the date specified in the Preliminary Approval Order, or such other time as may be set by the Court (the "Bar Date"), supported by such documents as are specified in the Proof of Claim and Release Form.

8.6.    Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim and Release Form by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release Form that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment and Order of Dismissal. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

8.7.    The Claims Administrator shall calculate the claims of Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. B&L will have no involvement in reviewing or challenging claims. Following the Effective Date, the Claims Administrator shall distribute the Net Settlement to Authorized Claimants pursuant to the Plan of Allocation.

8.8.    Lead Counsel shall provide the Plan of Allocation to B&L for review and comment at least ten (10) business days before submitting it to the Court. B&L shall provide its

comments on the Plan of Allocation to Lead Counsel within seven (7) business days of receiving it. B&L shall take no position in any Court proceedings with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

8.9.    Other than in the event of the termination of the Settlement pursuant to Paragraph 5.1 or as provided in Paragraph 10.6, B&L shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial date of distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is de minimis, and any such remaining balance shall be donated to an appropriate 501(c)(3) non-profit organization selected by Lead Counsel and approved by the Court.

8.10.    The finality of the Court's Judgment and Order of Dismissal approving the Stipulation shall not be conditioned on any ruling by the Court concerning the Plan of Allocation of the Net Settlement Fund. Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement Agreement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and Order of Dismissal and the release of the Released Claims.

8.11.    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Released Parties, B&L, B&L's counsel, or the Claims Administrator based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or otherwise as further ordered by the Court. This provision does not include any

20

claim by any party for breach of this Stipulation.

### 9. Plaintiffs' Counsel's Attorneys' Fees, Costs, Charges, and Expenses

9.1.     Plaintiffs' Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of: (i) attorneys' fees, in an amount that is a reasonable percentage of the of the Settlement Fund; (ii) reimbursement of litigation expenses and costs incurred in connection with the prosecution of the Action; (iii) interest on such attorneys' fees, expenses and costs at the same rate as the earnings in the Settlement Fund, accruing from the inception of the Settlement Fund until the attorneys' fee, expenses and costs are paid; and (iv) service awards for Plaintiffs in conjunction with their representation of the Class. All such requested amounts will be disclosed in the notices provided to members of the Settlement Class. Attorneys' fees, expenses and costs, and interest awarded by the Court (the "Fee and Expense Award") to Plaintiffs' Counsel shall be paid from the Settlement Fund to Plaintiff's Counsel immediately upon entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections. Lead Counsel shall in its sole discretion determine whether any portion of any Fee and Expense Award shall be distributed to Plaintiffs' Counsel before the Effective Date. Lead Counsel shall allocate any Fee and Expense Award among Plaintiffs' Counsel in a manner which they in good faith believe reflects the contribution of those counsel to the prosecution and settlement of the Action. Service awards awarded by the Court to Plaintiffs shall be paid from the Settlement Fund to Plaintiffs only after the Effective Date has occurred.

9.2.     Plaintiffs may submit an application or applications to the Court (the "Plaintiffs' Service Award Application") for an award for their time and expense in representing the Settlement Class. Any such amounts awarded to Plaintiffs, as approved by the Court (the "Plaintiffs' Service Award"), shall be payable solely out of the Settlement Fund.

21

9.3.    The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately following entry of an order by the Court granting such award. In the event that the Effective Date does not occur, or the order making the Fee and Expense Award pursuant to Paragraph 9.1 is reversed or modified by final non-appealable order, or if this Stipulation is cancelled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid, then Plaintiffs' Counsel shall, in an amount consistent with such reversal, modification, cancellation, or termination, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within thirty (30) days from receiving notice from B&L's counsel or from a court of competent jurisdiction. Any refunds required pursuant to this paragraph shall be the several obligation of each Plaintiffs' Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund. Each Plaintiffs' Counsel, as a condition of receiving such fees and/or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

9.4.    The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award or Plaintiffs' Service Award to be paid out of the Settlement Fund are not part of the Settlement, and any order or proceeding relating to the Fee and Expense Application or Plaintiffs' Service Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and Order of Dismissal (including the releases contained herein).

9.5.    The Released B&L Parties shall not have any responsibility for or liability with respect to the payment of any Fee and Expense Award to any Plaintiffs' Counsel, or with respect

to the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim

thereto, of any Fee and Expense Award that the Court may make in the Action.

