UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In Re: | Case No. 3:15-md-2626-HES-JRK |
|---|---|
| DISPOSABLE CONTACT LENS ANTITRUST LITIGATION | Judge Harvey E. Schlesinger<br>Magistrate Judge James R. Klindt |
| THIS DOCUMENT RELATES TO:<br>All Class Actions | |

### FINAL APPROVAL ORDER AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO BAUSCH & LOMB, INC. AND COOPERVISION, INC.

This Action[1] is before this Court on the Plaintiffs' Motion for Final Approval of Settlement Agreements (Doc. 1136) and the Stipulation and Agreement of Settlements (Settlement Agreements) entered into by Plaintiffs,[2] Bausch & Lomb Incorporated (B&L) and CooperVision, Inc. (CV) (collectively, Settling Defendants) (collectively with Plaintiffs, Settling Parties). Specifically, as full and final settlement of the claims asserted against B&L in this Action, B&L has agreed to pay the amount of $10,000,000 and to provide limited cooperation as set forth in the Settlement Agreement. As full and final settlement of the claims asserted against CV in this Action, CV has agreed to pay the amount of $3,000,000 (together with the B&L settlement, the Settlement Funds) and to provide limited cooperation as set forth in the relevant Settlement Agreement.

---

[1] As defined in the Settlement Agreements, the "Action" means the above-captioned litigation pending in the United States District Court for the Middle District of Florida, Jacksonville Division, and any other actions that may be transferred or consolidated into this litigation.

[2] As defined in the Settlement Agreements, "Plaintiffs" are Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson. Pamela Mazzarella was a Plaintiff in the CV settlement, but not the B&L settlement.

1

The Court has previously certified the relevant litigation classes pursuant to Fed. R. Civ. P. 23 (Doc. 940). In that Order, the Court appointed Scott+Scott Attorneys at Law LLP, Hausfeld LLP, and Robins Kaplan, LLP (Lead Counsel) as class counsel. The Court appointed Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson as class representatives.

Further, on July 10, 2018 (Doc. 841) and October 8, 2019 (Doc. 1046)(the Preliminary Approval Orders) this Court: (a) preliminarily approved the Settlement Agreements; (b) preliminarily certified the Settlement Classes; (c) ordered that notice of the Settlement Agreements be provided to potential members of the Settlement Classes; (d) provided members of the Settlement Classes with the opportunity either to exclude themselves from the Settlement Classes or to object to any of the proposed Settlement Agreements and (e) designated Scott+Scott Attorneys at Law LLP, Hausfeld LLP, and Robins Kaplan, LLP as settlement class counsel for the Settlement Classes (Class Counsel) and Plaintiffs as class representatives of the Settlement Classes.

The Court conducted a hearing on February 25, 2020 (Fairness Hearing) to consider, among other things, (a) whether the terms and conditions of the Settlement Agreements and are fair, reasonable, and adequate to the Settlement Classes and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice against B&L and CV.

Plaintiffs have represented that the Settling Parties have agreed to the entry of this Final Approval Order of Settlement and Final Judgment and Order of Dismissal with Prejudice as to B&L and CV.

Based upon the Settling Parties' written submissions and the Settling Parties' in court representations, the Court finds:

1. "Released Parties" has the same meaning as set forth in the Settlement Agreements; due and adequate notice has been given to the Settlement Classes;

2. The 90-day period provided by the Class Action Fairness Act, 28 U.S.C. §1715(d), has expired as well as this Court's extension of the deadline until March 3, 2020;

3. The Court has read and considered the Settlement Agreements and the exhibits attached thereto and other documents submitted in connection with the Final Approval Order of Settlement and Final Judgment and Order of Dismissal with Prejudice as to B&L and CV;

4. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreements, unless otherwise noted or defined herein.

5. **Jurisdiction** – This Court has jurisdiction over the subject matter of the Action, all matters relating to the Settlement Agreements, as well as personal jurisdiction over all Parties and each of the Settlement Class Members.

6. **CAFA Notice** – The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

7. **Incorporation of Settlement Documents** – This Final Order and Judgment incorporates: (a) the Settlement Agreements and (b) the Mail Notice, Claim Form and Publication Notice, which were each approved by the Court in the Preliminary Approval Orders.

3

8. **Separate Settlement Funds** – The $3,000,000 from the CV settlement and the $10,000,000 from the B&L Settlement shall be maintained in separated funds.

9. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, including the submissions in support of the settlement and objections and responses thereto, the Court hereby affirms its determinations in the Preliminary Approval Orders and certifies, for the purposes of settlement only, the following Settlement Classes:

*CV*
[a]ll persons and entities residing in the United States who made retail purchases of disposable contact lenses manufactured by Alcon Laboratories, Inc., Johnson & Johnson Vision Care, Inc., Bausch & Lomb, Inc., or CV (or distributed by ABB Concise Optical Group) during the Settlement Class Period for their own use and not for resale, which were sold at any time subject to a Unilateral Pricing Policy. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any coconspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

*B&L*
all persons and entities residing in the United States who made retail purchases of disposable contact lenses manufactured by Alcon Laboratories, Inc., Johnson & Johnson Vision Care, Inc., or B&L during the Settlement Class Period for their own use and not for resale, where the prices for such contact lenses were subject to a Unilateral Pricing Policy and the purchase occurred during the period when the Unilateral Pricing Policy was in effect. Excluded from the Settlement Class are any purchases from 1-800-Contacts of disposable contact lenses subject to B&L's Unilateral Pricing Policy, where the purchase occurred on or after July 1, 2015. Also excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any coconspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

10. The requirements of Rule 23(a) and 23(b)(3) of the Federal

    Rules of Civil Procedure are satisfied solely for settlement purposes, as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

    b. Pursuant to Rule 23(a)(2), the Court determines that there are one or more questions of fact or law common to the Settlement Classes.

    c. Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Settlement Classes.

    d. Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Classes. Plaintiffs are certified as class representatives.

    e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members.

    f. Also pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action.

11. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Class Counsel are certified as settlement class counsel for the Settlement Classes.

12. **Notice** – The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Orders; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of (i) the pendency of the Action; (ii) the effect of the Settlement Agreements (including the Releases to be provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreements, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the

Settlement Classes; (vi) the right to appear at the Fairness Hearing; and (vii) the fact that Plaintiffs may receive incentive awards; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreements and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

13. Lead Counsel reserve the right to seek attorneys' fees and additional expenses from any later recovery in the case.

Based on these findings and pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement Agreements in all respects (including, without limitation: the Settlement Fund amount; the releases and the dismissal with prejudice of the claims asserted against B&L and CV in the Action) and finds that the Settlement Agreements are, in all respects, fair, reasonable, and adequate to the Settlement Classes. In reaching this conclusion, the Court considered the factors set forth in Leverso v. Southtrust Bank of AL, Nat'l Assoc., 18 F.3d 1527, 1530 (11th Cir. 1994). Moreover, the Court concludes that:

  a. the Settlement Agreements were fairly and honestly negotiated by counsel with significant experience litigating class actions and are the result of vigorous arm's-length negotiations undertaken in good faith;

  b. the Action involves contested issues of law and fact, such that the value of an immediate monetary recovery, in conjunction with the value of the cooperation agreement, outweigh the mere possibility of future relief after protracted and expensive litigation;

  c. this is a partial settlement of the Action in a multi-defendant antitrust case, meaning that if Plaintiffs' claims are proven at trial, non-settling defendants

will remain liable for all class damages under principles of joint and several liability, subject to any applicable rules of set off, and, as such, the Settlement Agreements provide a guaranteed cash recovery and other benefits to the Settlement Classes without substantially diminishing the value of the case going forward;

d. success in antitrust cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result and

e. Class Counsel's judgment that the Settlement Agreements are fair and reasonable is correct.

**Dismissal of the Action and Release** – Except as to any claim of those Persons (identified in Exhibit A) who have validly and timely requested exclusion from the Settlement Classes (Opt-Outs), the Action and all claims contained therein, as well as all of the Released Claims against any of the Released Parties by Plaintiffs, Settlement Class Members, and Releasing Parties are each hereby dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreements.

The Opt-Outs identified in Exhibit A are excluded from the Settlement Classes pursuant to properly made requests, are not bound by the Settlement Agreements, or this Final Order and Judgment and may not make any claim or receive any benefit from the Settlement Agreements, whether monetary or otherwise.

The releases set forth in the Settlement Agreements, together with the Definitions contained in the Settlement Agreements relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date.

Upon the Effective Date, each of the Released Parties: (a) shall be deemed to have, and by operation of this Final Order and Judgment shall have fully, finally, and forever waived, released,

relinquished, and discharged (i) Plaintiffs, Class Lead Counsel, and each and all Settlement Class Members from each and every one of the Settling Defendants' claims and (ii) any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws; (b) shall forever be enjoined from prosecuting the Settling Defendants' claims; and (c) agrees and covenants not to sue on the basis of any Settling Defendants' claims, or to assist any third party in commencing or maintaining any such suit related to any Settling Defendants' claims.

Upon the Effective Date, each of the Releasing Parties: (a) shall be deemed to have, and by operation of this Final Order and Judgment, shall have fully, finally, and forever waived, released, relinquished and discharged (i) all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim and release form, and (ii) any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws; (b) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties and (c) agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

Upon the Effective Date, claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid in the Action by way of settlement, judgment, or otherwise, are barred.

This Final Order and Judgment shall not affect, in any way, the right of Plaintiffs, Settlement Class Members, or Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.

Nothing in this Final Order and Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Final Order and Judgment.

All rights of Plaintiffs, Settlement Class Members and Releasing Parties against non-settling defendants or any Persons other than the Released Parties with respect to any of the Released Claims are specifically reserved by Plaintiffs, Settlement Class Members, or Releasing Parties. The commerce from B&L's and CV's UPP domestic sales of lenses within the Class Period shall remain in the case as a potential basis for joint and several liability damages claims against non-settling defendants, or any other Persons other than the Released Parties.

**No Admission** – Neither the Settlement Agreements nor the settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreements or the settlements contained therein: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settlement Agreements may be filed in an action to enforce or interpret the terms of the Settlement Agreements, the settlements contained therein and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Settlement Agreements and/or this Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**OTHER PROVISIONS**

The Court approves of Plaintiffs' designated Claims Administrator, Epiq Class Action & Claims Solutions, Inc. Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreements.

The Court approves of Plaintiffs' designation of Huntington National Bank as Escrow Agent. Absent further order of the Court, the Escrow Agent shall establish the Escrow Account at Huntington National Bank and have such duties and responsibilities in such capacity as are set forth in the Settlement Agreements.

The Court has previously held that the Claims Administrator may continue to receive and process claims until March 3, 2020.

The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest certification of any non-settlement class proposed in this Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any non-settlement class in this Action; and no party may cite or refer to the Court's approval of any Settlement Classes as persuasive or binding authority with respect to any motion to certify any non-settlement class or any other dispositive motion filed by a non-settling Defendant. Nor shall such approval prejudice any rights, claims, or defenses of any non-settling Defendant.

All members of the Settlement Classes shall be bound by all determinations and judgments in the Action concerning the settlement set forth in the Settlement Agreements, whether favorable or unfavorable to the Settlement Classes.

Any member of the Settlement Classes may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Settlement Classes who does not enter an appearance will be represented by Lead Counsel.

A separate order shall be entered regarding approval of the award of litigation costs. Such an order shall in no way disturb or affect this Final Order and Judgment and shall not affect or delay the Effective Date of the Settlements. Accordingly, it is **ORDERED**:

Plaintiffs' Motion for Final Approval of Settlement Agreements (Doc. 1136) is **GRANTED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of March, 2020.

_____
**HARVEY E. SCHLESINGER**
United States District Judge

Copies to:
Counsel of Record

11

# Exhibit A

![epiq]

Contact Lens Antitrust Litigation
Opt Out Report

| Epiq ID(s) | Name | City | State |
|---|---|---|---|
| 1224906 | ALISON CLUTTER | PITTSBURGH | PA |
| 1638797; 1670602 | AMY BUCHANAN | LOCUST GROVE | VA |
| 2169124; 2224228 | BARBARA CAVANAGH | KENMORE | NY |
| 1922198 | BRANDI STEVENSON | SANDY | UT |
| 1148716 | BRUNO VENERO | WEST HARTFORD | CT |
| 1695182 | CAROLYN WATSON | CINCINNATI | OH |
| 1907434 | CYNTHIA MILLS | SPRING HILL | FL |
| 1881495 | DEENA BEAUMONT | HENDERSON | NV |
| 1763767 | DIANE BOYD | BREWERTON | NY |
| 1216604 | JAKE KOMP | HUSTISFORD | WI |
| 1416740 | JAMES BOVEE | SUFFOLK | VA |
| 1554526; 1735445 | JESSICA LEMIRE | GRAND RAPIDS | MI |
| 1380023 | KELLI BERGER | OMAHA | NE |
| 2310227 | LISA NELSON | PORTLAND | OR |
| 1473121 | MARIE PLATAS | NEW HYDE PARK | NY |
| 2318188 | MAURA BUCKLEY | MELROSE | MA |
| 1777188 | PATRICIA MARTIN | CANTON | GA |
| 1629414; 2037838 | SELINDA GRANADOS | ROWLETT | TX |
| 1193034 | STEVEN COLLOTON | DES MOINES | IA |
| 1822646 | WENDY NOWAK | JANESVILLE | MN |
| 2006987 | ALLEY MORGAN | AZLE | TX |
| 80339 | BRUCE WILSON | FRAMINGHAM | MA |
| 1557594 | DOLORES COVERT | COLUMBUS | OH |
| 2114972 | ESTHER YOON | PALISADES PARK | NJ |
| 1586003 | EVE TYLER | OAKLAND | CA |
| 1278981 | HITOMI ABE | BROOKLYN | NY |
| 2153530 | JACKIE JONES | LETTS | IA |
| 2342427 | LYDIA TALLIE | ABINGDON | MD |
| 2032065 | MARICEL MISAL | CLAREMONT | CA |
| 198233 | MARILYN BOE | NORFOLK | NE |
| 2284090 | MERCEDES PANLILIO | VIRGINIA BEACH | VA |
| 1757314 | MICHAEL SIMON | MADISON | WI |
| 1635860 | NEIL LAUDENSLAGER | COOPERSBURG | PA |
| 159628 | PATRICIA SCHAFER | MCPHERSON | KS |
| 36158 | SARA MALONEY | OVERLAND PARK | KS |
| 2243306 | TANNER BODILY | IDAHO FALLS | ID |
| 2445662 | TERI D MCCLOUD | GREENVILLE | SC |

| 1702287 | THOMAS MORGAN | AZLE | TX |
|---|---|---|---|