# EXHIBIT C

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| In Re: <br><br> DISPOSABLE CONTACT LENS ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> All Class Actions | Case No. 3:15-md-2626-HES-JRK <br><br> Judge Harvey E. Schlesinger <br> Magistrate Judge James R. Klindt |
|---|---|

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AGREEMENT WITH ABB OPTICAL GROUP LLC
AND PROPOSED NOTICE PLAN**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] have entered into and executed a Stipulation and Agreement of Settlement ("Settlement Agreement") with ABB Optical Group LLC ("ABB" and together with Plaintiffs, the "Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims against ABB;

WHEREAS, in full and final settlement of the claims asserted against ABB in this Action, ABB has agreed to pay the amount of $30,200,000 (the "Settlement Funds"), and to provide limited cooperation as set forth in the Settlement Agreement;

WHEREAS, Plaintiffs have made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement of the Action against ABB and for dismissal of the Action against ABB with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, Plaintiffs have also filed a proposed Notice Plan with their Motion for Preliminary Approval of the ABB Settlement;

WHEREAS, the Court has previously certified litigation classes pursuant to Federal Rule of Civil Procedure 23 (ECF No. 940);

WHEREAS, the Court has previously certified other settlement classes pursuant to Federal Rule of Civil Procedure 23 (ECF No. 1164);

---

[1] As defined in the Settlement Agreement, the "Action" means the above-captioned litigation pending in the United States District Court for the Middle District of Florida, Jacksonville Division, and any other actions that may be transferred or consolidated into this litigation.

[2] As defined in the Settlement Agreement, "Plaintiffs" are Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson.

WHEREAS, the Court has appointed Scott+Scott Attorneys at Law LLP, Hausfeld LLP, and Robins Kaplan, LLP ("Lead Counsel") as class counsel (ECF No. 940);

WHEREAS, the Court has appointed Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson as class representatives (ECF No. 940);

WHEREAS, the Settling Parties have agreed to the entry of this [Proposed] Order Preliminarily Approving Settlement Agreement; and

WHEREAS, the Court has read and considered the Settlement Agreement and the exhibits annexed thereto and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise noted or defined herein.

**I.  PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

2. Upon review of the record, the Court preliminarily finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. The Court also finds that the proposed Notice Plan satisfies the standards of Rule 23, in that it is best notice practicable under the circumstances and includes individual notice to all members who can be identified through reasonable effort. Among other things, the Notice Plan informs potential settlement class members of their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the

Settlement Hearing to be scheduled by the Court, and their right to appear at the Settlement Hearing. The Court hereby preliminarily approves the Settlement Agreement and Notice Plan, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and provides a reasonable basis for presuming that the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Order.

## II.   PLAN OF DISTRIBUTION AND FAIRNESS HEARING

3. At a later date Plaintiffs shall submit for the Court's approval a proposed Plan of Allocation of the Net Settlement Fund (and including all interest and income earned thereon after being transferred to the Escrow Account).

4. At or after the Settlement Hearing, the Court shall determine whether the Settlement Agreement, the proposed Plan of Distribution (if one is proposed), any application for service awards, and any application for attorneys' fees and/or expenses for Lead Counsel should be finally approved.

5. The Court sets the following schedule for upcoming dates and deadlines related to the ABB Settlement:

| Notice Date (Notice Mailing Completion, Updating of Website and Publication Notice) | 60 Days After Preliminary Approval and Approval of Notice Plan |
|---|---|
| Plaintiffs' Motions for Final Approval, Fees, Expenses, and/or Incentive Awards for the ABB Settlement | 45 Days After Notice Date |
| Opt-Out, Objection, and Claim Deadline for ABB Settlement Class; and | 60 Days After Notice Date |

| | |
|---|---|
| Opt-Out Deadline for B&L Only Purchasers from the Litigation Classes | |
| Plaintiffs' Replies in Support of Motions for Final Approval, Fees, Expenses, and/or Incentive Awards for the ABB Settlement | 90 Days After Notice Date |
| Fairness Hearing on ABB Settlement | 115 Days After Notice Date |

### III.   OTHER PROVISIONS

6.   The notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been met.

7.   The Court approves of Plaintiffs' designated Claims Administrator, Epiq Class Action & Claims Solutions, Inc.  Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreement.

8.   The Court approves Plaintiffs' designation of Huntington National Bank as Escrow Agent.  Absent further order of the Court, the Escrow Agent shall establish the Escrow Account at Huntington National Bank and have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

9.   The Court approves the establishment of the Escrow Account under the Settlement Agreement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

10. The Court approves the request that up to $500,000 of the Settlement Fund be used to pay for Class Notice and Administration Expenses.

11. All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Net Settlement Fund shall be paid, as set forth herein and in ¶3.9 of the Settlement Agreement. In the event the Court does not approve the Settlement Agreement, or if the Settlement Agreement otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to ¶3.9 of the Settlement Agreement.

12. In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if such Settlement Agreement and any related orders had not been entered, and such Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of the Settlement Agreement, ¶¶ 3.2, 5.1, 9.3, and 10.6, of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force. Any portion of the Settlement Fund previously paid, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in ¶9.3 of such Settlement Agreement), less Taxes due, if any, with respect to such income, and less up to $500,000 in the costs of administration and notice actually incurred and paid or payable from the Settlement Fund shall be returned to ABB within five (5) business days after written

notification of such event is sent by counsel for ABB or Lead Counsel to the Escrow Agent. At the request of ABB, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to ABB.

13. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest certification of any non-settlement class proposed in this Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any non-settlement class in this Action; and no party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority with respect to any motion to certify any non-settlement class or any other dispositive motion filed by a non-settling Defendant. Nor shall such preliminary approval prejudice any rights, claims, or defenses of any non-settling Defendant.

14. ABB has denied wrongdoing or liability in connection with the allegations in the Action. As such, nothing in the Settlement Agreement constitutes an admission by ABB as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class.

15. All proceedings in the Action with respect to ABB are stayed until further order of the Court. Such stay does not apply, however, to the extent actions are necessary to implement or comply with the terms of the Settlement Agreement.

16. All Class Members shall be bound by all determinations and judgments in the Action concerning the settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

17. Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.

Any member of the Settlement Class who does not enter an appearance will be represented by Lead Counsel.

    IT IS SO ORDERED.

DATED: _____, 2020

                                                           JUDGE HARVEY E. SCHLESINGER
                                                           UNITED STATES DISTRICT JUDGE