# EXHIBIT C

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **In Re:**<br><br>**DISPOSABLE CONTACT LENS ANTITRUST LITIGATION** | **Case No. 3:15-md-2626-HES-LLL**<br><br>**Judge Harvey E. Schlesinger**<br>**Judge Virginia M. Hernandez Covington**<br>**Magistrate Judge Laura L. Lambert** |
| **THIS DOCUMENT RELATES TO:**<br>**All Class Actions** | |

# DECLARATION OF THOMAS K. BOARDMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH ALCON VISION, LLC AND JOHNSON & JOHNSON VISION CARE, INC. AND PROPOSED NOTICE PLAN

I, Thomas K. Boardman, pursuant to 28 U.S.C. §1746, declare as follows:

1.      I am a partner at Scott+Scott Attorneys at Law LLP, Co-Lead Counsel for Plaintiffs in the above-captioned litigation.   I make this declaration in further support of Plaintiffs' Motion for Preliminary Approval of Settlement Agreements with Defendants Alcon Vision, LLC ("Alcon") and Johnson & Johnson Vision Care, Inc. ("JJVCI" and together with Alcon, "Settling Defendants") and Proposed Notice Plan. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      Plaintiffs have consummated Settlement Agreements attached as Exhibits A (Alcon) and B (JJVCI) to Plaintiffs' Motion for Preliminary Approval ("Settlements" or "Agreements"), which will resolve all claims against Alcon and JJVCI in the Action.[1]   The Alcon Settlement provides that Alcon will pay $20,000,000 ($20 million) and JJVCI will pay $55,000,000 ($55 million) in cash to create a Settlement Fund.  This is substantial and meaningful relief and is a great result for the Settlement Classes.

## I.      PROCEDURAL HISTORY

3.      Plaintiffs are seeking monetary damages and injunctive relief from the Defendants, on behalf of themselves and all others similarly situated who purchased disposable contact lenses subject to "Unilateral Pricing Policies" ("UPPs").  Plaintiffs alleged that Defendants instituted UPPs as a means of jointly raising the price of

---

[1]      All capitalized defined terms used herein have the same meanings ascribed in the Settlements.

disposable contact lenses.  Plaintiffs further alleged that Defendants' actions violated Section 1 of the Sherman Act and several state competition laws.

4.      Alcon, JJVCI, and the other Defendants have denied all of Plaintiffs' allegations of wrongdoing.  Alcon and JJVCI consistently defended their conduct by, *inter alia*, arguing that UPPs complied with the law and that they never entered into an agreement with the other Defendants to adopt, implement, or enforce the UPPs. Alcon and JJVCI advanced additional arguments in their defense as well.  Defendants have argued they did not collude in the adoption, implementation, or enforcement of the UPPs; that their UPPs did not unreasonably restrain competition; and that Plaintiffs lacked standing to sue on a classwide basis.  *Id*.  Alcon and JJVCI maintained these defenses throughout the litigation leading up to trial, which was scheduled to commence on March 28, 2022.

5.      Since 2015, this litigation has involved contested questions of law and fact surrounding whether the Defendants illegally restrained competition and whether Plaintiffs had standing to sue for damages.

### A.      Lead Counsel's Investigation

6.      Lead Counsel devoted substantial time to investigating the potential claims against Defendants.  Lead Counsel interviewed customers and potential plaintiffs to gather information about Defendants' conduct and the impact on customers.  This information was essential to Lead Counsel's ability to understand the nature of ABB's conduct, the nature of the UPPs, and potential remedies.  Lead

Counsel also consulted with experts to develop and refine their legal and damages theories.

**B.     The Course of Proceedings**

7.     On March 3, 2015, Plaintiffs John Machikawa, Bernadette Goodfellow, and Georgina Lepe filed the first consumer complaint against Defendants in the United States District Court for the Northern District of California ("*Machikawa*"), alleging that the major manufacturers of disposable contact lenses, B&L, Johnson & Johnson Vision Care ("JJVC"), Alcon Laboratories, Inc. ("Alcon"), CooperVision, Inc. ("CVI"), and their primary distributor, ABB Concise Optical Group ("ABB") (collectively, "Defendants"), alleging that their UPPs were illegal restraints on competition under §1 of the Sherman Act and various state unfair competition laws.

8.     Numerous additional suits were filed following the March 3, 2015 complaint.  On June 10, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated and centralized *Machikawa* along with all other pending class action lawsuits regarding the above-described conduct to the United States District Court for the Middle District of Florida.  The cases were re-captioned *In Re: Disposable Contact Lens Antitrust Litigation*, Case No. 3:15-md-2626-J-HES-JRK.

9.     On July 15, 2015, the Court entered a Case Management Order Pertaining to the MDL, the first in a series of scheduling orders to be applicable to this case.  (ECF No. 61.)

10.     On October 7, 2015, the Court granted Lead Counsel's motion appointing Hausfeld LLP, Scott+Scott Attorneys at Law LLP, and Robins Kaplan

LLP as interim lead counsel.  (ECF No. 116.)  On November 23, 2015, Lead Counsel, on behalf of Plaintiffs, filed the Consolidated Class Action Complaint ("Consolidated Complaint"), asserting six causes of action:  (1) Violation of 15 U.S.C. §§1 and 3 (*Per Se* Violation of the Sherman Act); (2) Violation of 15 U.S.C. §§1 and 3 (Rule of Reason Violations of the Sherman Act); (3) Violation of the California Cartwright Act; (4) Violation of the Maryland Antitrust Act; (5) Violation of the California Unfair Competition Law; and (6) Violation of the Maryland Consumer Protection Act.  (ECF No. 133.)

11.    On December 23, 2015, Defendants filed their Motion to Dismiss the Consolidated Complaint.  (ECF No. 146.)  Following briefing and oral argument, the Court denied Defendants' motion.  (ECF Nos. 185, 190.)  On July 27, 2016, Defendants filed their Answers and Affirmative Defenses.  (ECF Nos. 266-70.)

12.    On March 1, 2017, Plaintiffs filed the operative complaint in this matter. (ECF No. 395.)

**C.    Discovery Proceedings**

13.    Discovery commenced on April 1, 2016.  (ECF No. 204.)  During the course of discovery, Lead Counsel also served written discovery requests on Defendants and certain third parties.

14.    Defendants and 35 third parties produced approximately 4.1 million pages of documents, as well as voluminous electronic data files and spreadsheets in native format.  Lead Counsel and their experts reviewed and analyzed substantially all of the documents and electronic data files produced by Defendants.

15.    Discovery specific to Alcon and JJVCI was similarly hard-fought and vigorous.

16.    Alcon produced more than 621,000 pages of documents to Plaintiffs, and JJVCI produced more than 365,000 pages of documents.  Plaintiffs also took six depositions of current and former Alcon employees and five depositions of current and former JJVCI employees.

17.    In addition to the discovery from Alcon and JJVCI, the parties engaged in significant motion practice and extensive formal discovery, including 68 depositions of Plaintiffs, Defendants' employees, and third parties, and the production of more than 4.1 million pages of documents and voluminous electronically stored information.

18.    The parties briefed and argued Plaintiffs' motion for class certification, involving thousands of pages of briefing, expert reports, and two days of argument. The parties also briefed Defendants' motions for summary judgment, involving thousands of pages of briefing and six expert reports.

19.    On March 3, 2017, Plaintiffs filed a Motion for Class Certification and Supporting Memorandum of Law, and accompanying expert reports.  (ECF Nos. 396-98.)  On June 15, 2017, Defendants filed their Motion to Strike certain portions of Plaintiffs' Expert Reports and their Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification, accompanying expert reports, and other declarations. (ECF Nos. 500-10, 693.)  Plaintiffs filed their Reply and supporting declarations to the Class Certification Opposition on September 8, 2017 as well as their oppositions to

Defendants' Motion to Strike certain portions of Plaintiffs' Expert Reports. (ECF Nos. 611-18, 715.) On October 20, 2017, Defendants filed their Sur-Reply Memorandum of Law in Further Opposition to Plaintiffs' Motion for Class Certification. (ECF Nos. 674-78.)

20. On August 1 and 2, 2018, the Court held an evidentiary hearing on Plaintiffs' class certification motion, which involved examination and cross examination of Plaintiffs' and Defendants' experts, presentation of more than 50 exhibits and more than 10 hours or argument relating to Plaintiffs' motion for class certification and Defendants' motion to strike portions of Plaintiffs' expert reports. (ECF Nos. 865-1, 865-2, 866.)

21. On December 4, 2018, the Court issued an order granting Plaintiffs' motion for class certification and certified the following horizontal class (the "Litigation Horizontal Class"), among other classes:

> All persons and entities residing in the United States who made retail purchases of disposable contact lenses manufactured by Alcon Laboratories, Inc., Johnson & Johnson Vision Care, Inc., or B&L during the Settlement Class Period for their own use and not for resale, where the prices for such contact lenses were subject to a Unilateral Pricing Policy and the purchase occurred during the period when the Unilateral Pricing Policy was in effect. Excluded from the Settlement Class are any purchases from 1-800-Contacts of disposable contact lenses subject to B&L's Unilateral Pricing Policy, where the purchase occurred on or after July 1, 2015. Also excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any coconspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

(ECF No. 940) ("Class Certification Order"). The Court also appointed Hausfeld LLP, Scott+Scott Attorneys at Law LLP, and Robins Kaplan LLP as counsel for the

litigation classes, and appointed named Plaintiffs Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson as class representatives.

### D.   CVI, B&L, and ABB Settlements

22.   On August 30, 2017, Plaintiffs reached a settlement agreement with Defendant CVI.  The settlement included a monetary payment of $3,000,000 on behalf of a Settlement Class defined as follows:

> [A]ll persons and entities residing in the United States who made retail purchases of disposable contact lenses manufactured by Alcon Laboratories, Inc., Johnson & Johnson Vision Care, Inc., Bausch & Lomb, Inc., or CVI (or distributed by ABB Concise Optical Group) during the Settlement Class Period for their own use and not for resale, which were sold at any time subject to a Unilateral Pricing Policy. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any coconspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

(ECF No. 781-1, ¶1.37.)

23.   On July 10, 2018, the Court preliminarily approved the settlement with Defendant CVI but delayed dissemination of notice until later in the litigation.  (ECF No. 1011.)

24.   On August 19, 2019, Plaintiffs reached a settlement agreement with Defendant B&L.  The settlement included a monetary payment of $10,000,000 on behalf of a Settlement Class defined as follows:

> all persons and entities residing in the United States who made retail purchases of disposable contact lenses manufactured by Alcon

Laboratories, Inc., Johnson & Johnson Vision Care, Inc., or B&L during the Settlement Class Period for their own use and not for resale, where the prices for such contact lenses were subject to a Unilateral Pricing Policy and the purchase occurred during the period when the Unilateral Pricing Policy was in effect.  Excluded from the Settlement Class are any purchases from 1-800-Contacts of disposable contact lenses subject to B&L's Unilateral Pricing Policy, where the purchase occurred on or after July 1, 2015.  Also excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any coconspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

(ECF No. 1037-1) (the "B&L Settlement Class").

25.    The primary difference between the CVI Settlement Class and the B&L Settlement Class was that the former includes consumers who purchased *only* CVI contact lenses subject to a UPP while the latter does not.  The B&L Settlement Class was conterminous with the Litigation Horizontal Class, and as set forth below, the ABB Settlement Class is coterminous with the CVI Settlement Class given that ABB was a distributor of contact lenses made by all of the Defendant manufacturers including Alcon, JJVC, CVI, and B&L.

26.    On October 8, 2019, the Court granted preliminary approval of the B&L settlement and approved the notice plan to putative members of the CVI Settlement Class, the B&L Settlement Class, and the Litigation Classes.  (ECF No. 1046.)

27.    The approved notice for the CVI and B&L settlements as well as the Litigation Classes provided the timelines for making a claim, opting out of the settlements and/or litigation, and objection to the settlements and litigation classes.  (ECF Nos. 1037-4, 1046.)  The approved notice also described the differences between the Litigation Classes, the B&L Settlement Class, and the CVI Settlement Class and

notified putative members of the classes that distribution would be delayed until later in the case. (ECF No. 1037-4.)

28.     On January 16, 2020, Plaintiffs sought final approval of the settlements with B&L and CVI (ECF No. 1136), and on February 25, 2020, the Court held a fairness hearing regarding these settlements. (ECF Nos. 1154, 1158 (2/25/2020 Hr'g Trans.))

29.     On March 4, 2020, the Court issued its Final Approval Order and Final Judgment and Order of Dismissal with Prejudice as to Bausch & Lomb, Inc. and CooperVision, Inc. which granted final approval to the CVI and B&L settlements. (ECF No. 1164.)

30.     On September 22, 2020, Plaintiffs reached a $30,200,000 settlement with ABB. Plaintiffs moved for preliminary approval of the ABB settlement and accompanying notice plan on October 22, 2020. The Court granted preliminary approval of the ABB settlement on November 13, 2020, and notice was thereafter disseminated in the manner and form approved by the Court. On February 26, 2021, Plaintiffs moved for final approval of the ABB settlement. The Court held a fairness hearing on May 19, 2021, and granted final approval of the ABB settlement on June 1, 2021.

31.     The ABB Settlement Class is defined as follows in the Settlement Agreement:

> all persons and entities residing in the United States who made retail purchases of disposable contact lenses manufactured by Alcon, JJVC, CVI, or B&L during the Settlement Class Period for their own use and

not for resale, where the prices for such contact lenses were subject to a "Unilateral Pricing Policy" and the purchase occurred during the period when the Unilateral Pricing Policy was in effect.  Excluded from the Settlement Class are any purchases from l-800 Contacts of disposable contact lenses subject to B&L's Unilateral Pricing Policy, where the purchase occurred on or after July 1, 2015.  Also excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any alleged co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

ABB Agreement, ¶1.35.

### E.    The Alcon Mediation

32.    On Friday, February 25, 2022, Plaintiffs and Alcon engaged in a day-long mediation with Robert Meyer of JAMS in Los Angeles, California.  Although the Parties made progress, the initial mediation did not result in a settlement.  As the Parties prepared for trial over the following weeks, they also continued settlement negotiations through Mr. Meyer.  On March 22, 2022, Plaintiffs reached an agreement in principle to settle the action as to Alcon for $20,000,000.  Plaintiffs and Alcon finalized the settlement agreement the next day, March 23, 2022.

### F.    The JJVCI Mediation

33.    Plaintiffs and JJVCI participated in an all-day mediation on September 1, 2020 overseen by Hon. Layn Phillips (Ret.).  The initial mediation did not result in an agreement, and JJVCI and Plaintiffs continued preparing their respective cases for trial.   In the weeks preceding trial, the Parties engaged in further settlement negotiations with the assistance of Judge Phillips and his staff.  These negotiations continued into the week before trial, culminating in an agreement to settle the action

as to JJVCI for $55,000,000. JJVCI and Plaintiffs executed the JJVCI Settlement on March 27, 2022.

### G. Summary of Settlement Terms

34. The Settlements contain substantively the same terms. The following is a summary of their material terms.

35. The Settlement Class definitions in both Settlements are identical. They are opt-out classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Settlement Classes are also identical to the certified ABB Settlement Class and are defined as follows:

> [A]ll persons and entities residing in the United States who made retail purchases of disposable contact lenses manufactured by Alcon, JJVC, CVI, or B&L during the Settlement Class Period for their own use and not for resale, where the prices for such contact lenses were subject to a "Unilateral Pricing Policy" and the purchase occurred during the period when the Unilateral Pricing Policy was in effect. Excluded from the Settlement Class are any purchases from l-800 Contacts of disposable contact lenses subject to B&L's Unilateral Pricing Policy, where the purchase occurred on or after July 1, 2015. Also excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any alleged co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

Settlements, ¶1.35.

36. The Alcon Settlement requires Alcon to deposit $20,000,000 in cash into an Escrow Account[2] within 15 days following Preliminary Approval. Alcon Settlement, ¶3.1. The JJVCI Settlement Requires JJVCI to deposit $55,000,000 in

---

[2]    As with the previously approved Settlements, Lead Counsel intend to use Huntington National Bank as Escrow Agent for the Alcon and JJVCI Settlement Fund, subject to Court approval.

cash into an Escrow Account within 15 days following Preliminary Approval.  JJVCI Settlement, ¶3.1.  The Alcon Settlement and JJVCI Settlement will be combined to create the Settlement Fund.

37.     Based on the analysis of Plaintiffs' expert, Dr. Michael Williams, the $20,000,000 Alcon Settlement represents between 44.6%-77.7% of the Settlement Class Members' possible single vertical damages recovery against Alcon.  The $55,000,000 JJVCI settlement represents between 22.3%-33.7% of the Settlement Class Members' possible single vertical damages recovery against JJVCI.  The $10,000,000 recovery from B&L represented between 63.5% -72.4% of the Settlement Class Members' estimated damages recovery as against B&L.

38.     The Net Settlement Fund – which Lead Counsel intend to distribute at a later date on a *pro rata* basis among eligible Settlement Class Members who do not opt-out – is equal to the Settlement Fund plus any accrued interest and less: (i) the amount of any Fee and Expense Award and any Plaintiffs' Service Award (if requested and to the extent allowed by the Court); (ii) Class Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.  Settlements, ¶1.16.

39.     Any uncashed or returned checks will remain in the Settlement Fund after a reasonable period of time after the date the first Settlement Fund payments are mailed by the Settlement Administrator, during which time the Settlement Administrator will make reasonable efforts to effectuate delivery of the Settlement Class Member payments.  (Settlements, ¶8.9.)  Any residual funds still remaining after

that period will be distributed to Authorized Claimants until no funds remain, or there is a *de minimus* amount the remaining in the Settlement Fund. *Id*. If a *de minimus* amount remains after distribution to Authorized Claimants, any remaining balance shall be donated to an appropriate 501(c)(3) non-profit organization selected by Lead Counsel and approved by the Court. *Id*.

40. As noted in previous motions seeking approval of the earlier settlements, Plaintiffs intend to distribute the Net Settlement Fund to qualifying Settlement Class Members on a *pro rata* basis, subject to details specified in a motion to distribute funds to be filed at a later date.

41. The Settlement Class definitions of the CVI, ABB, Alcon, and JJVCI Settlements are all substantively the same and their funds will be distributed accordingly. Settlements, ¶1.35; ECF Nos. 1164, 1257.

42. The B&L Settlement Class definition does not include claims related to CVI, ECF No. 1164, so its fund has been, and will be, kept separate and not comingled with the funds from the other settlements.

43. The distribution of funds will be overseen by the Court-appointed Claims Administrator, Epiq.

44. The Settlements were reached in the absence of collusion and are the product of good-faith, informed, and arm's-length negotiations by competent counsel. I believe that a preliminary review of the factors related to the fairness, adequacy, and reasonableness of the Settlements demonstrate that they fit well within the range of reasonableness, such that Preliminary Approval is appropriate.

45.     Lead Counsel believe that the benefits of the Settlements outweigh the risks and uncertainties attendant to continued litigation that include, but are not limited to, the risks, time, and expenses associated with completing trial and final appellate review, particularly in the context of a large and complex multi-district litigation.

46.     The Settlements here are the result of intensive, arm's-length negotiations over an extended period between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this Action.  All negotiations were arm's-length and extensive and done under the supervision of experienced mediators.

47.     Furthermore, Lead Counsel are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases.  Lead Counsel zealously represented Plaintiffs and the classes throughout the litigation.  Lead Counsel ultimately prevailed at class certification, where this Court made its own independent determination that "Lead Counsel are skilled and adequate in all respects."  (ECF No. 940 at 127.)

48.     Plaintiffs and Lead Counsel are confident in the strength of their case but are also pragmatic in their awareness of the defenses available to Alcon and JJVCI, and the risks inherent in trial and post-judgment appeal.  Lead Counsel believe that the Settlements outweigh the risks of continued litigation.  Lead Counsel are also highly familiar with the challenged practices and defenses at issue in the Action through their experience litigating similar cases in MDL No. 1030 and elsewhere.

## H.     Conclusion

49.     Lead Counsel believe that the Settlements are fair and reasonable and satisfiy the requirements for preliminary approval.

I declare under penalty of perjury under the laws of the United States that the above statements are true to the best of my knowledge and belief.


Dated:       New York, New York

April 20 , 2022

Thomas K. Boardman