# EXHIBIT E

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| In Re:<br><br>DISPOSABLE CONTACT LENS ANTITRUST LITIGATION | Case No. 3:15-md-2626-HES-LLL<br><br>Judge Harvey E. Schlesinger<br>Judge Virginia M. Hernandez Covington<br>Magistrate Judge Laura L. Lambert |
|---|---|
| THIS DOCUMENT RELATES TO:<br>All Class Actions | |

# [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS WITH JOHNSON & JOHNSON VISION CARE, INC. AND ALCON VISION, LLC, APPROVING NOTICE PLAN, AND PRELIMINARILY CERTIFYING SETTLEMENT CLASSES

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] have entered into and executed the Agreements of Settlement ("Settlement Agreements") with Johnson & Johnson Vision Care, Inc. ("JJVCI") and Alcon Vision, LLC ("Alcon" and together with Plaintiffs and JJVCI, the "Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims against JJVCI and Alcon;

WHEREAS, in full and final settlement of the claims asserted against JJVCI and Alcon in this Action, JJVCI agreed to pay the amount of $55,000,000 and Alcon agreed to pay the amount of $20,000,000 (the "Settlement Funds");

WHEREAS, Plaintiffs, having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement Agreements, which sets forth the terms and conditions of the Settlements of the Action against JJVCI and Alcon and for dismissal of the Action against JJVCI and Alcon with prejudice upon the terms and conditions set forth in the Settlement Agreements;

---

[1] As defined in the Settlement Agreements, the "Action" means the above-captioned litigation pending in the United States District Court for the Middle District of Florida, and any other actions that may be transferred or consolidated into this litigation.

[2] As defined in the Settlement Agreements, "Plaintiffs" are Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson.

WHEREAS, the Court has previously certified litigation classes pursuant to Federal Rule of Civil Procedure 23 (ECF No. 940);

WHEREAS, the Court has appointed Scott+Scott Attorneys at Law LLP, Hausfeld, LLP, and Robins Kaplan, LLP ("Lead Counsel") as class counsel (ECF No. 940);

WHEREAS, the Court has appointed Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson as class representatives (ECF No. 940);

WHEREAS, Plaintiffs have sought, and JJVCI and Alcon do not object to, the certification of Settlement Classes (as defined below) solely for settlement purposes;

WHEREAS, Plaintiffs have also filed a proposed Notice Plan with their Motion for Preliminary Approval of the Settlements;

WHEREAS, the Settling Parties have agreed to the entry of this [Proposed] Order Preliminarily Approving Settlements; and

WHEREAS, the Court has read and considered the Settlements and the exhibits annexed thereto and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of the Settlements, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

3

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlements, unless otherwise noted or defined herein.

## I. PRELIMINARY APPROVAL OF SETTLEMENTS

2. Upon review of the record, the Court preliminarily finds that the Settlements resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. The Court also finds that the proposed Notice Plan satisfies the standards of Rule 23, in that it is the best notice practicable under the circumstances and includes individual notice to all members who can be identified through reasonable effort. Among other things, the Notice Plan informs potential settlement class members of their right to object to the Settlements, their right to exclude themselves from the Settlement Classes, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing to be scheduled by the Court, and their right to appear at the Fairness Hearing.

3. The Court hereby preliminarily approves the Settlements, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the settlements encompassed by the Settlements Agreements raise no obvious reasons to doubt their fairness and provide a reasonable basis for presuming that the Settlement Agreements satisfy the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlements should be given, subject to the Court's approval of a notice plan as provided in this Order.

## II. PRELIMINARY CERTIFICATION OF SETTLEMENT CLASSES

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, Settlement Classes for each the JJVCI and Alcon Settlements, defined as follows:

> All persons and entities residing in the United States who made retail purchases of disposable contact lenses manufactured by Alcon, JJVCI, CVI, or B&L during the Settlement Class Period for their own use and not for resale, where the prices for such contact lenses were subject to a "Unilateral Pricing Policy" and the purchase occurred during the period when the Unilateral Pricing Policy was in effect.
>
> Excluded from the Settlement Class are any purchases from l-800 Contacts of disposable contact lenses subject to B&L's Unilateral Pricing Policy, where the purchase occurred on or after July 1, 2015. Also excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any alleged co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.
>
> The Settlement Class Period is from June 1, 2013 to December 4, 2018.

5. Solely for purposes of settlement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Classes are so numerous that joinder of all members of the Settlement Classes is impracticable; (b) questions of law and fact common to the Settlement Classes predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the members of the Settlement Classes; (d) Plaintiffs and Lead Counsel have fairly and adequately

represented and protected the interests of the Settlement Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of members of the Settlement Classes in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Classes; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

6.  If the Effective Date does not occur with respect to the Settlements because of the failure of a condition that affects the Settlements, this conditional certification of the Settlement Classes shall be deemed null and void as to the Settling Parties subject to the Settlements without the need for further action by the Court or any of the Settling Parties.

### III.  PLAN OF DISTRIBUTION AND FAIRNESS HEARING

7.  At a later date, Plaintiffs shall submit for the Court's approval a proposed Plan of Allocation of the Net Settlement Fund (and including all interest and income earned thereon after being transferred to the Escrow Account).

8.  At or after the Fairness Hearing, the Court shall determine whether the Settlements, the proposed Plan of Distribution (if one is proposed), any application for reimbursement of the Representative Plaintiffs' time and expenses, and any application for attorneys' fees and/or expenses for Lead Counsel should be finally approved.

9. The Court sets the following schedule for upcoming dates and deadlines:

| | |
|---|---|
| Notice Date (Notice Mailing Completion, Updating of Website and Publication Notice) | 45 Days After Preliminary Approval and Approval of Notice Plan |
| Plaintiffs' Motions for Final Approval, Fees, Expenses, and/or Incentive Awards for the Alcon and JJVCI Settlements | 30 Days After Notice Date |
| Opt-Out, Objection, and Claim Deadline for Alcon and JJVCI Settlement Classes | 60 Days After Notice Date |
| Plaintiffs' Replies in Support of Motions for Final Approval, Fees, Expenses, and/or Incentive Awards for the Alcon and JJVCI Settlements | 75 Days After Notice Date |
| Fairness Hearing on Alcon and JJVCI Settlements | 90 Days After Notice Date |

## IV.  OTHER PROVISIONS

10. The notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been met.

11. The Court approves of Plaintiffs' designated Claims Administrator, Epiq Class Action & Claims Solutions, Inc. Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreements.

12. The Court approves of Plaintiffs' designation of Huntington National Bank as Escrow Agent. Absent further order of the Court, the Escrow Agent shall establish the Escrow Account at Huntington National Bank and have such duties and

responsibilities in such capacity as are set forth in the Settlement Agreements.

13. The Court approves the establishment of the Escrow Account under the Settlement Agreements as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreements and further order(s) of the Court.

14. The Court approves the request that up to $1,500,000 of the Settlement Fund be used to pay for Class Notice and Administration Expenses.

15. All reasonable expenses incurred in identifying and notifying potential Members of the Settlement Classes as well as administering the Net Settlement Fund shall be paid, as set forth herein and in Paragraph 3.9 of the Settlement Agreements. In the event the Court does not approve the Settlements, or if the Settlements otherwise fail to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 3.9 of the Settlement Agreements.

16. In the event that the Settlement Agreements are terminated, vacated, not approved, or the Effective Date fails to occur for any reason, then the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall

proceed in all respects as if such Settlement Agreements and any related orders had not been entered, and such Settlement Agreements (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of the Settlement Agreements, Paragraphs 3.2, 5.1, 9.3, and 10.6 of the Settlement Agreements shall nonetheless survive and continue to be of effect and have binding force. Any portion of the Settlement Fund previously paid, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in Paragraph 9.3 of such Settlement Agreements), less Taxes due, if any, with respect to such income, and less up to $1,500,000 in the costs of administration and notice actually incurred and paid or payable from the Settlement Fund, shall be returned to JJVCI and Alcon within five (5) business days after written notification of such event is sent by counsel for JJVCI, Alcon, or Lead Counsel to the Escrow Agent. At the request of JJVCI and/or Alcon, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to JJVCI and/or Alcon.

17. The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest certification of any non-settlement class proposed in this Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any non-settlement class in this Action; and no party may cite or refer to the Court's

approval of any Settlement Class as persuasive or binding authority with respect to any motion to certify any non-settlement class or any other dispositive motion filed by a non-settling Defendant. Nor shall such preliminary approval prejudice any rights, claims, or defenses of any non-settling Defendant.

18. JJVCI and Alcon have denied wrongdoing or liability in connection with the allegations in the Action. As such, nothing in the Settlement Agreements constitutes an admission by JJVCI or Alcon as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of the certification of any class.

19. All proceedings in the Action with respect to JJVCI and Alcon are stayed until further order of the Court. Such stay does not apply, however, to the extent actions are necessary to implement or comply with the terms of the Settlement Agreements.

20. All Class Members shall be bound by all determinations and judgments in the Action concerning the settlement set forth in the Settlement Agreements, whether favorable or unfavorable to the Settlement Classes.

21. Any member of the Settlement Classes may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Settlement Classes who does not enter an appearance will be represented by Lead Counsel.

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE