# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| **In Re:**<br><br>**DISPOSABLE CONTACT LENS ANTITRUST LITIGATION** | **Case No. 3:15-md-2626-HES-JRK**<br><br>**Judge Harvey E. Schlesinger**<br>**Magistrate Judge James R. Klindt** |
| **THIS DOCUMENT RELATES TO:**<br>**All Class Actions** | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENTS WITH DEFENDANTS ALCON VISION, LLC AND JOHNSON & JOHNSON VISION CARE, INC. AND LEAD COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

Plaintiffs and Lead Counsel respectfully submit this Supplemental Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of the Settlement Agreements with Defendants Alcon Vision, LLC ("Alcon") and Johnson & Johnson Vision Care, Inc. ("JJVCI" and with Alcon, the "Settling Defendants") ("Final Approval Motion") and Lead Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses ("Attorneys' Fees Application," together with Final Approval Motion, the "Motions").

Now that the August 22, 2022 claims, opt-out, and objection deadlines to the Settlement have passed, we are pleased to inform the Court that no Class Member has objected to the Settlement and only 18 Class Members have requested to be excluded. For the reasons set forth herein and in Plaintiffs' and Lead Counsel's Motions, the Court should grant the Motions, finally approve the Settlement, and award the requested attorneys' fees and costs.

## I.   THE REACTION TO THE SETTLEMENTS AND APPLICATION FOR ATTORNEYS' FEES AND COSTS SUPPORTS FINAL APPROVAL

As described in Plaintiffs' Motions and in accordance with the Notice Plan, the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), sent email or physical mail notice to 1,981,773 potential Settlement Class Members between the June 23, 2022 Notice Date and the August 22, 2022 claims, objection, and opt-out deadline.   *See* Supplemental Declaration of Cameron R. Azari, Esq. ("Epiq Decl.") attached hereto as Exhibit 1, ¶15.   Additionally, Epiq published notice in the national edition of *People* magazine, as well as via banner advertisements on

internet search and social media platforms such as Google, Yahoo!, Instagram, and Facebook. *Id.*, ¶¶8, 17-18. Across the internet and through social media efforts, approximately 450 million impressions were generated. *Id.*, ¶19. To promote the case-specific settlement website (www.ContactLensSettlement.com), sponsored search listings were acquired on the three most highly visited internet search engines: Google, Yahoo!, and Bing. *Id.*, ¶20. The sponsored search listings ran through August 22, 2022 and were displayed 76,222 times, resulting in 13,068 clicks that displayed the case website. *Id.*

Epiq also provided a toll-free telephone number (877-253-3649) to allow Settlement Class Members to call for additional information and listen to answers to FAQs. *Id.*, ¶22. This line continues to be available 24 hours per day, seven days per week. *Id.* From June 22, 2022 (the date the toll-free number was updated with information regarding the JJVCI and Alcon Settlements) to August 23, 2022, the toll-free telephone number has handled 2,593 calls representing 8,961 minutes of use. *Id.*

Class Members who wished to submit a claim, object, or opt-out of the Alcon and/or JJVCI Settlement Classes were required to do so by August 22, 2022. As of September 6, 2022, Epiq had received 67,101 claim forms (938 paper claims and 66,163 web claims) and 18 requests for exclusion from the Alcon and JJVCI Settlements. *Id.*, ¶24.[1] As of September 6, 2022, no objections have been received by

---

[1]    A list of the individuals that have requested to opt-out of the Settlement Classes is attached as Attachment 2 to the Epiq Decl. All opt-outs elected to opt out of both Settlements.

Epiq or Lead Counsel.  *Id.*; *see also* Declaration of Joseph P. Guglielmo ("Guglielmo Decl."), ¶5, attached hereto as Exhibit 2.

## A.   The Overwhelmingly Positive Response by Class Members Supports Final Approval

The lack of any objections, the very small number of opt-outs, and the number of claims submitted by Class Members all support Final Approval.  The "responses of stakeholders to the Settlement are powerful indicia that the Settlement is fair, reasonable and adequate, and deserves final approval." *Lee v. Ocwen Loan Servicing, LLC*, No. 14-CV-60649, 2015 WL 5449813, at *5 (S.D. Fla. Sept. 14, 2015), *judgment entered*, No. 14-CV-60649, 2015 WL 11170648 (S.D. Fla. Sept. 14, 2015), and *objections overruled*, No. 14-CIV-60649, 2015 WL 11181651 (S.D. Fla. Dec. 18, 2015).  Here, of the 1,981,773 potential Settlement Class Members that received notice, 67, 462 made claims,[2] only 18 requested to opt-out from the Alcon and JJVCI Settlements, and no Class Member has objected.  This is an overwhelmingly positive response that weighs strongly in favor of final approval.  *See Burrows v. Purchasing Power, LLC*, No. 12-22800, 2013 WL 10167232, at *7 (S.D. Fla. Oct. 7, 2013).

---

[2]     All told, between the previously-approved CooperVision, Inc. ("CVI"), Bausch & Lomb Inc. ("B&L"), and ABB Optical Group, LLC ("ABB") Settlements, and the Alcon and JJVCI Settlements, Epiq has received 149,622 claims as of September 2, 2022.  Epiq Decl., ¶25.  The Court-approved Alcon and JJVCI Notice Plan instructed potential Settlement Class members that if they had made a valid claim in the earlier settlements then they did not need to make a new claim to benefit from the Alcon and JJVCI Settlements.  Even so, there is likely to be some duplication among claim forms across the five settlements.  Once claims processing begins, Epiq will de-duplicate all claims to ensure that each valid claimant receives only one cash payment.

As stated at length in the opening briefs, the Settlement Agreements meet all the standards set forth in *Leverso v. Southtrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1530 (11th Cir. 1994), which courts in this Circuit use to evaluate the fairness and reasonableness of a proposed settlement. Courts in this Circuit have approved settlements with similar claims rates, as the Court did here in approving the settlements with CVI and B&L (ECF No. 1164) and ABB (ECF No. 1257). Additionally, the fact that no Class Member has objected to the Settlement and only a minimal number have requested to opt out shows that the Settlements have been well-received and merit Final Approval.

The claims rate (approximately 3.2% for just these two settlements, and roughly 7.3% when accounting for the earlier-filed claims that are eligible to take part in these settlements) for the Alcon and JJVCI Settlements exceeds the claims rate in similar settlements that courts in this Circuit have approved. *See, e.g.*, *Poertner v. Gillette Co.*, 618 F. App'x 624, 626 (11th Cir. 2015) (approving 7.26-million-member settlement class when just 55,346 – less than 1% – filed claims); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1377 (S.D. Fla. 2007) (approving 10.3-million-member settlement class when less than 119,000 – approximately 1.1% – filed claims). Moreover, single-digit claims rate settlements also are routinely approved in other Circuits. *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944-45 (9th Cir. 2015) (approving 35 million-member settlement class when only 1.183 million – less than 4% – filed claims); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 329 n.60 (3d Cir. 2011) (*en banc*) (noting evidence that claims rates in consumer class settlements "rarely" exceed 7%, "'even

with the most extensive notice campaigns'").[3]  "[T]here is nothing inherently unfair about a single-digit claims rate in a class settlement."  *Lee*, 2015 WL 5449813, at *22.

## B.    There Have Been No Objections to Lead Counsel's Request for Attorneys' Fees and Expenses

The notices for the CVI, B&L, Alcon, and JJVCI Settlements each stated that Lead Counsel would request up to one-third of each Settlement Fund as compensation for their time spent litigating this matter.  *See, e.g.*, ECF No. 1337-4 at 26/42 ("Lead Counsel will ask the Court for attorneys' fees of up to one-third" of the Alcon and JJVCI Settlement Funds); ECF No. 1037-4 at 83/85 ("Lead Counsel will ask the Court for attorneys' fees of up to one-third" of the CVI and B&L Settlement Funds).  No one has objected to Lead Counsel's request for attorneys' fees and expenses from these Settlement Funds.  Guglielmo Decl., ¶5.  This supports the reasonableness of Lead Counsel's fee request.  *See Fosbrink v. Area Wide Protective, Inc.*, No. 8:17-CV-01154-JSM-CPT, 2019 WL 11097489, at *2 (M.D. Fla. Jan. 22, 2019); *see also Agnone v. Camden County, Georgia*, No. 2:14-cv-00024, 2019 WL 1552495, at *3 (S.D. Ga. Apr. 10, 2019) ("The Court notes there were no objections to . . . [the] Request for Class Representative Service Awards and Class Counsel Attorneys' Fees and Expenses . . . ."); *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 844 (E.D. Va. 2016) ("The plaintiffs received no objections and only one opt-out in response to this Notice.  The

---

[3]    All citations are omitted unless otherwise noted.

limited objection to attorneys' fees within the range awarded by the Court demonstrates their reasonableness.").

As detailed in the Application for Attorneys' Fees and Costs, Lead Counsel's request for one-third ($29,333,333) of the combined $88,000,000 of the Alcon, JJVCI, CVI, and B&L Settlement Funds, from which Lead Counsel have not yet been paid attorneys' fees, is well within the range of reasonableness established by the Eleventh Circuit in *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991). *See also* ECF No. 1349. Further, Lead Counsel's request for reimbursement from the Alcon and JJVCI Settlement Funds of $ 1,649,702.38 in expenses incurred and not yet reimbursed is also fair and reasonable. *See, e.g.*, *Cabot E. Broward 2 LLC v. Cabot*, No. 16-61218, 2018 WL 5905415, at *9 (S.D. Fla. Nov. 9, 2018); *Dear v. Q Club Hotel*, No. 15-60474, 2018 WL 1830793, at *5 (S.D. Fla. Mar. 14, 2018) (reimbursing class counsel for out-of-pocket costs regarding experts, legal research, travel and lodging, transcripts, mediation, class notice, trial support, and postage/delivery); *Gevaerts v. TD Bank*, No. 11:14-cv-20744, 2015 WL 6751061, at *14 (S.D. Fla. Nov. 5, 2015) (reimbursing costs related to experts, online research, travel, document review, copying, and mediation); *In re Checking Acc't Overdraft Litig.*, No. 1:09-MD-02036, 2015 WL 12641970, at *18 (S.D. Fla. May 22, 2015) (reimbursing counsel for costs related to experts, the purchase of transcripts, and mediation).[4]

---

[4]    Plaintiffs previously requested reimbursement of $1,640,110.77 in unreimbursed litigation expenses. *See* ECF No. 1350, ¶92. Since making that request, Lead Counsel has become aware of $10,161.61 in expenses and a $570.00

## II.     LATE-FILED CLAIMS SHOULD BE ACCEPTED

The Claims Administrator received seven claims postmarked after the August 22, 2022 deadline.  Epiq Decl., ¶25.  Not all of these potential class members provided reasons for missing the deadline, but those that did range from medical emergencies to slow response times in getting prescription information from eye care professionals. Guglielmo Decl., ¶6.  Given the number of Class Members that have filed Claims through and up to the deadline and the small number of tardy claims, Lead Counsel request that the Court allow such claims to be processed, provided they were received by the Claims Administrator on or before September 19, 2022, which is four weeks after the deadline.  Lead Counsel have conferred with counsel for Alcon and JJVCI and they do not object to allowing such claims to be processed and paid from the Settlement Funds.

Courts regularly grant such extensions for tardy claims.  *See*, *e.g.*, *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) ("A primary use of these equitable powers is balancing the goals of expedient settlement distribution and the consideration due to late-arriving class members."); *De Leon v. Bank of Am., N.A. (USA)*,

---

reimbursement to the Litigation Fund established by Lead Counsel for this case that were not accounted for in that request.  *See* Declaration of Nathaniel C. Giddings, ¶¶6-7, attached hereto as Exhibit 3.  When accounting for these additional amounts, the unreimbursed litigation expenses total $1,649,702.38.  *Id.*, ¶9.  Lead Counsel propose paying this amount from the Alcon and JJVCI Settlements in proportion to each settlement's contribution to the total Settlement Fund.  This equates to $439,920.63 in expenses from the Alcon Settlement (26.67%, or $20 million divided by $75 million) and $1,209,781.75 in expenses from the JJVCI Settlement (73.33%, or $55 million divided by $75 million).  *Id.*, ¶10.

No. 6:09-cv-1251-Orl-41KRS, 2015 WL 13640499, at *3 (M.D. Fla. July 10, 2015) ("[A]lthough the extended proposed claims deadline was April 8, 2015, the parties have agreed to accept the late-filed claims received as of May 26, 2015."); *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510, 2009 WL 803382, at *6 (E.D.N.Y. Mar. 25, 2009) ("Because there is no showing of delay or prejudice, the late filed claims should be included in the class for settlement disbursement."); *see also In re Miva, Inc. Sec. Litig.*, No. 2:05-cv-00201-JES-DNF, 2015 WL 12834962, at *1 (M.D. Fla. Sept. 23, 2015); *In re Sunbeam Sec. Litig.*, No. 9:98-cv-08258, Order (S.D. Fla. Aug. 9, 2002) (ECF No. 906); *In re Diamond Foods, Inc., Sec. Litig.*, No. 11-cv-05386, 2015 WL 12942208, at *1 (N.D. Cal. Dec. 14, 2015).

## III.    CONCLUSION

For the reasons set forth herein and in the previously submitted memoranda in support of the Motions (ECF Nos. 1348-1351), Plaintiffs and Lead Counsel respectfully request that the Court:  (1) enter an order finally approving the Alcon and JJVCI Settlements and enter a final judgment and order of dismissal with prejudice as to Alcon and JJVCI, attached hereto as Exhibit 4; and (2) enter an order granting Lead Counsel's Application for Attorneys' Fees and Costs, attached hereto as Exhibit 5.

Dated: September 6, 2022                         Respectfully submitted,

_s/_ Joseph P. Guglielmo                         _s/_ Michael E. Lockamy
Joseph P. Guglielmo                              Michael E. Lockamy
Thomas K. Boardman                               Florida Bar No. 69626
Joseph P. Guglielmo                              John A. DeVault, III
SCOTT+SCOTT                                       Florida Bar No. 103979
ATTORNEYS AT LAW LLP                              BEDELL, DITTMAR, DEVAULT,
The Helmsley Building                             PILLANS & COXE, P.A.

230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
tboardman@scott-scott.com

Christopher M. Burke
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
cburke@scott-scott.com

Benjamin Steinberg
ROBINS KAPLAN LLP
1325 Avenue of the Americas
Suite 2601
New York, NY 10019
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
bsteinberg@robinskaplan.com

Michael D. Hausfeld
Nathaniel C. Giddings
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
mhausfeld@hausfeld.com
ngiddings@hausfeld.com

101 East Adams Street
Jacksonville, FL 32202
Telephone: (904) 353-0211
Facsimile: (904) 353-9307
jad@bedellfirm.com
mel@bedellfirm.com

*Plaintiffs' Local Counsel*

George W. Sampson
SAMPSON DUNLAP LLP
1001 4th Ave., Suite 3200
Seattle, WA 98154
Telephone: (206) 414-8340
george@sampsondunlap.com

Dennis Stewart
GUSTAFSON GLUEK PLLC
600 W. Broadway, Suite 3300
San Diego, CA, 92101
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dstewart@gustafsongluek.com

*Plaintiffs' Trial Counsel*

Robert C. Gilbert
Florida Bar No. 561861
KOPELOWITZ OSTROW
FERGUSON WEISELBERG
GILBERT
2800 Ponce de Leon Boulevard
Suite 1100
Coral Gables, FL 33134
Telephone: (305) 384-7270
gilbert@kolawyers.com

*Plaintiffs' Liaison Counsel*

Michael P. Lehmann
Christopher L. Lebsock
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 217-6813
mlehmann@hausfeld.com
clebsock@hausfeld.com

*Co-Lead Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 6, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

<u>*s/* Joseph P. Guglielmo</u>
Joseph P. Guglielmo