UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: <br><br> DISPOSABLE CONTACT LENS ANTITRUST LITIGATION | Case No. 3:15-md-2626-HES-LLL <br><br> Judge Harvey E. Schlesinger <br><br> Magistrate Judge Laura Lothman Lambert |
| THIS DOCUMENT RELATES TO: <br> All Class Actions | |

## ORDER AUTHORIZING MOTION TO RE-ISSUE PAYMENTS TO LAPSED CLAIMANTS WHO SHOW GOOD CAUSE

This matter is before this Court on "Objectors' Opposition to Class Counsel's Motion to Authorize a Supplemental Distribution of Net Settlement Funds" (Dkt. 1404), Response in Opposition (Dkt. 1405), "Class Counsel's Response to Certain Claimants' Objections to the Supplemental Distribution of Net Settlement Funds" (Dkt. 1406), "Objectors' Motion for Reconsideration and Motion to Stay Order" (Dkt. 1407), a "Motion for Reconsideration" (Dkt. 1408), a "Motion for Reconsideration; and, Motion to Take Judicial Notice" (Dkt. 1411), "Objectors' Reply in Support of Objections (1404) and Motion for Reconsideration and Motion to Stay Order (1407)" (Dkt. 1412), "Objectors' Reply in Support of Objections (1404) and Motion for Reconsideration and

Motion to Stay Order (1407)" (Dkt. 1415), "Class Counsel's Response to Carlos Torres' Motion for Reconsideration" (Dkt. 1416), a "Reply in Support of Motion for Reconsideration; and, Motion to Take Judicial Notice" (Dkt. 1419), "Class Counsel's Notice on the Status of Communications with Objectors to Second Distribution Order" (Dkt. 1425), and "Class Counsel's Motion to Re-Issue Payments to Lapsed Claimants Who Show Good Cause." (Dkt. 1426).

This Court granted final approval to Class Plaintiffs' settlements with Alcon Vision, LLC, Johnson & Johnson Vision Care, Inc., CooperVision, Bausch & Lomb, and ABB Optical Group (the "Settlements") (Dkts. 1164; 1257; and 1362). This Court appointed Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator for these Settlements (Dkt. 1343, ¶ 11).

Class Counsel filed a Motion to Authorize Distribution of Net Settlement Funds to Approved Class Members on a *pro rata* basis ("First Distribution Motion"). (Dkt. 1370). On June 5, 2023, this Court granted the First Distribution Motion. (Dkt. 1371).

Class Counsel submitted a second Motion to Authorize Supplemental Distribution of Net Settlement Funds to, *inter alia,* Re-Issue Claimants who requested their checks be re-issued before November 15, 2023. (Dkt. 1402). This Court granted the Second Distribution Motion on November 29, 2023, and ordered that Lapsed Claimants who did not cash their checks or request reissuance before November 15, 2023, had forfeited their claim to any part of

the Net Settlement Funds ("Second Distribution Order"). (Dkt. 1403, ¶2).

Following entry of the Second Distribution Order, certain Lapsed Claimants asked for their payments to be reissued due to issues that purportedly interfered with their ability to timely cash their checks or request reissuance before November 15, 2023. Following entry of the Second Distribution Order, certain claimants ("Objectors") filed objections to and/or motions to reconsider that Order (Dkts. 1404, 1405, 1407, 1408, 1411, and 1423; the "Objections")), to which Class Counsel responded (Dkts. 1406, 1409, 1416, and 1424), and to which some Objectors replied (Dkts. 1412, 1415, and 1419).

Class Counsel has provided sworn declarations, submitted by Epiq's Jeanne Chernila in response to each of these Objections, explain each of the Objectors is a Re-Issue Claimant who benefits from the Second Distribution Order because they will each receive their first allocated *pro rata* distributions (Dkts. 1406-3, 1416-1, and 1424-1).

Class Counsel have submitted a Motion to Re-Issue Payments to Lapsed Claimants Who Show Good Cause up to a total of seventy-five thousand dollars ($75,000) to Lapsed Claimants who Epiq determines, have shown good cause as to why they did not timely cash their checks or request reissuance before November 15, 2023. Epiq, at Class Counsel's direction, has postponed distributing Net Settlement Funds under the Second Distribution Order until

3

this Court resolves the Objections.

Accordingly, it is **ORDERED**:

1. The Objections (Dkts. 1404, 1405, 1407, 1408, 1411, and 1423) to the Section Distribution Order are **DENIED** and Class Counsel's Motion to Re-Issue Payments to Lapsed Claimants Who Show Good Cause is **GRANTED** as follows:

2. This Court affirms the terms of the Second Distribution Order, and Epiq shall proceed with distributing Net Settlement Funds under the Second Distribution Order by no later than forty-five (45) days of entry of this Order.

3. This Court concludes that (a) each of the Objectors is a Re-Issue Claimant who is not harmed by the Second Distribution Order and each lacks standing to object to that order. *See In re First Cap. Holdings Corp. Fin. Prod. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) ("Simply being a member of a class is not enough to establish standing. One must be an aggrieved class member."); *Collins v. Quincy Bioscience, LLC*, No. 19-22864-CIV, 2020 WL 7135528, at *3 (S.D. Fla. Nov. 16, 2020) (explaining even if an objector "could sustain his burden to prove he is a Settlement Class Member, to establish standing to object he must also establish that he is an "aggrieved" class member), and (b) even if the Objectors had standing, each of their arguments opposing the Second Distribution Order is either inconsistent with or unsupported by the facts and the law.

4. Notwithstanding anything to the contrary in the Second Distribution Order, Epiq may reissue *pro rata* settlement payments up to a total of seventy-five thousand dollars ($75,000) to Lapsed Claimants who, within sixty days of this Order and in Epiq's sole discretion, demonstrate good cause as to why they did not timely cash their checks or request reissuance before November 15, 2023.

5. All Lapsed Claimants who, within sixty days of entry of this Order, either fail to contact Epiq or who Epiq determines, in its discretion, have not shown good cause, will have forever forfeited and waived any right they had to claim any portion of the Net Settlement Funds.

6. Any further claims to these Settlements are prohibited, and any further claims against the Net Settlement Funds for these Settlements are finally and forever barred.

7. Consistent with the First and Second Distribution Orders, Plaintiffs, Class Counsel, Epiq, and all individuals who were involved in the processing and validation of claims, calculation of distributions to claimants, or any other aspect of the claims administration process, are hereby released and discharged from any and all claims arising out of such involvement.

8. This Court retains jurisdiction over any further application or matter which may arise in connection with the administration of these Settlements.

**DONE AND ENTERED** at Jacksonville, Florida, this 28th day of February, 2024.

```
_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE
```

Copies to:
Counsel of Record
Carlos Torres
    Box 9007
    Providence, RI 02940-9007
Stan Franklin
    14390 US Rte 30, Rm 29
    Irwin, PA 15642
Scott Pierce
    P.O. Box 34621
    Suite 10287 ABC
    Seattle, WA 98124-1628
Ana Maria Taylor
    1201 S. Hope Street
    Los Angeles, CA 90015