**10. Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination**

10.1. The Effective Date of the Stipulation shall be conditioned on the occurrence of all

of the following events:

    10.1.1. execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation;

    10.1.2. the Settlement Amount has been deposited into the Escrow Account as provided by Paragraph 3.1;

    10.1.3. no Settling Party has exercised its option to terminate the Stipulation pursuant to Paragraph 10.2;

    10.1.4. the Court has entered the Preliminary Approval Order;

    10.1.5. the Court has entered the Judgment and Order of Dismissal that, inter alia, dismisses with prejudice the Action as to B&L; and

    10.1.6. the Judgment and Order of Dismissal has become Final.

10.2. Plaintiffs, through Lead Counsel, and B&L, through B&L's counsel, shall, in

each of their separate discretions, have the right to terminate the Settlement set forth in this

Settlement Agreement by providing written notice of their election to do so ("Termination

Notice") to all other Parties hereto within thirty (30) days of the date on which: (i) the Court

enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the

Court enters an order refusing to approve this Settlement Agreement or any material part of it;

(iii) the Court enters an order declining to enter the Judgment and Order of Dismissal in any

material respect; or (iv) the Judgment and Order of Dismissal is modified or reversed by a court

of appeal or any higher court in any material respect. Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application, Plaintiffs' Service Award Application, and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of this Settlement Agreement or Settlement.

10.3.   The Settlement is non-recapture, *i.e.*, this is not a claims-made settlement. As of the Effective Date, B&L shall not have any right to the return of the Settlement Fund or any portion thereof for any reason. Upon the occurrence of all of the events referenced in Paragraph 10.1, any and all remaining interest or right of B&L, if any, in or to the Settlement Fund shall be absolutely and forever extinguished. If all of the conditions specified in Paragraph 10.1 are not met, then the Stipulation shall be canceled and terminated subject to Paragraph 10.6, unless Lead Counsel and counsel for B&L mutually agree in writing to proceed with the Settlement.

10.4.   If, prior to the Settlement Hearing, one or more putative members of the Settlement Class timely exercise their rights to be excluded from the Settlement Class ("Opt-Outs"), the processes set forth in this paragraph shall apply. Any Settlement Class Member who does not request exclusion from the Settlement has the right to object to the Settlement. Settlement Class Members may not both object and opt out of the Settlement. Any Settlement Class Member who wishes to object must timely submit an objection before the Settlement Hearing. If a Settlement Class Member submits both an objection and a written request for exclusion, he or she shall be deemed to have requested exclusion and shall not be bound by the Agreement if approved by the Court and the objection will not be considered by the Court.

10.5.   The Settling Parties and their respective counsel agree that they will make no effort to suggest, solicit, facilitate or otherwise encourage potential Settlement Class Members to exclude themselves from the Settlement.

10.6.    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate as set forth herein or shall not become effective by order of Court, counsel for B&L or Lead Counsel shall provide notice to the Escrow Agent and within five (5) business days after written notification, the Settlement Fund, less Class Notice and Administration Expenses, Taxes, and Tax Expenses reasonably and actually incurred shall be refunded pursuant to written instructions from counsel for B&L. At the written direction of counsel for B&L, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund.

10.7.    Except as otherwise provided herein, in the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Releasing Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action. In such event, the terms and provisions of the Stipulation, with the exception of Paragraphs 5.1, 10.6, and 12.7, shall have no further force and effect with respect to the Releasing Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Releasing Parties shall be deemed to return to their status as of the Execution Date. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation, the Fee and Expense Award, or the Plaintiffs' Service Award shall constitute grounds for cancellation or termination of the Stipulation.

## 11.    Resolution of Outstanding Discovery Obligations

11.1.    In consideration for the dismissal of the Action and the release of the Released Class Claims as against B&L, B&L agrees as follows.

11.2.    Notwithstanding any other provision in this Settlement Agreement, B&L may

assert, where applicable, the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, obligations under applicable data privacy laws or regulations, and/or any other applicable privilege or protection with respect to any documents, material, and/or information requested under this Settlement Agreement. None of the following provisions are intended to, nor do they, waive any such privileges or protections. Counsel for B&L will meet with Lead Counsel as is reasonably necessary to discuss any applicable domestic or foreign privilege or protection. Any disputes regarding privilege, protection or restriction that cannot be resolved by the parties shall be reserved for resolution by the Court. If any document, electronically-stored information, testimony, information, and/or thing that is protected by the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, the bank regulatory or examination privilege, obligations under applicable data privacy laws or regulations, and/or any other applicable privilege or protection is accidentally or inadvertently produced, Lead Counsel shall, upon discovery of such material or notice from B&L, promptly cease reviewing the material and return or destroy the material and all copies thereof within five (5) business days. Lead Counsel shall also delete or destroy the portions of any other documents or work product which refer to or summarize the material and shall make no use of the information contained in the material or further disseminate the material, regardless of whether Lead Counsel disputes the claim of privilege. The production of any such material shall in no way be construed to have waived any privilege or protection attached to such material.

11.3.   The confidentiality of any documents, materials and/or information provided to Plaintiffs pursuant to these provisions shall be covered by the protective order in effect in the Action.

11.4.    Subject to the foregoing paragraphs :

11.4.1.    To the extent any of B&L's documents produced in this Action (or any documents produced by Defendants or Plaintiffs that were generated by or sent to employees of B&L) are authentic and/or business records, B&L agrees to produce, through affidavits or declarations or, if necessary, through deposition or testimony at trial, representatives qualified to authenticate such documents and information and, to the extent possible, provide confirmation that such documents and information are business records, provided that Lead Counsel agrees to use reasonable efforts to minimize the burden to B&L of an such authentication or business record testimony.

11.4.2.    B&L agrees not to interfere with Plaintiffs' efforts to speak with any of B&L's former officers and/or employees about the subject matter of the Action; provided, however, that Plaintiffs shall provide reasonable notice to B&L prior to Plaintiffs' efforts to contact them and B&L shall be afforded the opportunity to represent such former officers and/or employees about the subject matter of the Action.

11.4.3.    B&L agrees to complete its re-review of documents it initially designated and withheld as privileged documents and produce any documents it is withdrawing its claim of privilege on (in whole or in part) within three (3) weeks of execution of this Settlement, and to work in good faith with Plaintiffs to resolve any questions or issues Plaintiffs may have with regards to that re-review.

### 12.    Miscellaneous Provisions

12.1.   The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

12.2.   The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action and the Released Claims, or which could have been asserted with respect to the Action based on the same factual predicate. The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Parties of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense

12.3.   The Parties agree to stop pursuing all pending discovery, and only engage in the limited discovery set forth in paragraph 11.4, as detailed in this Agreement.

12.4.   The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

12.5.   Neither the Stipulation nor the Settlement contained herein, nor any negotiations, discussions, proceedings, or acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) are or may be deemed to be or may be used as admissions of, or evidence of, the validity of any Released Claim, or of any wrongdoing or

28

liability of B&L; or (b) are or may be deemed to be or may be used as admissions of, or evidence of, any fault or omission of B&L in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settling Parties agree to not make any public statements that assert or imply otherwise. The Released B&L Parties, Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel may file the Stipulation and/or the Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Stipulation.

12.6.   All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation, pursuant to their terms.

12.7.   All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

12.8.   This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

12.9.   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

12.10. No waiver of any term or provision of this Settlement Agreement, or of any

breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest. No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

12.11. The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Settling Party shall bear its own costs.

12.12. Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

12.13. Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

12.14. All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (a) when emailed to the recipient, (b) when delivered personally to the recipient, (c) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (d) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Plaintiffs or to Lead Counsel:

Christopher L. Lebsock
Hausfeld LLP
600 Montgomery Street, 32nd Floor
San Francisco, CA 94111
Telephone: 415-633-1908
Facsimile: 415-358-4980

If to B&L or to B&L's counsel:

Robin D. Adelstein
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: 212-318-3000
Facsimile: 212-318-3400

12.15. The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or by PDF via email shall be deemed originals.

12.16. The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

12.17. The Court shall have exclusive jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

12.18. This Stipulation shall be governed by, construed and enforced in accordance with the law of the State of New York.

12.19. This Stipulation represents the entire agreement between the parties regarding the subject matter herein and supersedes and replaces any and all prior agreements.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,

by their duly authorized attorneys, dated August 19, 2019.

*On Behalf of Plaintiffs*

Hollis Salzman
Eamon O'Kelly
Benjamin Steinberg
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@robinskaplan.com
eokelly@robinskaplan.com
bsteinberg@robinskaplan.com

*Co-Lead Class Counsel*


Michael D. Hausfeld
James J. Pizzirusso
Nathaniel C. Giddings
HAUSFELD LLP
1700 K. St., NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeld.com
jpizzirusso@hausfeld.com
ngiddings@hausfeld.com

*Co-Lead Class Counsel*

Michael P. Lehmann
Bonny E. Sweeney
Christopher Lebsock
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: 415-633-1908

*On Behalf of Bausch & Lomb Incorporated*

Robin D. Adelstein
Mark A. Robertson
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: (212) 318-3304
robin.adelstein@nortonrosefulbright.com
mark.robertson@nortonrosefulbright.com


Eliot Fielding Turner
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
eliot.turner@nortonrosefulbright.com
*Counsel for Bausch & Lomb Incorporated*

Facsimile: 415-217-6813
mlehmann@hausfeld.com
bsweeney@hausfeld.com
clebsock@hausfeld.com


Christopher M. Burke
SCOTT + SCOTT,
ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
cburke@scott-scott.com

Joseph P. Guglielmo
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

*Co-Lead Class Counsel*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| In Re: | Case No. 3:15-md-2626-HES-JRK |
|---|---|
| **DISPOSABLE    CONTACT    LENS ANTITRUST LITIGATION** | **Judge Harvey E. Schlesinger** <br> **Magistrate Judge James R. Klindt** |
| **THIS DOCUMENT RELATES TO:** <br> **All Class Actions** | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT**
**WITH BAUSCH & LOMB, INC. AND AMENDMENT OF PROPOSED NOTICE PLAN**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] have entered into and executed Stipulation and Agreement of Settlement ("Settlement Agreement") with Bausch & Lomb Incorporated ("B&L" and together with Plaintiffs, the "Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims against B&L;

WHEREAS, in full and final settlement of the claims asserted against B&L in this Action, B&L agreed to pay the amount of $10,000,000 (the "Settlement Funds"), and to provide limited cooperation as set forth in the Settlement Agreement;

WHEREAS, Plaintiffs, having made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement of the Action against B&L and for dismissal of the Action against B&L with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, the Court has previously certified the proposed Settlement Class as a litigation class pursuant to Fed. R. Civ. P. 23 (ECF No. 940);

WHEREAS, the Court has appointed Scott+Scott Attorneys at Law LLP, Hausfeld LLP, and Robins Kaplan, LLP ("Lead Counsel") as class counsel (ECF No. 940);

WHEREAS, the Court has appointed Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine

---

[1]     As defined in the Settlement Agreement, the "Action" means the above-captioned litigation pending in the United States District Court for the Middle District of Florida, Jacksonville Division, and any other actions that may be transferred or consolidated into this litigation.

[2]     As defined in the Settlement Agreement, "Plaintiffs" are Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson.

Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson as class representatives (ECF No. 940);

WHEREAS, the Settling Parties have agreed to the entry of this [Proposed] Order Preliminarily Approving Settlement Agreement; and

WHEREAS, the Court has read and considered the Settlement Agreement and the exhibits annexed thereto and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise noted or defined herein.

## I.      PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

2.      Upon review of the record, the Court preliminarily finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval.  The Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Fairness Hearing described below.  The Court preliminarily finds that the settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and provides a reasonable basis for presuming that the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Order.

## II.      PLAN OF DISTRIBUTION, NOTICE, AND FAIRNESS HEARING

3.      At a later date after B&L exercises reasonable efforts to provide or cause to be provided a list of names and addresses of members of the Settlement Class pursuant to ¶8.2 of the

Settlement Agreement, Plaintiffs shall submit for the Court's approval a proposed Plan of Allocation of the Net Settlement Fund (and including all interest and income earned thereon after being transferred to the Escrow Account).

4. At a later date after B&L exercises reasonable efforts to provide or cause to be provided a list of names and addresses of members of the Settlement Class pursuant to ¶8.2 of the Settlement Agreement, Plaintiffs shall submit for the Court's approval a proposed notice plan for purposes of advising members of the Settlement Class, among other things, of their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Settlement Hearing to be scheduled by the Court, and their right to appear at the Settlement Hearing.

5. At or after the Settlement Hearing, the Court shall determine whether the Settlement Agreement, the proposed Plan of Distribution, any application for service awards, and any application for attorneys' fees and/or expenses for Lead Counsel should be finally approved.

## III.    OTHER PROVISIONS

6. The notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been met.

7. The Court approves of Plaintiffs' designated Claims Administrator.  Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreement.

8. The Court approves Plaintiffs' designation of Huntington National Bank as Escrow Agent.  Absent further order of the Court, the Escrow Agent shall establish the Escrow Account at Huntington National Bank and have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

9.      The Court approves the establishment of the Escrow Account under the Settlement Agreement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.  All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

10.     The Court approves the request that up to $500,000 of the Settlement Fund be used to pay for Class Notice and Administration Expenses.

11.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Net Settlement Fund shall be paid, as set forth herein and in ¶3.9 of the Settlement Agreement.  In the event the Court does not approve the Settlement Agreement, or if the Settlement Agreement otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to ¶3.9 of the Settlement Agreement.

12.     In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if such Settlement Agreement and any related orders had not been entered, and such Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided,

however, that in the event of termination of the Settlement Agreement, ¶¶5.1, 9.3, 10.6 and 12.7, of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force. Any portion of the Settlement Fund previously paid, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in ¶9.3 of such Settlement Agreement), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund shall be returned to B&L within five (5) business days after written notification of such event is sent by counsel for B&L or Lead Counsel to the Escrow Agent. At the request of B&L, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to B&L.

13.     The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest certification of any non-settlement class proposed in this Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any non-settlement class in this Action; and no party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority with respect to any motion to certify any non-settlement class or any other dispositive motion filed by a non-settling Defendant. Nor shall such preliminary approval prejudice any rights, claims, or defenses of any non-settling Defendant.

14.     B&L has denied wrongdoing or liability in connection with the allegations in the Action. As such, nothing in the Settlement Agreement constitutes an admission by B&L as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class.

15.     All proceedings in the Action with respect to B&L are stayed until further order of the Court. Such stay does not apply, however, to the extent actions are necessary to implement or

comply with the terms of the Settlement Agreement.

16.    All Class Members shall be bound by all determinations and judgments in the Action concerning the settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

17.    Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Settlement Class who does not enter an appearance will be represented by Lead Counsel.

IT IS SO ORDERED.

DATED: _____            _____
                                       JUDGE HARVEY E. SCHLESINGER UNITED
                                       STATES DISTRICT JUDGE

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| In Re: | Case No. 3:15-md-2626-HES-JRK |
|---|---|
| **DISPOSABLE CONTACT LENS ANTITRUST LITIGATION** | **Judge Harvey E. Schlesinger**<br>**Magistrate Judge James R. Klindt** |
| **THIS DOCUMENT RELATES TO:**<br>All Class Actions | |

# [PROPOSED) FINAL JUDGMENT AND ORDER OF DISMISSAL RE BAUSCH & LOMB INCORPORATED

This matter came before the Court for hearing pursuant to Plaintiffs' application for final approval of the settlement set forth in the Stipulation and Agreement of Settlement with Bausch & Lomb Incorporated. ("B&L"), dated August ___, 2019 (the "Settlement Agreement"). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

4.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes that:

a.      The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class

actions and other complex litigation and is the result of vigorous arm's-length negotiations undertaken in good faith;

      b.    This Action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

      c.    Success in complex cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

      d.    The Settlement Class Members' reaction to the Settlement set forth in the Settlement Agreement is entitled to great weight.

5.    Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Class Claims, against B&L and Released B&L Parties by the Plaintiffs and Releasing Class Parties are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

6.    The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class for all purposes, are not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreement or any other settlement from which members of Settlement Class are entitled to recover.

7.      Upon the Effective Date: (i) Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released B&L Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form) any and all Released Class Claims (including, without limitation, Unknown Claims); and (ii) Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Class Claims against any Released B&L Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind. This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasing Class Parties to pursue claims, if any, outside the scope of the Released Class Claims. Claims to enforce the terms of the Settlement Agreement are not released.

8.      Upon the Effective Date, each of the Releasing B&L Parties: (i) shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Released B&L Parties' Claims (including, without limitation, Unknown Claims); and (ii) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution against any counsel for Plaintiffs and Settlement Class Members in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Defendants' Claims. This Final Judgment and Order of Dismissal shall not affect in any way the right of B&L or Releasing B&L Parties to pursue claims, if any, outside the scope of

the Released B&L Parties' Claims. Claims to enforce the terms of the Settlement Agreement are not released.

9.    Upon the Effective Date, any claims for contribution, indemnification, or similar claims from any Person, including any other Defendants in the Action against any of the Released B&L Parties, arising out of or related to the Released Class Claims, are barred in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any of the Released B&L Parties.

10.    All rights of any Settlement Class Member against (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than B&L and Released B&L Parties with respect to Released Class Claims are specifically reserved by Plaintiffs and the Settlement Class Members. To the extent permitted and/or authorized by law, all UPP transactions with B&L during the Class Period, remain in the case against (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than B&L and Released B&L Parties, as a potential basis for damage claims and may be part of any joint and several liability claims.

11.    The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort and the publication of the Summary Notice satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

12.     The Plan of Allocation submitted by Plaintiffs is approved as fair, reasonable, and adequate.

13.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Class Claim, or of any wrongdoing or liability of the Released B&L Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released B&L Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein. The Released B&L Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement set forth in the Settlement Agreement; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing,

and administering the Settlement Agreement.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement, Paragraphs 5.1, 9.3, 106, and 12.7 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

16.     The Settling Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement. Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17.     There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal. The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.

IT IS SO ORDERED.


DATED: _____


_____
JUDGE HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE